UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

5171 CAMPBELLS LAND CO., INC().

  DEBTOR.

UNITED STATES TRUSTEE,

  MOVANT,

  v.

5171 CAMPBELLS LAND CO., INC.

  RESPONDENT.

CASE NUMBER: 19-22715 CMB

CHAPTER 11

Doc. No.

Hearing Date and Time:

Response Deadline:

EXPEDITED MOTION FOR APPOINTMENT OF CHAPTER 11 TRUSTEE

TO THE HONORABLE CARLOTA M. BÖHM
CHIEF JUDGE, UNITED STATES BANKRUPTCY COURT:

COMES NOW, THE UNITED STATES TRUSTEE through his undersigned counsel, who respectfully files this Motion for Appointment of Chapter 11 Trustee and represents as follows:

**JURISDICTION AND VENUE**

This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1334, 151 and 157.

Venue in this district and of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

1

The United States Trustee has standing to appear and be heard on this issue pursuant to 11 U.S.C. § 307.

The United States Trustee is charged with certain administrative responsibilities pursuant to 28 U.S.C. § 586(a)(3), which include the supervision of the administration of cases pending under Chapter 11. 28 U.S.C. § 586(a)(3)(G) requires the United States Trustee to monitor the progress of cases under title 11 and take such actions as the United States Trustee deems appropriate to prevent undue delay in such progress.

## BACKGROUND

1. 5171 Campbells Land Co., Inc. ("Debtor") filed a voluntary petition under chapter 11 of the United States Bankruptcy Code on July 8, 2019.

2. Address of the Debtor is listed as 18276 Conneaut Lake Road, Meadville, PA 16335.

3. The Voluntary Petition lists the President of the Debtor as William T. Kane.

4. Upon information and belief, the Debtor is the purported owner of the assets sold in the Bankruptcy Case of Unique Ventures Group, LLC, Case No. 17-20526 TPA which filed a voluntary petition under chapter 11 of the United States Bankruptcy Code on February 13, 2017.

5. The chapter 11 trustee in Unique Ventures executed an Asset Purchase Agreement ("APA") between the Debtor Unique Ventures and 5171 Campbell Land Co., <u>LLC.</u> (Doc. No. 958.) (Attached and incorporated herein as Exhibit A is a copy of the APA filed in the Unique Ventures case, Doc. No. 958.)

6. The United States Trustee has not been able to identify a Pennsylvania registered entity as 5171 Campbell Land Co. "LLC" although the APA states that the LLC is a

2

"Pennsylvania limited liability company."    The Debtor which purports to own the assets formerly held by Unique Ventures is 5171 Campbell Land Co., "Inc."

7.  It is unclear how the current Debtor--a corporation--acquired the Unique Venture assets out of the bankruptcy case where the APA sells the assets to a limited liability company.

8.  Prior to the sale by Unique Ventures, financial information was provided to parties-in-interest concerning the financial ability of the prospective buyers.

9.  By Order of Court, the Bid procedures, as set forth more fully in the Motion at Doc. No. 701, required that a Qualified Bid must contemplate a cash purchase price (and corresponding assumption of liabilities and payment of cure costs) of at least the Stalking Horse Purchase Price plus an initial overbid of $125,000.

10.  The purchase price stated in the APA was $4,770,000.00.  The APA also included Assumed Liabilities at Schedule 1.3(b)

## CREDITORS

11.  The assets transferred from Unique Ventures on January 26, 2018 according to the APA.

12.  Pursuant to the List of 20 Largest Unsecured Claims, the debt in this case is almost $7 million:

| | |
|---|---:|
| Edward Peters | $ 50,000.00 |
| Erie County Tax | 41,636.60 |
| Foundation Building Materials | 42,925.30 |
| Greg Greco Heating & Cooling | 62,983.00 |
| Internal Revenue Service | 350,000.00 |
| L-Four L.P. | 500,000.00 |
| LED Solution | 175,809.48 |
| Mahoning County Treasurer | 82,188.41 |

| | |
|---|---:|
| Meadville Plate Glass | 86,829.50 |
| MGI Risk Management | 43,440.00 |
| NY Department of Taxation and Finance | 90,811.00 |
| Ohio Department of Taxation | 835,786.00 |
| One Call Rentals | 47,552.67 |
| PA Department of Revenue | 1,325,489.00 |
| Perkins | 1,500,000.00 |
| Perkins Holdings LLC | 55,097.72 |
| Reinhart Food Service | 435,361.29 |
| United Healthcare UHS Premium | 79,627.48 |
| US Food Service Rec Corp. | 1,000,000.00 |
| W.T. Spaeder Co., Inc. | 151,582.89 |
| | **$6,957,120.34** |

When Unique Ventures was filed, the total amount of Priority and Non-priority Unsecured Claims totaled approximately **$5,681,804**. (*See* Schedules at Doc. No. 166.)

***Perkins & Marie Callender's LLC***

13. On June 27, 2019 Perkins & Marie Callender's LLC ("Perkins") filed a Complaint against 5171 Campbells Land Co., Inc., William T. Kane, and Kristine Kochis in the U.S. District Court for the Western District of Tennessee (Memphis) at 2:19-cv-02414-JPM-kdv.

14. The Complaint alleged breach of contract and various violations of trademark infringement.

15. The allegations state that the Debtor failed to pay more than $2 million in franchise royalties and other fees.

16. The District Court entered a Temporary Restraining Order on July 2, 2019 barring the Debtor from using the Perkin's trademark. (Docket #19.)

17. A hearing on a Preliminary Injunction was scheduled for July 8, 2019—the date that

4

the Debtor filed for Chapter 11 protection, and notice of the filing of the bankruptcy case was filed with the District Court.

18. Perkins has since filed a Stipulation and Consent Order in the present case (Doc. No. 28). The Court should not approve the Stipulation until a determination has been made regarding the appointment of a Chapter 11 Trustee and consideration as to what is in the best interest of **all** creditors.

### *L-Four, L.P. v. 5171 Campbells Land Co., Inc. William T. Kane and Simon Cote*

19. On February 25, 2019, L-Four, L.P filed a Complaint in Confession of Judgment in the Court of Common Pleas of Allegheny County at GD-19-002820.

20. The Complaint arose pursuant to a Promissory Note in the amount of $150,000 entered into November 16, 2018.

21. The amount of the confessed judgment was $231,790.75.

### *Peter D. Kaplan v. William T. Kane*[1]

22. Peter D. Kaplan filed a confession of judgment action in the Court of Common Pleas of Allegheny County against William Kane pursuant to a Promissory Note dated October 31, 2018 at GD 18-015044.

23. The action related to a default of monies paid to Mr. Kane in the amount of

---

1 The Verification Statement Pursuant to Bankruptcy Rule 2014 filed by Robert O Lampl (Doc. No. 11-1) lists the actions which Debtor's counsel represented the Debtor. The cases include Steven Maglin v. the Debtor and two shareholders William T. Kane and Krissy Kochis; Marc Group v. the Debtor and William T. Kane; L-Four, LP v. Debtor and William T. Kane; L-Four and Ronald Linaburg, D.M.D. v. the Debtor and William T. Kane and Robert E. Dauer; Store Capital Acquisitions, LLC v. Debtor and William T. Kane; Peter D. Kaplan, M.D. v. William T. Kane; and Michael Schumacher v. William T. Kane.

5

$139,143.84.

***Steven Maglin v. 5171 Campbells Land Co., LLC, William Kane, et al.***

24. On March 29, 2018, Steven Maglin filed a Complaint for Breach of Contract in the Court of Common Pleas of Allegheny County at GD-18-004336.

25. The Complaint alleges that Mr. Kane sought the assistance of Mr. Maglin, a former executive of Unique Ventures, to assist in the purchase of the assets in exchange for an equity position and employment agreement in 5171 Campbell Land Co., LLC or another entity which would own and operate the Perkins restaurants.

26. Mr. Maglin asserts that he assisted in the due diligence and analysis of the purchase and helped to secure $250,000.00 for the qualification deposit but that Mr. Kane breached that contract.

***Marc Group LLC v. William T. Kane and 5171 Campbells Land Co., LLC***

27. On February 15, 2019, Marc Group, LLC filed an action against William Kane and 5171 Campbell Land Co., LLC in the Court of Common Pleas of Allegheny County at GD 19-002487.

28. Part of the allegations made in that Complaint asserts that William Kane did not have the $250,000 deposit required to bid on the Unique Ventures assets and borrowed $125,000 from Peter Kaplan and the rest from another individual.

29. The complaint further alleges that by Order of Court, Mr. Kane's equity in 5171 Campbell's Land Co., LLC was transferred to Mr. Kaplan following his successful action in

6

confession of judgment and execution of that judgment against Mr. Kane.

30. The United States Trustee takes no position at this time regarding whether the assets were effectively transferred to Kaplan and/or Marc Group; however, the United States Trustee is concerned about the nature of these transactions and whether there was an attempt to improperly transfer assets or defraud creditors.

*Store Master Funding XIII, LLC*

31. On June 12, 2019, Store Capital Acquisitions, LLC and Store Master Funding XIII, LLC (collectively "STORE") filed a Complaint on 5171 Campbells Land Co., Inc. ("Debtor") William Kane, Frank Kane, and Ron Linaburg, in the District Court for the Western District of Pennsylvania at Case No. 2:19-cv-00685-PJP.

32. The Complaint alleges that STORE refinanced the debt of the Debtor on April 3, 2018 and entered into a Promissory Note in the principal amount of $1.75 million. The parties also entered into a Master Lease and individual leases with the Debtor with the individual defendants as personal guarantors.

33. The Complaint alleges Breach of Contract on the Loan Agreement and Note (Count One), Breach of Contract on the Master Lease Agreement (Count Two), Breach of Contract on the individual Lease Agreements (Count Three), and Breach of Contract on Guarantees (Count Four).

34. In addition to failing to pay the required monthly payments to STORE, the complaint alleges further default by Debtor for failure to pay the taxes required under the Leases.

35 On July 2, 2019, STORE filed a Motion for Expedited Appointment of Receiver

(Doc. No. 14).

36. The Bankruptcy Case was filed before resolution of the request for a Receiver.

## APPOINTMENT OF CHAPTER 11 TRUSTEE OR EXAMINER

37. The United States Code provides for the appointment of a trustee:

(a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee:

(1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause ... or

(2) if such appointment is in the interest of creditors, any equity security holders, and other interests of the estate.

11 U.S.C. § 1104(a).

38. A determination of "cause" under subsection (1) is within the court's discretion. *In re Sharon Steel Corp*, 871 F.2d 1217, 1226 (3d Cir. 1989). However, once cause is shown, the court must appoint a trustee. *In re Marvel Entertainment Group, Inc.*, 140 F.3d 463, 472 (3d Cir. 1998); *Sharon Steel* 871 F.2d at 1226.

39. Under section 1104(a) of the Bankruptcy Code, the appropriateness of the decision to appoint a Chapter 11 trustee turns upon whether there is sufficient cause or, in the alternative, a showing that the appointment of a Chapter 11 trustee would be in the best interests of the creditors and the estate. *Sharon Steel*, 871 F.2d at 1226.

Section 1104(a)(1)

40. A debtor-in-possession owes a fiduciary duty to its creditors. *In re G-I Holdings, Inc.,* 385 F.3d 313, 319 (3d Cir. 2004).

41. A debtor-in-possession's fiduciary obligation to its creditors includes the duty to protect and conserve property in its possession for the benefit of its creditors, and refrain from acting in a manner which could damage the estate or hinder a successful reorganization of the business. *In re Sharon Steel Corp.,* 86 B.R. 455, 457 (Bankr. W.D. Pa. 1988), *aff'd* 871 F.2d 1217 (3d Cir. 1989).

42. The Bankruptcy Code does not define "cause" under Section 1104. However, cause exits under 1104(a)(1) when a debtor engages in conduct such as fraud, dishonesty, or gross mismanagement. Section 1104 does not limit the grounds for appointment of a Chapter 11 trustee to those examples enumerated in the section. *Oklahoma Refining Co. v. Blaik (In re Oklahoma Refining Co.),* 838 F.2d 1133, 1136 (10th Cir. 1988). If the court determines that cause exists to appoint a Chapter 11 trustee, the court must order the appointment. *In re Sharon Steel*, 871 F.2d at 1226; *In re AG Serv. Center, L.C.*, 239 B.R. 545, 550 (Bankr. W.D. Mo. 1999); *In re Colorado - UTE Elec. Ass'n*, 120 B.R. 164 (Bankr. D. Colo. 1990).

43. The list of enumerated causes is not exhaustive and a court may consider whatever relevant factual circumstances exist. *Colorado-Ute Electric*, 120 B.R. at 174. In particular, two circuits have held that "cause" exists when the appointment of a chapter 11 trustee "is the only effective way to pursue reorganization." *Cajun Elec. Power Coop. v. Central*

*La. Elec. Coop. (In re Cajun Elec. Power Coop.)*, 74 F.3d 599 (5th Cir. 1996) (adopting on rehearing the dissenting opinion at 69 F.3d 746, 751), *cert. denied*, 519 U.S. 808 (1996); *see also Marvel Entertainment Group, Inc.*, 140 F.3d 463 (3rd Cir. 2000) (adopting reasoning of *Cajun Electric* and affirming appointment of trustee when acrimony between debtor's management and creditors undermined any ability to prosecute bankruptcy case).

44. "Evidence of fraud or dishonesty is not necessary for the court to determine that cause exists for the appointment of a trustee under 11 U.S.C. § 1104(a)(1)" *In re Cajun Electric Power Co-op., Inc.* 191 B.R. 659, 661 (M.D.La. 1995), *aff'd, Matter of Cajun Electric Power Co-op., Inc.*, 74 F.3d 599 (5th Cir. 1996).

Section 1104(a)(2)

45. Even if cause is not found (which is not the case with this Debtor), a court may appoint a trustee under Section 1104(a)(2), if such appointment is in the best interest of creditors or of the estate. *Sharon Steel*, 871 F.2d at 1226. This standard is more flexible than for cause. *Marvel Entertainment*, 140 F.3d at 474. Under Section 1104(a)(2), the courts have considered such factors as the trustworthiness of the debtor and the debtor's past and present performance in regard to the debtor's prospects for rehabilitation. *In re Ionosphere Clubs, In*c., 113 B.R. 164, 168 (Bankr. S.D.N.Y. 1990).

46. The Court must appoint a chapter 11 trustee "if such appointment is in the interests of creditors." 11 U.S.C. § 1104(a)(2). Notably, Section 1104(a)(2) of the Code allows appointment of a trustee even when "cause" does not exist. *See Sharon Steel Corp.*, 871 F.2d at 1226. When evaluating the interests of creditors under section 1104(a)(2), courts look to the

practical realities and necessities. *In re Euro-American Lodging Corp.*, 365 B.R. 421, 427 (Bankr. S.D.N.Y. 2007). Accordingly, the standard for appointment of a Chapter 11 trustee under section 1104(a)(2) is flexible. *Marvel Entertainment*, 140 F.3d at 474.

47. Also, where the Court is concerned about the prior mismanagement by the debtor's principal, the Court may order the appointment of a chapter 11 trustee. *In re Ute Lake Ranch, Inc.,* 2016 WL 6472043, *6 (Bankr. D.C. 2016).

*Need for a Chapter 11 Trustee*

48. In the present case, a chapter 11 trustee should be appointed to take control of the financial affairs of the debtor to determine whether the Debtor's principal engaged in any scheme to hinder, delay, or defraud the creditors of this Debtor, and determine whether this case has a viable path to a reorganization or should be converted to a chapter 7 liquidation.

49. There is clearly confusion regarding how the assets approved for sale to an LLC is now in the possession of a corporation.

50. If the sale was effective as to the LLC, its successors or assigns, then there are unanswered questions concerning the ownership and rights to the assets.

51. If the buyer William Kane misrepresented his financial resources to purchase the assets, then defrauded his creditors, then it is imperative to appoint a chapter 11 trustee to investigate the ownership of those assets.

52. This Debtor has accumulated almost $7 million of known general unsecured debts and a chapter 11 trustee should be immediately appointed to investigate and seek to recover, where possible, the money of this estate for the benefit of those creditors.

53. A chapter 11 trustee should be appointed to take control of the financial affairs of the debtor to ensure the proper payment of all taxes and other financial obligations.

54. The Debtor has selected and sought retention of a Chief Restructuring Officer. In this case, an independent fiduciary is needed to investigate the financial affairs of the Debtor, not operate under the control of the Debtor's principal, cover up past problems and pack up the debtor for a sale. This will not address the glaring financial and corporate mismanagement that has occurred with respect to this estate. The estate needs an independent fiduciary to work for the benefit of **all** creditors.

55. At this moment, no party can faithfully and properly prosecute this chapter 11 case. To fill this leadership vacuum, "cause" exists to appoint a chapter 11 trustee under 11 U.S.C. § 1104(a)(1).

56. To enable the case to properly function under chapter 11, the United States Trustee asks this Honorable Court to Order the appointment of a chapter 11 trustee.

## RESERVATION OF RIGHTS

57. The United States Trustee reserves any and all rights, remedies, duties and obligations to, *inter alia*, complement, supplement, augment, alter and/or modify this Motion, to take any such other and further actions, file any other motions or objections as may be required or necessary, to conduct any and all discovery as may be deemed necessary or as may be required and to assert such other and further grounds as may become apparent upon such factual discovery and to take whatever other actions are deemed necessary and appropriate.

WHEREFORE, the United States Trustee respectfully moves this Honorable Court to enter an Order Appointing a Chapter 11 trustee pursuant to 11 U.S.C. § 1104, and granting any and all further relief as may be equitable and just.

                                                Respectfully Submitted,

                                                ANDREW R. VARA
                                                ACTING UNITED STATES TRUSTEE

Dated: July 12, 2019                By:    /s/ Norma Hildenbrand
                                                Norma Hildenbrand, Trial Attorney
                                                PA ID 70421
                                                Liberty Center, Suite 970
                                                1001 Liberty Avenue
                                                Pittsburgh, Pennsylvania 15222
                                                (412) 644-4756 Telephone
                                                (412) 644-4785 Facsimile
                                                Norma.L.Hildenbrand@usdoj.gov