**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**IN RE:**

| | |
|---|---|
| **5171 CAMPBELLS LAND CO., INC.,** | **Bankruptcy No. 19-22715-CMB** |
| **Debtor,** | **Chapter 11** |
| **UNITED STATES TRUSTEE,** | **Document No.** |
| **Movant,** | **Related to Doc. No. 34** |
| **vs.** | |
| **5171 CAMPBELLS, LAND CO., INC.** | **Hearing Date and Time:**
**July 15, 2019 at 1:30 pm** |
| **Respondent.** | |

**RESPONSE TO EXPEDITED MOTION FOR APPOINTMENT OF CHAPTER 11
TRUSTEE**

**AND NOW** comes 5171 Campbells Land Co., Inc., by and through its Counsel, Robert O Lampl, John P. Lacher, David L. Fuchs, Ryan J. Cooney and Sy O. Lampl and files the following **RESPONSE TO EXPEDITED MOTION FOR APPOINTMENT OF CHAPTER 11 TRUSTEE**:

**Background: The Temporary Restraining Order and the Debtor's Progress to Address the Same**

1.    This Case was commenced on July 8, 2019.

2.    The Debtor, through its approximately 1,000 employees, operates twenty-seven (27) Perkins Restaurants in Pennsylvania, Ohio and New York, pursuant to twenty-seven (27) License Agreements with Perkins & Marie Callender's LLC ("PMC").

3.    A significant portion of the Debtor's assets were acquired from Unique Ventures Group, LLC through a bankruptcy sale arising out of a case pending in this district at No. 17-20526-TPA.

4.      Twenty-two (22) of the Debtor's Perkins restaurants are operated out of properties the Debtor leases from Store Master Funding XIII, LLC ("Store Master Funding"). The Debtor also has an outstanding loan with an entity affiliated with Store Master Funding: Store Capital Acquisitions, LLC (collectively with Store Master Funding, "Store")

5.      Prior to the within bankruptcy filing, Store initiated a breach of contract action in the United States District Court for the Western District of Pennsylvania at Docket No. 2:19-cv-00685-PJP. On July 2, 2019 Store moved for the appointment of a Receiver. A Receiver was not appointed prior the within case being filed.

6.      Also, prior to the within bankruptcy filing, PMC initiated an action in the United States District Court for the Western District of Tennessee at Docket No. 2:19-cv-02414-JPM seeking temporary and permanent injunctive relief against the Debtor from operating its Perkins restaurants as PMC had terminated the License Agreements and alleged, among other things, that it would face immediate irreparable harm if the TRO was not granted.

7.      On July 2, 2019, the Tennessee Court issued a Temporary Restraining Order ("TRO") which barred the Debtor from operating its restaurants and scheduled a Preliminary Injunction hearing for July 8, 2019. A copy of the TRO is attached hereto as **Exhibit A**.

8.      The Debtor initiated the within case prior to the Preliminary Injunction hearing.

9.      The Debtor acknowledges that the License Agreements were terminated prior to the commencement of the within case and thus are not property of the estate.

10.     Almost concurrently with the filing of the within Case, and because the Debtor recognized that it needed independent assistance to navigate through the legal and financial issues it was facing, the Debtor engaged Compass Advisory Partners, LLC as Chief Restructuring Officer ("Compass"). An application to engage Compass is currently pending before this Honorable Court.

11.     Immediately after initiating the within Case, the Debtor, through its Counsel and Compass, commenced extensive negotiations with PMC regarding the TRO and specifically sought a temporary license to operate its Perkins restaurants.

12.     Without a resolution with PMC regarding the TRO, the Debtor recognized that it would be immediately forced to comply with the TRO and shut down its twenty-seven Perkins restaurants and terminate its approximately 1,000 employees. Such a shut-down would be devastating to the employees and many of the small communities where the Debtor's restaurants are located. Additionally, if the Debtor was forced to shut down, the Debtor would be unable to market its assets as a going-concern, thereby diminishing their value to the substantial detriment of the estate.

13.     Fortunately, the negotiations with PMC have resulted in a Stipulation and Consent Order ("Stipulation") between the Debtor and PMC, which was filed with this Honorable Court on July 12, 2019.

14.     Importantly, the Stipulation provides the Debtor with a new temporary license to operate seventeen (17) of its locations as Perkins restaurants to allow the Debtor and PMC to find a new licensee/franchisee and the Debtor to sell its assets at those locations as a going concern.

15.    The Stipulation also provides the Debtor with the opportunity to operate the other ten (10) locations under a non-Perkins concept.

16.    Thus, the Debtor believes that the Stipulation is of significant value to the estate and preserves, at a minimum, a significant number of jobs.

17.    In fact, the Debtor and PMC have already commenced negotiations with another Perkins' franchisee to allow said franchisee to enter into new license agreements with PMC and to purchase the majority of the Debtor's assets. The Debtor does not believe that those negotiations would be possible without the Stipulation.

18.    Furthermore, the Debtor has already engaged in preliminary, yet productive discussions with Store, who supports the Stipulation, and is exploring the possibility of providing temporary funding to sustain the operations pending a sale.

19.    In sum, since the filing approximately one (1) week ago, the Debtor, through its proposed CRO, has drastically improved its situation and has made rapid progress towards the framework of a liquidating plan of reorganization.

**The Expedited Motion for Appointment of Chapter 11 Trustee**

20.    On July 12, 2019, the United States Trustee's Office filed an expedited Motion for the Appointment of Chapter 11 Trustee ("the Trustee Motion"). A hearing has been scheduled on the Trustee Motion for July 15, 2019 at 1:30 pm.

21.    Due to the short time frame between the filing and the response deadline, the Debtor is not responding to the Trustee Motion in a point-by-point fashion but will do so if requested to by this Honorable Court. Furthermore, the Debtor reserves its right to supplement the within Response.

### A.    Legal Standard

22.    Appointing a Chapter 11 Trustee is an extraordinary remedy as there is a strong presumption that the Debtor should be permitted to remain in possession. *Off'l Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp v. Chinery*, 330 F.3d 548, 577 (3d Cir. 2003).  The precise reason that the appointment is "exceptional" is that existing management is best positioned to rescue a debtor from bankruptcy due in part to the implicit cost in replacing the current management team with a team that is less familiar with the Debtor and the market generally. *Id.*

In instances where principals actively elevate their own interests above those of the debtor to the point that it causes or is substantially likely to cause significant damage to the bankruptcy estate, a trustee has been deemed appropriate. Conversely, when alternative solutions exist to address potentially questionable management decisions, a trustee is deemed unnecessary. *In re Circulatory Ctrs. of Am., LLC*, 2017 Bankr. LEXIS 4292 (Bankr. W.D. Pa. Dec. 15, 2017).

23.    As has already been set forth herein, current management, through the proposed CRO, is in the best position to rescue the Debtor from bankruptcy. The resolution with PMC and the resulting preservation of jobs and ability for the Debtor to operate as a going concern strongly supports such a finding.

24.    Additionally, the United States Trustee's Office has failed to identify any instances where the Debtor's principals have elevated their own interests above those of the Debtor to the point that it has caused or is likely to cause significant damage to the bankruptcy estate.

**B.    The Scrivener's Error in the APA**

25.    The Trustee Motion questions whether or not the Debtor owns the assets purchased from Unique Ventures as the subject Asset Purchase Agreement was between Unique Ventures and 5171 Campbells Land Co., LLC and not 5171 Campbells Land Co., Inc.

26.    Simply put, the original Asset Purchase Agreement contained a scrivener's error and the same was quickly amended to reflect the proper purchaser – the Debtor. A copy of the Amendment is attached hereto as **Exhibit B.**

**C.    The Pre-Bankruptcy Litigation**

27.    The Trustee Motion references a number of cases involving the Debtor and/or its principals that were pending prior to the within filing.

28.    Three of those cases: Peter D. Kaplan vs. William T. Kane; Steven Maglin vs. 5171 Campbells Land Co., LLC, William Kane, et al; and Marc Group, LLC v. William T. Kane and 5171 Campbells Land Co., LLC ("the Maglin Litgation") are related and do not support the appointment of a Trustee.

29    The Maglin litigation is being prosecuted by attorney Joseph Hudak on behalf of Steven Maglin, Peter D. Kaplan (Steven Maglin's father-in-law) and Marc Group, LLC. There are two main issues involved: (1) whether or not the Debtor and/or its Principals breached an agreement to provide Mr. Maglin with an employment Contract; and (2) whether William T. Kane breached a $125,000 promissory note with Peter Kaplan.

30.    Regarding the $125,000 promissory note, Attorney Hudak effectuated a confession of judgment against Mr. Kane and in an improper execution attempt,

obtained an ex parte order transferring Mr. Kane's interest in the Debtor to Mr. Kaplan.
Said order has been vacated the underlying judgment has been opened.

33.    The case regarding the alleged breach of an agreement to provide Mr.
Maglin an employment contract is at the preliminary objection stage.

32.    The Trustee Motion also references litigation with PMC and Store. This
litigation was already addressed by the Debtor in Response Paragraphs 4 through 18.

### D.    The Allegations against William T. Kane

33.    The Trustee Motion asserts that a Trustee is necessary to, "determine
whether the Debtor's principal engaged in any scheme to hinder, delay, or defraud the
creditors of this Debtor…" It also asserts that a Trustee is needed to investigate, "if the
buyer William Kane misrepresented his financial resources to purchase the assets."

34.    First, Mr. Kane did not purchase any assets. The assets were purchased
by the Debtor of which Mr. Kane owns 40%.

35.    Additionally, the United States Trustee's Office makes these conclusory
allegations against Mr. Kane without providing any support or evidence of the same.

36.    Finally, Compass is in the process of evaluating the retention of special
litigation counsel (someone not associated with the Unique Ventures case) to review
various legal issues including whether or not the Debtor possesses causes of action
against insiders.

**Request for an Evidentiary Hearing and Discovery**

37.    In the event this Honorable Court is inclined to consider the Trustee
Motion, the Debtor requests that an evidentiary hearing be scheduled after a reasonable
period for discovery.

WHEREFORE, the Debtor respectfully requests that this Honorable Court enter

an Order denying the Expedited Motion for Appointment of Chapter 11 Trustee.

Respectfully Submitted,

Date:  July 15, 2019__                          */s/ Robert O Lampl*
                                                ROBERT O LAMPL
                                                PA I.D. #19809
                                                JOHN P. LACHER
                                                PA I.D. #62297
                                                DAVID L. FUCHS
                                                PA I.D. #205694
                                                RYAN J. COONEY
                                                PA I.D. #319213
                                                SY O. LAMPL
                                                PA I.D. #324741
                                                223 Fourth Avenue, 4th Fl.
                                                Pittsburgh, PA  15222
                                                (412) 392-0330 (phone)
                                                (412) 392-0335 (facsimile)
                                                Email:  rlampl@lampllaw.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**IN RE:**

| | |
|---|---|
| **5171 CAMPBELLS LAND CO., INC.,** | **Bankruptcy No. 19-22715-CMB** |
| **Debtor,** | **Chapter 11** |
| **UNITED STATES TRUSTEE,** | **Document No.** |
| **Movant,** | **Related to Doc. No. 34** |
| **vs.** | |
| **5171 CAMPBELLS, LAND CO., INC.** | **Hearing Date and Time:**<br>**July 15, 2019 at 1:30 pm** |
| **Respondent.** | |

**<u>CERTIFICATE OF SERVICE</u>**

I, Robert O Lampl, hereby certify, that on the <u>15th</u> day of July, 2019, a true and correct copy of the foregoing **Response to Expedited Motion for Appointment of Chapter 11 Trustee** was served upon the following *(via electronic service):*

U.S. Trustee
1001 Liberty Avenue
Suite 970
Pittsburgh, PA 15222
Norma.l.hildenband@usdoj.gov

Store Capital
c/o Craig Solomon Ganz
Ballard Spahr LLP
1 East Washingyton Street, Suite 2300
Phoenix AZ 85004
ganzc@ballardspahr.com

Perkins
6075 Poplar Ave. #800
Memphis, TN 38119
jmwalker@duanemorris.com

Marc Group, LLC
c/o Joseph E. Hudak
josephhudaklaw@gmail.com

Ronald Linaburg
c/o Michael Oliverio
moliverio@lynchlaw-group.com

Date:  July 15, 2019                    */s/ Robert O Lampl*
                                        ROBERT O LAMPL
                                        PA I.D. #19809
                                        JOHN P. LACHER
                                        PA I.D. #62297
                                        DAVID L. FUCHS
                                        PA I.D. #205694
                                        RYAN J. COONEY
                                        PA I.D. #319213
                                        SY O. LAMPL
                                        PA I.D. #324741
                                        223 Fourth Avenue, 4th Fl.
                                        Pittsburgh, PA  15222
                                        (412) 392-0330 (phone)
                                        (412) 392-0335 (facsimile)
                                        Email:  rlampl@lampllaw.com