## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| PERKINS &  MARIE CALLENDER'S LLC, | ) ) ) | |
| Plaintiff, | ) ) | Docket No. 2:19-cv-02414 |
| v. | ) ) ) | |
| 5171 CAMPBELLS LAND CO., INC., WILLIAM T. KANE, AND KRISTINE KOCHIS., | ) ) ) ) | |
| Defendants. | ) ) | |

### TEMPORARY RESTRAINING ORDER AND NOTICE OF HEARING

This matter is before the Court on Plaintiff Perkins & Marie Callender's, LLC's ("PMC") Verified Complaint (ECF No. 1), as well as Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 9).

Having reviewed the Verified Complaint and the arguments in the Motion, the Court is satisfied that Defendant 5171 Campbells Land Co., Inc. ("CLC") has breached (and is in breach of) the License Agreements between the Parties and that Defendants Kane and Kochis have breached (and are in breach of) their Guarantees. It further appears to the Court that (1) absent entry of this Order, Plaintiff will continue to suffer immediate and irreparable harm, including unfair competition and the loss of customer goodwill, and (2) Plaintiff has no adequate remedy at law. The Court is satisfied with the efforts of Plaintiff's counsel to notify Defendants and their Pennsylvania counsel of Plaintiff's intention to seek injunctive relief as required by Federal Rule of Civil Procedure 65. Accordingly, the Motion for a temporary restraining order is well-taken and should be GRANTED.

1

# EXHIBIT A

IT IS THEREFORE ORDERED, pursuant to Rule 65(b) of the Federal Rules of Civil

Procedure, that a temporary restraining order against Defendants shall issue as follows:

 a. Defendants are restrained from competing activities within a 3-mile radius of each Restaurant or within a 3-mile radius of any Perkins restaurant operated by PMC or any other licensee of PMC, as set forth in Section 16.A of the Agreements;

 b. Defendants are restrained from using or disclosing PMC's confidential information as that term is defined in Section 6 of the Agreements, as set forth in Section 16.D of the Agreements and required by the DTSA and TUTSA;

 c. Defendants shall return any and all confidential information retained by Defendants upon the termination of their relationship with PMC, as set forth in Section 16.D of the Agreements;

 d. Defendants are restrained from continuing to directly or indirectly identify the Restaurants as current or former Perkins restaurants, or as franchisees or licensees of, or as otherwise associated with PMC, as set forth in Section 16.C(1) of the Agreements;

 e. Defendants are restrained from continuing to use any trademark owned by PMC or any colorable imitation thereof in any manner or for any purpose, or utilize for any purpose any trade name, trade or service mark or other commercial symbol that suggests or indicates a connection or association with PMC, as set forth in Section 16.C(1) of the Agreements and as prohibited by the federal Lanham Act;

 f. Defendants shall remove from the premises of the Restaurants and discontinue using for any purpose the oversized American flag and the bakery display cases, as set forth in Section 16.C(2) of the Agreements;

 g. Defendants shall remove from the Premises, discontinue using for any purpose and return to PMC any and all signs, flags, menus, fixtures, furniture, furnishings, equipment, advertising, materials, stationery, supplies, forms or other articles that display or contain any PMC trademark or that otherwise identify or relate to a Perkins restaurant, as set forth in Section 16.C(3) of the Agreements;

 h. Defendants shall remove all PMC trademarks that are affixed to uniforms and cease to use all uniforms that have been used in the Restaurants, as set forth in Section 16.C(4) of the Agreements;

2

i.  Defendants shall take all such actions as may be required to cancel all fictitious or assumed name or equivalent registrations relating to their use of any PMC trademark, as set forth in Section 16.C(5) of the Agreements;

j.  Defendants shall change the telephone number of the Restaurants and direct the telephone company to provide a recorded message advising callers that the prior number is no longer in service, and instruct all telephone directory publishers to modify all telephone directory listings of the Restaurants associated with any PMC trademarks when the directories are next published, as set forth in Section 16.C(6) of the Agreements;

k.  Defendants shall assign to PMC any website that identifies Defendants and the Restaurants as currently or formerly associated with PMC or that displays any PMC trademark, as well as any domain name of such website, as set forth in Section 16.C(7) of the Agreements;

l.  Defendants shall take such action to alter the physical interior and exterior decor of the Restaurants (specifically including, but not limited to, removing distinctive architectural features of or on the building) as will effectively de-identify and distinguish the Restaurants from the PMC Perkins' brand, as set forth in Section 16.C(8) of the Agreements;

m. Defendants are restrained from destroying, deleting, or otherwise rendering inaccessible any text messages, e-mails, call logs, documents, or other information – electronically stored or otherwise – relating to the allegations and claims alleged in the Verified Complaint.

The Court further finds that Defendants agreed in the License Agreement paragraph 18(D) that PMC would not be required to post a bond to obtain injunctive relief.  (See ECF No. 1-3) Accordingly, Plaintiff need not post at this stage any security in connection with this Order.  The issue of a bond may be revisited at the preliminary injunction hearing.

Plaintiff shall immediately provide a copy of this Order to Defendants via FedEx overnight delivery and any other reasonable means Plaintiff may have for contacting or communicating with Defendant.

A hearing to determine if this Order shall be converted to a Preliminary Injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure shall be held on Monday July 8, 2019, at 4:00 p.m.  At least four days prior to the hearing, Defendants shall file any opposition to Plaintiff's

3

Motion for Temporary Restraining Order and Preliminary Injunction.  At least two days prior to

the hearing, Plaintiff shall file any Reply in further support of its Motion.


**SO ORDERED**, this 2nd day of July, 2019.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

4