## FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT

THIS FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT (this "First Amendment") is made and entered into as of January 31, 2018 by and between Unique Ventures Group, LLC, a Pennsylvania limited liability company ("Seller") and 5171 Campbells Land Co. Inc., a Pennsylvania corporation ("Buyer"). All capitalized terms used in this Agreement without definition have the meanings given to them in the Purchase Agreement (as defined below). Buyer and Seller are referred to, individually, as a "Party" and, collectively, as the "Parties.".

### RECITALS

WHEREAS, the Parties entered into that certain Asset Purchase Agreement, dated as of January 26, 2018 (the "Original Asset Purchase Agreement");

WHEREAS, the Parties desire to amend the Original Asset Purchase Agreement pursuant to the below terms (the Original Asset Purchase Agreement, as amended by this First Amendment and as may be further amended, restated or otherwise modified, the "Asset Purchase Agreement").

NOW, THEREFORE, in consideration of the agreements and obligations set forth herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the Parties agree as follows:

1. Buyer asserts that there was a scrivener's error in the Original Purchase Agreement and that the Buyer's correct legal entity is 5171 Campbells Land Co., Inc., a Pennsylvania corporation. All references to 5171 Campbell Land Co. LLC, a Pennsylvania limited liability company, and any variations thereof (the "Incorrect Name") in the Original Purchase Agreement are hereby deleted and replaced with 5171 Campbells Land Co., Inc., a Pennsylvania corporation, in all respects under the Original Purchase Agreement. 5171 Campbells Land Co., Inc., a Pennsylvania corporation, shall be bound by all terms under the Asset Purchase Agreement and with respect to all filings with the Bankruptcy Court that were made in the name of the Improper Name.

2. Notwithstanding anything contained in the Original Purchase Agreement to the contrary, including, without limitation, Schedule 1.2(p), the Original Purchase Agreement is hereby amended to include the following vehicles as Acquired Assets: (a) 2009 Ford VIN 1FAHP35N69W255837; (b) 2009 Chevrolet VIN 2G1WT57N491306306 and (c) 2008 Chevrolet 2G1WT58N889232919.

3. Section 3.1 of the Original Purchase Agreement is hereby amended to delete "12:01 a.m. Eastern Standard Time" and replace it with 11:59 p.m. Eastern Standard Time.

4. Notwithstanding anything contained in the Original Purchase Agreement to the contrary, Buyer and Seller hereby amend the Asset Purchase Agreement to permit the payment of any Post-Petition Payables or Cure Costs after the Closing Date in accordance with any

{7201266:2}   83706371 5

1

1574

# EXHIBIT B

stipulations filed with the Bankruptcy Court prior to the Closing Date. In consideration of Seller's willingness to allow Buyer to pay the Post-Petition Payables and Cure Costs after the Closing Date, William T. Kane agrees to personally guarantee Buyer's obligation to pay such amounts pursuant to the Personal Guaranty attached as Addendum A to this First Amendment, which such Personal Guaranty shall be executed and delivered on the Closing Date.

5. Notwithstanding anything contained in the Original Purchase Agreement to the contrary, Buyer and Seller agree to the following:

(a) At the close of business on the Closing Date, Seller shall count all cash on hand at the Franchisor Locations and provide written notice to Buyer specifying such amount (the "Petty Cash Amount"). Seller shall transfer the Petty Cash Amount to Buyer at Closing subject to the terms set forth in this Section 5 of the First Amendment.

(b) For a period of 15 days after the Closing Date, Seller shall permit Buyer to use its credit card machines at the Franchisor Locations. On a daily basis, Seller shall review the credit card receivables received and cleared in its account from sales made by Buyer and shall remit the same to Buyer in one Business Day from the funds clearing the account. The remittance of such amount shall be offset by the Petty Cash Amount until Seller has recouped the full amount of the Petty Cash Amount.

6. This First Amendment shall be construed, performed and enforced in accordance with, and governed by, the laws of the State of Pennsylvania (without giving effect to the principles of conflicts of laws thereof), except to the extent that the laws of such State are superseded by the Bankruptcy Code or other applicable federal law. For so long as Seller is subject to the jurisdiction of the Bankruptcy Court, the parties irrevocably elect, as the sole judicial forum for the adjudication of any matters arising under or in connection with the First Amendment, and consent to the exclusive jurisdiction of, the Bankruptcy Court.

7. This First Amendment shall inure to the benefit of and shall be binding upon the successors and assigns of the parties hereto

8. Nothing in this First Amendment is intended to or shall confer any rights or remedies under or by reason of this First Amendment on any Persons other than Seller and Buyer and their respective successors and permitted assigns. Nothing in this First Amendment is intended to or shall relieve or discharge the obligator or liability of any third Persons to Seller or to Buyer. This First Amendment is not intended and shall not give any third Persons any right of subrogation or action over or against Seller or Buyer.

9. All terms and conditions of the Original Purchase Agreement not amended by this First Amendment are hereby ratified and confirmed by Buyer and Seller. To the extent there is conflict between this First Amendment and the Original Purchase Agreement, this First Amendment shall govern.

{7201266:2}

10. This First Amendment may be executed in counterparts, each of which shall be deemed an original, and all of which shall constitute the same agreement. The signature of any of the parties may be delivered and made by facsimile, portable document format ("pdf") or other electronic means capable or creating a printable copy, and each such signature shall be treated as original signatures for all purposes.

[Signature Page Follows]

{7201266.2}

3

1576

BUYER:

5171 Campbells Land Co., Inc.

By: _____
Name: William T. Kane
Title: President


SELLER:

Unique Ventures Group, LLC

By: _____
Name: M. Colette Gibbons, not individually, but in her capacity as the Bankruptcy Court appointed Chapter 11 Trustee of Unique Ventures Group, LLC