**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No.: 19-22715-CMB |
| | : | |
| 5171 CAMPBELLS LAND CO., INC. | : | Chapter 11 |
| | : | |
| Debtor. | : | Doc. No. |
| _____ | : | |
| | : | Hearing Date and Time: |
| UNITED STATES TRUSTE, | : | July 15, 2019, 1 p.m. |
| | : | |
| MOVANT, | : | Response Deadline: |
| | : | July 15, 2019, 12:00 p.m. |
| v. | : | |
| | : | |
| 5171 CAMPBELLS LAND CO., INC. | : | |
| | : | |
| RESPONDENT. | : | |

**RESPONSE TO UNITED STATES TRUSTEE'S**
**EXPEDITED MOTION FOR APPOINTMENT OF CHAPTER 11 TRUSTEE[1]**

AND NOW, comes Ronald G. Linaburg, D.M.D. ("Dr. Linaburg"), and L-Four, L.P. ("L4"), by and through their counsel, Michael P. Oliverio, Michael C. Mazack, John J. Heurich and The Lynch Law Group, LLC, and files the following Response to United States Trustee's Expedited Motion for Appointment of Chapter 11 Trustee, and states, as follows:

**I.    Factual Background**

1.    5171 Campbells Land Co., Inc. ("Debtor") filed a voluntary bankruptcy petition under in this court on July 8, 2019.

---

[1] Dr. Linaburg and L4 are filing the instant Brief in Opposition to the United States Trustee's Expedited Motion for Appointment of Chapter 11 Trustee based on their current knowledge of the facts. Dr. Linaburg and L4 hereby reserve and preserve any and all of their rights, remedies and claims against the debtor, including, without limitation, their rights to pursue appointment of a Chapter 11 Trustee if, during the course of the instant Chapter 11 Bankruptcy matter it is discovered at cause exists for such appointment. Dr. Linaburg and L4 further reserve and preserve their right to supplement, modify or amend the within Response.

1

2. Previously, Debtor operated twenty-seven Perkins-branded restaurants in Pennsylvania, Ohio, and New York under license from Perkins & Marie Callender's LLC ("PMC").

3. Debtor obtained the restaurants through a bankruptcy sale from Unique Ventures Group, LLC ("UVG"), which filed for bankruptcy in this court on February 13, 2017, listed as case No. 17-20526-TPA. Although the Asset Purchase Agreement (the "APA") effectuating the sale originally listed 5171 Campbells Land Co., LLC as the buyer, it was later amended to correct this mere scrivener's error and reflect that 5171 Campbells Land Co., Inc. was the buyer.

4. Pursuant to that APA, Debtor paid $4,770,000.00 for the restaurant assets of UVG.

5. On February 25, 3019, L4 filed a Complaint in Confession of Judgment in the Court of Common Pleas of Allegheny County at GD-19-002820, seeking repayment of a $150,000 Promissory Noted, the entire sum amounting to $231,790.75.

6. Prior to the within bankruptcy filing, PMC filed a complaint against Debtor on June 27, 2019 in the Western District of Tennessee (Memphis) at 2:19-cv-02414-JPM-kdv, alleging breach of contract and trademark violations.

7. On those allegations, PMC sought and obtained a Temporary Restraining Order ("TRO"), which prevents Debtor from operating the Perkins restaurants.

8. Additionally, Store Capital Acquisitions, LLC and Store Master Funding XIII, LLC (collectively, "Store"), which owns 22 of the properties where Perkins restaurants are operated, filed a claim for breach of contract in the Western District of Pennsylvania at 2:19-cv-00685-PJP on July 2, 2019.

9. Shortly after commencing the instant bankruptcy matter, and recognizing the need for independent assistance, Debtor engaged Compass Advisory Partners, LLC ("Compass") to

serve as Chief Restructuring Officer. Debtor filed an application to engage Compass, which is currently pending.

10. Around that same time, Debtor, Compass and PMC commenced extensive negotiations regarding the TRO and a temporary license to operate the Perkins restaurants.

11. Without any resolution of the TRO, all of the Perkins restaurants owned by Debtor will be forced to close and Debtor will be forced to terminate approximately 1,000 employees and devastate both the employees and their families, as well as the employee's local communities. A shut down would also impair the ability to operate and market Debtor's assets as a going concern, thereby impairing the value to the estate and recoveries by its creditors, including Dr. Linaburg, L4 and Store.

12. The negotiations with Debtor and PMC resulted in a stipulation, providing that Debtor could operate as a going concern under a temporary license from PMC.

13. This stipulation preserves the significant value of the estate, and preserves the status quo of the employees and their local communities.

14. Upon information and belief, Store supports the stipulation between PMC and Debtor, and further supports the appointment of Compass as the Chief Restructuring Officer.

15. Dr. Linaburg and L4, another two of the largest creditors to Debtor, also support the stipulation between PMC and Debtor, and further supports the appointment of Compass as the Chief Restructuring Officer.

**II.    Legal Argument**

16. In seeking the appointment of a Chapter 11 trustee, the movant bears the burden to establish by ***clear and convincing evidence*** that a trustee is warranted. *In re G-I Holdings, Inc.*,

3

385 F.3d 313, 317-318 (3d. Cir. 2004); *see also In re Sharon Steel Corp.*, 871 F.2d 1217, 1226 (3d. Cir. 1989).

17. Even if cause exists, the bankruptcy court is to exercise its discretion to determine whether the debtor-in-possession's conduct "rises to a level sufficient to warrant the appointment of a trustee." *In re Marvel Entm't Group, Inc.*, 140 F.3d 463, 473 (3d. Cir. 1998) (citation omitted).

18. Indeed, the appointment a Chapter 11 trustee is an ***extraordinary remedy***, and that there is a strong presumption that the debtor is entitled to remain in possession. *See*, *e.g.*, *Off'l Comm. of Unsecured Creditors of Cybergenics Corp., ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 577 (3d. Cir. 2003).

19. Such appointment is extraordinary because existing management is in the best position rescue the debtor from bankruptcy partly due to the cost in replacing the current management with a team less familiar with both the debtor and the debtor's market in general. *Id.*

   **A.** ***The Trustee has not satisfied its heavy burden.***

20. The Trustee has not set forth any evidence of cause for the appointment of a trustee. Indeed, there are no factual allegations pertaining to fraud, dishonesty, incompetence or gross mismanagement. Indeed, all of the Trustee's allegations are set forth in terms of mere possibilities, and use qualified language such as "If the sale was effective …" and "If the buyer William Kane misrepresented…" These types of allegations and statements are simply insufficient and cannot be said to be "clear and convincing."

21. Moreover, current management, through the proposed restructuring officer, is in the best position to rescue the Debtor. Indeed, the resolution with PMC alone will preserve numerous jobs for the employees of the restaurants and will afford the Debtor opportunity to

operate as a going concern, and the appointment of a trustee will likely sour this resolution and the ability to rescue the Debtor in an efficient and timely manner.

        **B.**        *The APA contains a mere scrivener's error.*

22.      The Trustee's Motion questions whether or not Debtor owns the assets it purchased from Unique Ventures pursuant to the Asset Purchase Agreement (the "APA") because such was executed by 5171 Campbells Land Co., LLC as opposed to 5171 Campbells Land Co., Inc.

23.      The original APA simply contained a scrivener's error that was amended to reflect that 5171 Campbells Land Co., Inc., was the appropriate purchaser.

        **C.**        *The Pre-Bankruptcy litigation does not warrant appointment of a trustee.*

24.      Several of the pre-bankruptcy cases referenced by the Trustee are related matters that do not support appointment of a trustee. Specifically, those cases are: *Steven Maglin v. 5171 Campbells Land Co., LLC, et al*; *Peter D. Kaplan v. William T. Kane* and *Marc Group, LLC v. William T. Kane and 5171 Campbells Land Co., LLC*.

25.      These three cases are each being prosecuted by attorney Joseph Hudak on behalf of Steven Maglin, Peter D. Kaplan (who is Steven Maglin's father-in-law) and Marc Group, LLC. Two issues appear to pervade these case: (1) whether Debtor and/or its principals breached an agreement to provide employment to Steven Maglin, and (2) whether William Kane breached a promissory note with Peter D. Kaplan in the amount of $125,000.

26.      The first issue appears only in the Steven Maglin case and regards an alleged employment agreement. This matter is currently at the preliminary objection stage.

27.      The second issue appears in both the Peter D. Kaplan and Marc Group, LLC cases. In those matters, a confession of judgment was effectuated against William Kane and attorney Joseph Hudak has improperly executed such judgment to obtain an *ex parte* order purporting to

transfer William Kane's interest in the Debtor to Peter D. Kaplan. The order was later vacated and the judgment has been opened.

28. The litigation between PMC and Debtor has also resulted in a stipulation amending the Tennessee Court's TRO to permit Debtor to operate under a temporary license, as addressed above.

### D. *The allegations against William Kane do not support appointment of a trustee.*

29. The Trustee simply asserts conclusory allegations regarding William Kane's conduct, without any evidentiary support. As such, the allegations cannot satisfy the Trustee's burden.

30. Moreover, William Kane did not personally purchase the assets, Debtor was the purchaser. William Kane is merely a 40% stakeholder in Debtor.

31. And, upon information and belief, Compass is evaluating the retention of special litigation counsel to review legal issues to review various legal issues, including any possible actions Debtor may possess against insiders.

### E. *Request for an evidentiary hearing and discovery.*

32. In the event that this Honorable Court is inclined to consider the Trustee's Motion, Dr. Linaburg and L4 request an evidentiary hearing to be scheduled after a reasonable period for discovery.

### III. Conclusion

33. For all of the foregoing reasons, this Honorable Court should deny the United States Trustee's Expedited Motion for Appointment of a Chapter 11 Trustee.

WHEREFORE, creditors, Ronald G. Linaburg, D.M.D., and L-Four, L.P., respectfully request that this Honorable Court enter an Order denying the United States Trustee's Expedited Motion for Appointment of Chapter 11 Trustee.

                                                Respectfully submitted,

Executed on July 15, 2019                      /s/ Michael P. Oliverio
                                                Michael P. Oliverio, Esquire
                                                PA I.D. No.: 209399
                                                Michael C. Mazack, Esquire
                                                PA I.D. No.: 205742
                                                John J. Heurich, Esquire
                                                PA I.D. No.: 317155
                                                The Lynch Law Group, LLC
                                                501 Smith Drive, Suite 3
                                                Cranberry Township, PA 16066
                                                Phone: (724) 776-8000
                                                Facsimile: (724) 776-8001
                                                E-Mails: moliverio@lynchlaw-group.com
                                                                mmazack@lynchlaw-group.com
                                                                jheurich@lynchlaw-group.com