UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

5171 CAMPBELLS LAND CO., INC.

    DEBTOR.

_____

5171 CAMPBELLS LAND CO., INC.,

    MOVANT,

  v.

NO RESPONDENT.

CASE NUMBER: 19-22715 CMB

CHAPTER 11

Related to doc. no. 11

Hearing Date and Time:
August 7, 2019 10:00 AM

Response Deadline July 29, 2019

### OBJECTION OF THE UNITED STATES TRUSTEE
### TO DEBTOR'S APPLICATION FOR APPROVAL OF ATTORNEYS

Andrew R. Vara, Acting United States Trustee for Region 3 (the "U.S. Trustee"), through his undersigned counsel, objects to the Debtor's Application for Approval of Attorneys (the "Application"), and in support of his objection respectfully states as follows:

### PRELIMINARY STATEMENT

This Objection is being filed because there is presently insufficient information in the record to determine whether proposed counsel has met his burden to establish that he does not hold or represent an interest adverse to the estate and that he is a disinterested person. The U.S. trustee has requested and has received certain information from proposed counsel and is in the process of analyzing such information. At present it appears that proposed counsel may have received a preferential payment from the debtor on the date of the filing of this case

which may render him ineligible. Other potential conflicts of interest may arise from proposed counsel's representation of insiders of the Debtor. At a minimum, there is at present insufficient information of record to determine whether proposed counsel has met its burden to establish that he is eligible for retention.

## BACKGROUND

1. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that 11 U.S.C. § 307 gives the U.S. Trustee "public interest standing"); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog"). The U.S. Trustee is specifically authorized to monitor retention applications filed under 11 U.S.C. § 327 and, whenever the U.S. Trustee deems it appropriate, to file comments about such applications with the Court. *See* 28 U.S.C. § 586(a)(3)(I).

2. The U.S. Trustee has standing to be heard on the Application pursuant to 11 U.S.C. § 307.

3. On July 8, 2019, the Debtor filed a chapter 11 petition in this Court.

4. On July 10, 2019, the Debtor filed the Application, by which the Debtor seeks to retain Robert O Lampl, Esq. and Robert O Lampl Law Office (the "Lampl Firm") as counsel for the debtor in this case.

5. Attached to the Application is Attorney Lampl's Verification Statement Pursuant to Bankruptcy Rule 2014 (the "Verification Statement").

6. The Application (paras. 2-5) discloses that Attorney Lampl has represented the Debtor as defendant in seven cases. In all of those cases, Attorney Lampl has

also represented William T. Kane, a shareholder and the President of the debtor. In one case, he represented another shareholder of the debtor; in another he represented the debtor's corporate counsel. (Mr. Kane, the other shareholder and corporate counsel are sometimes referred to hereafter as the "<u>Insiders</u>.") The Application further discloses that Attorney Lampl represented Mr. Kane in three other cases.

7. By letter dated July 18, 2019, the U.S. Trustee made inquiry concerning matters raised by the Application, including prepetition payments by the Debtor to the Lampl Firm and potential claims by the Debtor against the Insiders. The Lampl Firm responded by correspondence dated July 26, 2019.

**ARGUMENT**

*Legal Standard for Employment of Counsel for a Chapter 11 Debtor*

8. 11 U.S.C. § 327 governs the employment of counsel for the debtor in a chapter 11 case.

9. 11 U.S.C. § 327(a) provides, in part, that

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, . . . or other professional persons, that do not hold or represent an interest adverse to the estate and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

10. 11 U.S.C. § 101(14) defines the term "disinterested person" as a person that -

(A) is not a creditor, equity security holder, or an insider;
(B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
(C) does not have an interest materially adverse to the interest of the estate or of

3

any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason[.]

*Disclosure of Connections*

11. Bankruptcy Rule 2014 implements Section 327 by requiring that each professional submit a verified statement with the employment application, delineating the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee (Fed. R. Bankr. P. 2014(a)).

12. "The purpose of this mandatory disclosure is to allow interested parties - including the Court and the United States Trustee - to thoroughly evaluate the proposed professional's status for any conceivable conflict or other disqualifying factor under [section 327(a)] . . ." *In re Southern Kitchens Inc.*, 216 B.R. 819, 829 (Bankr. D. Minn. 1998).

13. The disclosure requirements relating to professionals are not discretionary, *Rome v. Braunstein*, 19 F.3d 54, 59 (1st Cir. 1994), *citing In re Martin*, 817 F.2d 175, 182 (1st Cir. 1987); and the question of whether a professional meets the standards of the law is one for the court to adjudicate after a full disclosure of the facts. *In re Leslie Fay Cos.*, Inc., 175 B.R. 525 (Bankr. S.D.N.Y. 1994).

14. "The burden is on the person making the statement to come forward with facts pertinent to eligibility [for employment] and to make *full*, *candid*, *and complete* disclosure." *In re Plaza Hotel Corp.*, 111 B.R. 882, 883 (Bankr. E.D. Cal. 1990) (original emphasis). This Court is under no obligation to sift through the record for the purposes of policing professional conflicts of interest - under Bankruptcy Rule 2014(a), it is the professional's exclusive duty to bring the requisite information to the Court's attention. *See In re BH & P, Inc.*, 949 F.2d 1300, 1317-18 (3d Cir. 1991).

15. The relationships between the Debtor and the Insiders cannot be determined from the information of record, inasmuch as the Schedules and Statement of Financial Affairs have not yet been filed in this case. (The Debtor on July 19, 2019 filed a motion to extend time to complete bankruptcy filing, which was granted by order dated July 22, 2019. The completion is now due by August 5, 2019.)

16. The Verification Statement does not disclose any claims between the Debtor and the Insiders, and does not affirmatively state that no such claims exist.

17. Moreover, the Verification Statement does not disclose whether any transactions have previously occurred involving the transfer of money or any other estate assets between or among the Debtor and the Insiders giving rise to potential Chapter 5 actions.

18. Supplementary detail is necessary to determine whether the Lampl Firm is able to investigate potential claims and initiate litigation against Mr. Kane and the other Insiders. The Verification Statement does not disclose whether counsel has reviewed the potential for conflicts of interest created by these simultaneous representations and whether the debtors have given informed consent with full knowledge of any attendant risk.

19. The Verification Statement does not disclose any other information of any kind necessary to evaluate whether there are potential or actual conflicts arising from his representation of the Debtor and its President, shareholder and corporate counsel. Neither the Verified Statement nor the Application provide any further detail concerning the relationship between those parties to assess whether there is a conflict or not. As noted, as a result the Debtor's motion for extension of time to complete the filing, the schedules of assets and liabilities and statement of financial affairs are not of record at the time the objections to the within employment applications are due. Accordingly, there is insufficient information anywhere in the record to determine whether actual or potential conflicts arise from counsel's

prepetition representation of the Insiders. In fact, the Lampl Firm's July 26, 2019 correspondence to the U. S. Trustee reveals that the firm could not confirm whether the Debtor has any claims against the Insiders, although it is not aware of any such claims. The correspondence further advises that special counsel may be engaged to investigate.

*Disclosure of Prepetition Payments from Debtor*

20. In addition, supplemental detail is needed concerning payments by the Debtor to the Lampl Firm arising from the Lampl Firm's prepetion work for the Debtor.

21. "The Bankruptcy Code prohibits retention of a professional who is a prepetition creditor of the debtor." *In re Pillowtex*, 304 F.3d 246, 253 n.5 (3d Cir. 2002), *citing* 11 U.S.C. § 101(14)(A) (stating that a disinterested person "is not a creditor"); *United States Trustee v. Price Waterhouse*, 19 F.3d 138, 141 (3d Cir. 1994).

22. The Lampl Firm's July 26, 2019 correspondence to the U. S. Trustee further reveals that the Lampl Firm received a payment of $75,000 - discounted from $90,000 - on July 8, 2019, the date of filing, on account of antecedent debt. Additional disclosure is needed to determine whether payments received by proposed counsel constitute preferential payment of prepetition fees. *See In re Pillowtex*, 304 F.3d at 253-55.

## CONCLUSION

23. As the foregoing has established, counsel has not demonstrated qualifications for employment under 11 U.S.C. § 327. At a minimum, there is presently insufficient information of record to make a determination that the proposed professionals do not represent an interest adverse to the estate and are disinterested within the meaning of the statute.

24. Accordingly, the United States Trustee respectfully requests that the Court

defer consideration of the Application pending receipt of full disclosure from counsel as required by Rule 2014.

25. The U.S. Trustee reserves any and all rights, remedies and obligations to complement, supplement, augment, alter and/or modify this objection, file an appropriate motion or conduct any and all discovery as may be deemed necessary or as may be required, and to assert such other grounds as may become apparent upon further factual discovery.

WHEREFORE, the U.S. Trustee respectfully requests that the Court deny the Application and grant such other relief as the Court deems appropriate and just.

Respectfully Submitted,

ANDREW R. VARA
ACTING UNITED STATES TRUSTEE

Dated: July 29, 2019     By:     /s/ Norma Hildenbrand
Norma Hildenbrand, Trial Attorney
PA ID 70421
Liberty Center, Suite 970
1001 Liberty Avenue
Pittsburgh, Pennsylvania 15222
(412) 644-4756 Telephone
(412) 644-4785 Facsimile
Norma.L.Hildenbrand@usdoj.gov