## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | ) Case No. 19-22715 CMB |
| | ) |
| | ) Chapter 11 |
| 5171 CAMPBELLS LAND CO., INC., | ) |
| | ) Hearing Date and Time: |
| | ) |
| Debtor. | ) |
| | ) Response Deadline: |
| | ) |
| | ) |

## MOTION FOR ALLOWANCE AND
## IMMEDIATE PAYMENT OF PACA CLAIM AND 503(b)(9) CLAIM

US Foods, Inc. ("US Foods"), by and through its undersigned counsel and for its Motion for Allowance and Immediate Payment of PACA Claim and 503(b)(9) Claim (the "Motion") states as follows:

### JURISDICTION

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### BACKGROUND FACTS

2. On July 8, 2019 (the "Petition Date"), 5171 Campbells Land Co., Inc. ("Debtor") filed a voluntary petition for bankruptcy relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

3. As of the date of this motion, the Debtor continues to manage its business and possess its property as a debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

1

4. Prior to the Petition Date, US Foods supplied the Debtor with certain goods, in the form of food and food products.

5. Some such goods delivered to the Debtor were perishable agricultural commodities (the "Commodities") within the meaning ascribed to such term under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq.* ("PACA") in the aggregate amount of **$49,155.11** (the "PACA Claim"). A summary of invoices showing the amount of the PACA Claim due, including dates of each transaction, the Commodities, and invoice price, is attached hereto as **Exhibit A**. All Commodities delivered by US Foods were inspected, approved and accepted by the Debtor at the point of delivery.

6. US Foods timely preserved its interest in the statutory trust arising under PACA by including in its invoices the PACA trust preservation language.

7. Additionally, several shipments of goods from US Foods were received by the Debtors within 20 days of the Petition Date in the aggregate amount of **$331,419.12** (the "503(b)(9) Claim")[1]. Debtor is liable for the full aggregate amount of the 503(b)(9) Claims. A summary of invoices showing the amount of 503(b)(9) Claims due by the Debtor is attached hereto as **Exhibit B**.

## ARGUMENT

US Foods' PACA Claim and 503(b)(9) Claim should be allowed in full, and the Debtor should be directed to make immediate payment of each of the claims as set forth below.

### *US Foods' PACA Claims*

US Foods respectfully requests that this Court direct the Debtor to comply with its obligations under PACA by directing Debtor to make full and immediate payment of US Foods' PACA Claims. As set forth in detail below, it is well established that funds that are PACA trust

---

[1] A portion of the PACA Claim overlaps with the 503(b)(9) Claim in the amount of $27,765.56.

funds are not property of the estate, are not subject to the Bankruptcy Code's priority scheme, and are to be paid to PACA claimants ahead of the Debtor's other creditors. The Debtor has an obligation to ensure that PACA trust funds are used first to satisfy all PACA claims, and such payment should not be delayed.

### A.    *The Debtor is a PACA Dealer.*

The law establishes that the Debtor was operating as a dealer under PACA. "The term 'dealer' means any person engaged in the business of buying or selling in wholesale or jobbing quantities, as defined by the Secretary, any perishable agricultural commodity in interstate or foreign commerce." 7 U.S.C. § 499a(b)(6). The phrase "wholesale or jobbing quantities" is defined in the federal regulations as "aggregate quantities of all types of produce totaling one ton (2,000 pounds) or more in weight in any day, shipped, received or contracted to be shipped or received." 7 C.F.R. §46.2(x); *see* 7 U.S.C. § 499a(b)(6); *In re Magic Restaurants, Inc.*, 205 F.3d 108, 117 (3rd Cir. 2000) (holding that a restaurant that purchases the statutory quantity defined in the PACA statute is a dealer under PACA).

### B.    *The PACA Trust is not Property of the Estate and US Foods' right to payment is superior to all other interests.*

Section 499e(c)(2) defines the *corpus* of the PACA trust to be all produce, including all inventories of food or other products derived from produce and receivables or proceeds from the sale of produce or its products. *See* 7 U.S.C. § 499e(c)(2). The trust also extends to all assets of a debtor gained from a commingled account. *See* 7 C.F.R. § 46.46(b); *Weis-Buy Services, Inc., v. Paglia*, 411 F.3d 415, 420 (3rd Cir. 2005). A PACA trust begins when the dealer receives perishable agricultural commodities and exists "until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents." *Bear Mountain Orchards, Inc. v. Mich-Kim, Inc.*, 623 F.3d 163, 167 (3rd Cir. 2010).

Failure to maintain the PACA trust and make full payment promptly to the PACA trust beneficiaries is unlawful. 7 U.S.C. § 499b(4). Produce dealers "are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities[,]" and any act or omission inconsistent with this responsibility, including dissipation of trust assets, is proscribed. 7 CFR § 46.46(d)(1); *see also Consumers Produce Co., Inc. v. Volante Wholesale Produce, Inc.*, 16 F.3d 1374, 1379 (3rd Cir. 1994) (stating "[t]he trust provision *requires* produce purchasers to hold sufficient PACA trust assets in trust to pay all suppliers")(emphasis added). Dissipation of trust assets, defined as the diversion of trust assets or the *impairment of a seller's right to obtain payment* (7 CFR § 46.46[a][2]), is forbidden. 7 CFR § 46.46(d)(1) (emphasis added).

When a produce buyer files for bankruptcy protection, the PACA trust assets are not part of the debtor's estate. 11 U.S.C. § 541(d); 49 Fed. Reg. 45735, 45738; *In re United Fruit & Produce Co., Inc.*, 242 B.R. 295, 298 (Bankr. W.D. Pa. 1999). Therefore, so long as PACA creditors like US Foods remain unpaid, the Debtor, as the PACA trustee, has a fiduciary duty to ensure that sufficient assets are made available to pay all sums owing under the PACA trust, even before payment to secured lienholders. 7 U.S.C. § 499e(c)(1); *see also Bear Mountain*, 623 F.3d at 167 ("the trust provision . . . provides unpaid suppliers with priority over secured lenders with regard to the PACA trust assets held in trust by produce purchasers" (internal citations omitted)); *Magic Restaurants*, 205 F.3d at 112 ("PACA's trust provisions gives the unpaid supplier an interest in the trust corpus superior to the interest of any other lien or secured creditor").

### C. *US Foods is Entitled to Immediate Payment of its PACA Claim.*

Unpaid produce suppliers are entitled to immediate relief, either by the segregation of trust assets or by immediate payment. *See In re W.L. Bradley Co., Inc.*, 75 B.R. 505, 513-514 (Bankr. E.D. Pa. 1987) (ordering immediate payment while rejecting the debtor's request to continue using trust assets during the bankruptcy proceedings at a risk that without such funds, the debtor would not be able to reorganize, stating that the "legislative purpose in the enactment of the PACA trust provision . . . was to assur[e] . . . that raw products will be paid for promptly"); *see also Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 159 (11th Cir. 1990) (stating "once the [PACA] trust is dissipated it is almost impossible for a beneficiary to obtain recovery"); *see also Potandon Produce LLC v. Preferred Produce and Food Serv., Inc.*, 3:06-CV-0622, 2006 WL 8450437 *1 (M.D. Pa. March 24, 2006) (stating, in imposing a temporary restraining order to prevent the purchaser of PACA products from dissipating PACA trust assets, that the PACA supplier "will suffer immediate and irreparable injury due to [purchaser's] dissipation of [supplier's] beneficial interest in the statutory [PACA] trust and that such dissipation will continue in the absence of injunctive relief").

The Debtor has not paid US Foods' PACA Claims in violation of the PACA statute. The PACA trust assets are not part of the bankruptcy estate. Moreover, the Court is aware of the precarious nature under which this bankruptcy case was filed (i.e. a pre-petition court ruling that the franchise license was terminated). That factor, along with other motions and responses filed in this case, show that the PACA trust assets are dissipating, and without immediate payment, US Foods is at risk of not being paid. Accordingly, US Foods is entitled to immediate payment of its PACA Claims in the aggregate amount of **$49,155.11**.

*US Foods' Administrative Claim Pursuant to 503(b)(9)*

Pursuant to Section 503(b)(9) of the Bankruptcy Code, "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including . . . the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business."

The goods shipped to the Debtor were sold in the ordinary course of the Debtor's business, and the Debtor received such goods within 20 days of the Petition Date.

Accordingly, US Foods is entitled to an allowed administrative priority claim in the aggregate amount of **$331,419.12**, and is demanding prompt payment thereof.

US Foods reserves the right to assert any and all other claims of whatever kind or nature that it has, or it may have, against the Debtor arising pre or post-petition. The filing of this Motion is not (i) a waiver or release of any claims or rights of US Foods against any other person or entity relating to these shipments; (ii) an election of remedies; or (iii) a waiver of any past, present or future defaults.

WHEREFORE, based on the foregoing, US Foods respectfully requests that the Court enter an order (1) declaring its PACA Claim in the amount of **$49,155.11** be allowed in full; (2) declaring its 503(b)(9) Claim in the amount of **$331,419.12** be allowed in full; (3) directing Debtor to make immediate full payment of the PACA Claim; (4) directing Debtor to make immediate full payment of the 503(b)(9) Claim; and (5) awarding US Foods such other and further relief as the Court deems just and proper.

Dated: August 2, 2019

/s/*Christopher J. Azzara*
Christopher J. Azzara, Esquire (Pa. Id. No. 204114)
Strassburger McKenna Gutnick & Gefsky
Four Gateway Center, Suite 2200
444 Liberty Avenue
Pittsburgh, PA 15222
(412) 281-5423
(412) 281-8264
cazzara@smgglaw.com

*Counsel for US Foods, Inc.*

/s/*Aaron Davis*
Leslie Bayles, Esquire
(admission *pro hac vice* pending)
Aaron Davis, Esquire
(admission *pro hac vice* pending)
BRYAN CAVE LEIGHTON PAISNER LLP
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
(312) 602-5000
(312) 602-5050
leslie.bayles@bclplaw.com
aaron.davis@bclplaw.com