## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>5171 CAMPBELLS LAND CO., INC.,<br><br>Debtor.<br>-----------------------------------------------------------<br>ELMHURST PROPERTIES, INC.,<br><br>Movant,<br>v.<br><br>5171 CAMPBELLS LAND CO., INC.,<br><br>Respondent. | Bankruptcy No. 19-22715-CMB<br><br>Chapter 11<br><br>Hearing Date and Time: September 20, 2019 at 1:30 p.m.<br><br>Response Deadline: September 2, 2019<br><br>Doc. No. _____ |

### MOTION FOR RELIEF FROM THE
### AUTOMATIC STAY, PURSUANT TO 11 U.S.C. § 362(d)

Elmhurst Properties, Inc., through counsel, hereby seeks relief from the automatic stay, as follows.

### Jurisdiction, Venue and Statutory Basis

1. This Motion is governed by section 362 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 4001 and 9014.

2. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 157 and the standing order of reference of the United States District Court for the Western District of Pennsylvania dated October 16, 1984. This Motion "arises under" the Bankruptcy Code and is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

3. Venue is appropriate in this Court under 28 U.S.C. § 1409(a).

### Factual Background

4. On or about November 15, 1977, Peter Denovchek and Golf View Manor, Inc. executed an instrument styled "Land Lease" (the "*Lease*") pursuant to which Mr. Denovchek

agreed to lease that certain real property located at 3870 Elm Road NE in Warren, Ohio 44483 (the "*Property*") to Golf View.

5. Mr. Denovchek would later convey all of his rights, title and interest in the 1977 Lease to Elmhurst Properties, Inc. ("*Elmhurst*").

6. Golf View would later merge into Sanray Corporation, which subsequently changed its name to Travaglini Enterprises, Inc.

7. On or about February 5, 2007, Elmhurst, Travaglini Enterprises and Unique Ventures Group, LLC ("*Unique*") executed an instrument styled "Land Lease Amendment, Assignment and Assumption, and Consent" (the "*Amendment*"). A copy of the Amendment is attached hereto as *Exhibit B*.

8. Under the Amendment, (i) Travaglini Enterprises assigned its interest under the Lease to Unique; (ii) the term of the Lease was extended through February 28, 2019, with two five-year renewal options. *Exh. B*, pp. 1-2.

9. On February 13, 2017, Unique filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (*In re: Unique Ventures Group*, LLC, case no. 17-20526-TPA).

10. On or about January 26, 2018, Unique, acting through its chapter 11 trustee, executed an Asset Purchase Agreement, pursuant to which Unique's interest in the lease was assumed and assigned to 5171 Campbell Land Co., LLC.[1] On January 29, 2018, the Bankruptcy Court (Agresti, J.) entered an Order authorizing the transaction contemplated in the January 26, 2018, Asset Purchase Agreement [17-20526-TPA, doc. no. 970].

---

[1] As the United States trustee observed in its July 12, 2019, Expedited Motion for Appointment of Chapter 11 Trustee [doc. no. 34], 5171 Campbell Land Co., *LLC* was the buyer under the Asset Purchase Agreement, but the debtor is 5171 Campbell Land Co., *Inc*. References to the "*Debtor*" in this Motion shall be to 5171 Campbell Land Co., Inc. Elmhurst expressly reserves all rights arising from any potentially improper acquisition or assignment of rights under the Lease to fullest extent of the law, including bankruptcy and nonbankruptcy law.

11. The Debtor failed to pay rent under the Lease in November and December 2018. Thomas J. Terleski, Elmhurst's President, repeatedly contacted the Debtor until it finally paid its overdue rent in January 2019.

12. Immediately after its tardy payment of rent for November and December 2018, the Debtor once again failed to meet its rent obligations for January and February 2019. In response to that second delinquency, Elmhurst's counsel issued a written notice of default to the Debtor on February 21, 2019, as contemplated under the Lease. *See Exh. A*, p. 8, ¶ 13.

13. On July 2, 2019, after the Debtor had once again failed to pay any rent for the months of April, May and June of 2019, Elmhurst exercised its right its right to terminate the Lease. *Id.* A copy of the July 2, 2019, correspondence from Elmhurst's counsel to the Debtor (the "*Termination Notice*") is attached hereto as *Exhibit C*.

14. On July 2, 2019, Elmhurst sent a Notice of Termination based upon the February Notice of Default.

15. Six days later, on July 8, 2019 (the "*Petition Date*"), the Debtor commenced this case by filing a voluntary petition under chapter 11 of the Bankruptcy Code.

## **Argument**

16. Section 362(d) of the Bankruptcy Code governs motions for relief from the automatic stay and provides, in relevant part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if--
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization…

3

11 U.S.C. § 362(d).

17. Since the Debtor had no interest in the Lease on the Petition Date, Elmhurst is entitled to relief from the automatic stay for cause under section 362(d)(1). *A fortiori*, the Debtor has no equity in the Lease or the Property, and neither are necessary for the Debtor's reorganization efforts. Thus, Elmhurst is also entitled to stay relief under section 362(d)(2).

18. Elmhurst terminated the Lease prior to the Petition Date, but the Debtor remains in possession of the Property. As a leading treatise explains:

> Leases completely terminated prepetition should not be considered property of the estate because the debtor retains no legal or equitable interest after termination, except perhaps possession, to which the automatic stay would apply.

3 *Collier on Bankruptcy* ¶ 362.05 (16th 2019) *citing In re Salzer*, 52 F.3d 708, 713 (7th Cir. 1995).

19. This Court and the Court of Appeals for the Third Circuit have held the same, reasoning that "[w]here, upon commencement of the case, there is no interest of the debtor in a lease, none can thereafter be resurrected or created." *Crawford Square Cmty. v. Turner (In re Turner)*, 326 B.R. 563, 572 (Bankr. W.D. Pa. 2005) *citing In re Triangle Labs., Inc.*, 663 F.2d 463, 468 (3d Cir. 1981).

20. Thus, while the Debtor has no protectable interest under the Lease, this Motion may nevertheless be necessary in order for Elmhurst to recover possession of the Property. *See Buncher Co. v. Flabeg Solar US Corp. (In re Flabeg Solar US Corp.)*, 499 B.R. 475, 482 (Bankr. W.D. Pa. 2013) (acknowledging uncertainty in existing precedent).

4

**A.    SINCE THE DEBTOR HAS NO INTEREST REMAINING UNDER THE LEASE, CAUSE EXISTS TO GRANT THE MOVANT'S REQUEST FOR RELIEF FROM THE AUTOMATIC STAY, PURSUANT TO 11 U.S.C. § 362(d)(1).**

21.    In the context of section 362(d)(1), the Bankruptcy Code "does not define 'cause,' leaving courts to consider what constitutes cause based on the totality of the circumstances in each particular case." *Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997).

22.    Fortunately, this Court has already determined that "cause" exists to grant relief from the automatic stay when a debtor remains in possession of property after its lease has been terminated. *Buncher Co.*, 499 B.R. at 483.

23.    Thus, Elmhurst is entitled to stay relief because the Debtor had no legally protectable interest in the Lease on the Petition Date. *Id.*

24.    Moreover, even if Elmhurst had not terminated the Lease prior to the Petition Date (but, of course, it did), it would still be entitled to modification of the automatic stay because its interests are not adequately protected.

25.    The purpose of the "adequate protection" requirement is to ensure the creditor receives the benefit for which he bargained for pre-bankruptcy, but it also requires more than the creditor simply receiving only the original benefits for which he bargained. *Resolution Tr. Corp. v. Swedeland Dev. Grp. (In re Swedeland Dev. Grp.)*, 16 F.3d 552, 564 (3d Cir. 1994); *Shaw Indus. v. First Nat'l Bank (In re Shaw Indus.)*, 300 B.R. 861, 865 (Bankr. W.D. Pa. 2003).

26.    The burden is on the Debtor to show that the creditor will be adequately protected. *Resolution Tr. Corp.*, 16 F.3d at 564.  Here, the Debtor simply cannot meet that burden.

27.    Had Elmhurst not terminated the Lease, the Debtor would now be at least five months delinquent upon its duty to pay rent, and it has failed to make any adequate protection payments since the Petition Date.

28. Furthermore, the United States trustee noted in its Expedited Motion for Appointment of Chapter 11 Trustee, that William T. Kane may have misrepresented his financial condition in order to enable the Debtor (or a limited liability company with a similar name) to acquire its interest in the Lease. *Doc. No.* 34, pp. 5-7, 11.

29. The Debtor has not filed a plan of reorganization, nor has it made any proposal for the adequate protection of Elmhurst's interests (or, for that matter, any other creditor).

30. Not only has Elmhurst not received the equivalent to monthly payments under the Lease, it has received nothing additional to protect it from risk of diminution. Accordingly, Elmhurst is not adequately protected.

31. Accordingly, cause exists to award Elmhurst relief from the automatic stay under section 362(d)(1).

**B.  THE MOVANT IS ALSO ENTITLED TO RELIEF FROM THE AUTOMATIC STAY, PURSUANT TO 11 U.S.C. § 362(d)(2), SINCE THE DEBTOR HAS NO EQUITY IN THE PROPERTY OR THE LEASE, WHICH ARE NOT NECESSARY FOR AN EFFECTIVE REORGANIZATION.**

32. Under section 362(d)(2), this Court should grant the Movant's relief from the automatic stay because (i) the Debtor has no equity in the Property or the now-terminated Lease; and (ii) neither the Lease nor the Property are necessary for an effective reorganization.

33. Courts considering creditors' requests for relief from the automatic stay under section 362(d)(2) generally focus upon debtors' equity in property in relation to the interests of secured creditors. *Nantucket Inv'rs II v. Cal. Fed. Bank (In re Indian Palms Assocs.)*, 61 F.3d 197, 207-08 (3d Cir. 1995). However, when "property is of no benefit to the debtor, because the debtor retains no equity in it and the property is unnecessary to an effective reorganization" *Id.* at 208.

34. There can be no valid or rational argument that a debtor with *no* cognizable interest in an asset could somehow have equity in that asset. "When a debtor's legal and equitable interests

6

in property are terminated prior to the filing of the petition with the Bankruptcy Court that was intended to preserve the debtor's interest in such property, the Bankruptcy Court cannot then cultivate rights where none can grow." *In re Triangle Labs., Inc.*, 663 F.2d 463, 468 (3d Cir. 1981); *In re Polay*, 66 B.R. 543, 544-45 (E.D. Pa. Bankr. 1986) (contractual termination provisions govern for the purposes of section 362(d)(2)(A)); *In re Dunlop*, 378 B.R. 85 (E.D. Pa. Bankr. 2007) ("possession by a debtor alone, without any right of ownership or contractual right of possession, is not protected to any greater degree by the bankruptcy stay.").

35. Likewise, neither the Property nor the Lease are necessary for the Debtors' effective reorganization.[2] A finding of necessity for an effective reorganization demands "not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization *that is in prospect*." *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 375-76 (1988). Moreover, that showing is required even while a debtor maintains the exclusive right to file a plan. *Id.*

36. Thus, Elmhurst is entitled to relief from the automatic stay under section 362(d)(1) and (2).

37. Moreover, because the Debtor has no interest in the Lease, Elmhurst requests that this Court the 14-day stay of its order granting relief from stay, completed under Bankruptcy Rule 4001(a)(3).

WHEREFORE, the Movant respectfully requests that this Court enter an Order, substantially in the form attached hereto, granting it relief from the automatic stay.

---

[2] In the context of this Motion, the question of necessity may be inapposite. To illustrate that point, the Debtor might just as well have argued that $12.7 million is necessary for it to effectively reorganize—since neither that amount of cash nor the Lease are assets of the Debtor's estate, those "necessities" are irrelevant.

Dated:  August 15, 2019 				Respectfully submitted,

 /s/ Aurelius P Robleto
Aurelius P. Robleto
PA ID No. 94633
Renée M. Kuruce
PA ID No. 314691
ROBLETO KURUCE, PLLC
6101 Penn Avenue, Suite 201
Pittsburgh, PA 15222
Tel: (412) 925-8194
fax: (412) 346-1035
apr@robletolaw.com
rmk@robletolaw.com