IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | |
|---|---|
| 5171 CAMPBELLS, LAND CO., INC., | Bankruptcy No. 19-22715-CMB |
| Debtor, | Chapter 11 |
| 5171 CAMPBELLS LAND CO., INC., | Document No. |
| Movant, <br> vs. | |
| ELMHURST PROPERTIES, INC., ASCENTIUM CAPITAL, LLC, IEMFS, Ltd. d/b/a GSG FINANCIAL, HITACHI CAPITAL AMERICA CORP., TRI STATE EQUIPMENT CO., INC., WESBANCO BANK, INC., STORE CAPITAL ACQUISITIIONS, LLC, STORE MASTER FUNDING XIII, LLC, US FOOD, INC., VISION FINANCIAL GROUP, INC., LED SOLUTIONS, PENNSYLVANIA DEPARTMENT OF REVENUE, THE NEW YORK DEPARTMENT OF TAXATION AND FINANCE, THE OHIO DEPARTMENT OF TAXATION and THE INTERNAL REVENUE SERVICE, | |
| Respondents. | |

**EMERGENCY MOTION FOR SALE OF: (1) PERSONALTY; AND (2) DEBTOR'S INTEREST IN THAT CERTAIN LAND LEASE WITH ELMHURST PROPERTIES, INC. FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES**

**AND NOW**, comes 5171 Campbells Land Co., Inc., the Debtor, by and through its Counsel, Robert O Lampl, John P. Lacher, David L. Fuchs, Ryan J. Cooney and Sy O. Lampl, and files this **MOTION FOR SALE OF: (1) PERSONALTY; AND (2) DEBTOR'S INTEREST IN THAT CERTAIN LAND**

1

**LEASE WITH ELMHURST PROPERITES, INC. FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES**, as follows:

1. 5171 Campbells, Land Co., Inc. is the Debtor in the above Chapter 11 Case.

2. The Debtor commenced this Chapter 11 Case on July 8, 2019.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1334, 28 U.S.C. Section 157 and 11 U.S.C. Section 363.

4. Prior to the bankruptcy filing, the Debtor operated twenty-seven (27) Perkins Restaurants in Pennsylvania, New York and Ohio pursuant to certain License Agreements with Perkins & Marie Callender's, LLC ("PMC") and various real property and land leases with: STORE Capital Acquisitions, LLC; STORE Master Funding XIII, LLC; Perkins Holdings, LLC; Gerald R. Fry Co., Inc.; 3D Acquisitions, LP; Field Club Commons Associates, LLC; and Elmhurst Properties, Inc.

5. Prior to the bankruptcy filing, PMC terminated the Debtor's License Agreements.

6. Since the bankruptcy filing, the Debtor and PMC have entered into a Revised Stipulation and Consent Order and Amendments to said Revised Stipulation and Consent Order (collectively "the Perkins Stipulation"), which, *inter alia*, allows the Debtor to operate twenty-one (21) of its twenty-seven (27) restaurants as Perkins though August 31, 2019 pursuant to a temporary license. *See Doc. Nos. 28 & 106*.

7. Additionally, the Perkins Stipulation allows the Debtor to operate its 6 other locations under a non-Perkins concept.

8. As of the filing of the within Motion, the Debtor is operating twenty-one (21) Perkins restaurants and two (2) non-Perkins restaurants. Thus, since the bankruptcy filing, the Debtor has closed four (4) of its restaurants: Cranberry, PA; Canfield, OH; Canton, OH; and Grove City, PA.

9. During the negotiations related to the Perkins Stipulation which commenced immediately after filing the within bankruptcy case, it became clear to the Debtor, and its proposed Chief Restructuring Officer, Compass Advisory Partners, LLC ("Compass"), that JDK Management Co., Inc. (JDK), as one of the largest Perkins Franchisees and a previous bidder for the Debtor's assets in a prior Chapter 11 case, was going to emerge as a primary bidder for the Debtor's business assets being sold herein, which include tangible personal property, machinery, equipment, tools, supplies, inventory, furniture and fixtures, along with its interests in a building subject to a certain land lease.

10. Compass reached out to JDK in mid-July to engage in negotiations with JDK and to support JDK's due diligence activities, including site visits to several of the Debtor's restaurants. Upon receipt of an initial offer from JDK, Compass contacted another Perkins Franchisee and several other individuals to solicit higher and better offers for the sale of these restaurants (essentially the contents of the restaurants) on or before August 29, 2019. As a result of these efforts, higher offers were obtained for several restaurants on an individual basis, but no other bidder proposed to purchase more than four restaurants, thereby

3

making JDK's offer for twelve (12) restaurants higher/better, most notably due to the expected preservation of jobs.

11. Compass has pursued this sale process with the understanding that any sale would need to occur on an expedited basis given the August 31, 2019 expiration date of the temporary license under the Perkins Stipulation, and the fact that the Debtor is continuing to incur significant administrative claims.

12. Furthermore, Compass and the other interested parties in this case recognized the significant value in continuing to operate as many of the Debtor's restaurants as possible given the potential to sell them as a going-concern and the reality that the estate would realize more value from a going-concern sale compared to a liquidation and/or auction of its equipment. Additionally, a sale as a going-concern provides the opportunity to preserve 600-800 jobs.

13. It was always contemplated that any sale of the Debtor's business assets may be contingent upon the purchaser entering into License Agreement(s) with PMC and real property leases with its various landlords.

14. Finally, it became clear to the Debtor that any sale of the Debtor's business assets would need to be done in conjunction with a settlement between the Debtor and STORE Capital Acquisitions, LLC and STORE Master Funding XIII, LLC (collectively, "the STORE Parties") as the STORE Parties hold a first position blanket lien on the Debtor's business assets. In addition, the Store Parties are the landlord on a majority of the leases subject to the sale.[1] The liens held by the STORE Parties need to be released from the sales proceeds in order

---

[1] Debtor will reject the applicable leases between itself and STORE, with JDK to enter into new leases directly with STORE.

to pay certain administrative claims; such as professional fees, post-petition payroll, certain taxes, closing costs and U.S. Trustee fees.

15. As of the filing of the within motion, the Debtor has reached a settlement (subject to this Honorable Court's approval) with the STORE Parties and a motion to approve the same is imminent.

**THE SALE**

16. On August 21, 2019, and as a direct result of Compass' extensive efforts, the Debtor agreed to sell a portion of its business assets to an affiliate of JDK or an entity to be created by JDK for a purchase price of $500,000.00.

17. Specifically, the Debtor agreed to sell its business assets associated with the operation of the following twelve (12) restaurant locations: Olean, NY; Middleburg Heights, OH, Erie (East), PA; Boardman, OH; Erie (South), PA; Meadville, PA; Warren (Niles), OH; Indiana, PA; Clarion, PA; Warren (Elm Road), OH; Austintown, OH; and Edinboro, PA ("the Personalty") along with its building located at 3870 Elm Road NE, Warren, OH 44483, which the Debtor owns subject to a land lease with Elmhurst Properties, Inc. ("the Land Lease)"

18. The Debtor and JDK are still negotiating the allocation of the purchase price. It is expected that there will be a specific allocation for the Personalty and another specific allocation for the Land Lease. The allocations along with the specific deal terms will be set forth in an asset purchase agreement which the parties are working to finalize.

5

19. However, given the necessity of closing on this sale immediately, the Debtor is filing the within Motion before finalizing the asset purchase agreement. Once the agreement is finalized, it will be filed as an exhibit to the within Motion.

20. JDK will seek to negotiate new agreements with Vision Financial Group, Inc. and LED Solutions for certain POS systems and lighting equipment. However, in the event JDK is unsuccessful, the Debtor, through this Motion, seeks to assume and assign its interests in its agreements with Vision Financial Group, Inc. and LED Solutions pertaining to the 12 restaurant locations identified in paragraph 17.

21. The Respondents which may hold liens, claims and encumbrances against the Personalty and Land Lease are as follows:

    (a)    The STORE Parties;

    (b)    Ascentium Capital, LLC;

    (c)    IEMFS, Ltd. d/b/a GSG Financial;

    (d)    Hitachi Capital America Corp.;

    (e)    Tri State Equipment Co., Inc.;

    (f)    WesBanco Bank., Inc.;

    (g)    Vision Financial Group, Inc.;

    (h)    Pennsylvania Department of Revenue;

    (i)    The Internal Revenue Service;

    (j)    Elmhurst Properties, Inc.;

    (k)    LED Solutions;

    (l)  The New York Department of Taxation and Finance; and

    (m)  The Ohio Department of Taxation.

 22. The Personalty and Land Lease are being sold as-is, where-is.

## THE DEBTOR'S INTEREST IN THE LAND LEASE

 23. On or about November 15, 1977, Peter Denovchek ("Denovchek") and Golf View Manor, Inc. ("Golf View") executed a lease pursuant to which Denovchek agreed to lease land to Golf View located at 3870 Elm Road NE in Warren, Oh 44483. Golf View ultimately constructed a building on the property.

 24. Denovchek would later convey all of its rights, title and interest in the Land Lease to Elmhurst.

 25. Golf View would later merge into Sanray Corporation, which subsequently changed its name to Travaglini Enterprises, Inc. ("Travaglini").

 26. On or about February 5, 2007 and pursuant to a Land Lease Amendment, Assignment and Assumption and Consent ("the Amendment"), Travaglini assigned its interest in the Land Lease to Unique Ventures Group, LLC (Unique). Also, pursuant to the Amendment, the term of the Land Lease was extended through February 28, 2019, with two five-year renewal options.

 27. On February 13, 2017, Unique filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (*In re: Unique Ventures Group, LLC*, case no. 17-20526-TPA).

 28. On or about January 26, 2018, Unique, acting through its Chapter 11 Trustee, executed an Asset Purchase Agreement, pursuant to which Unique's interest in the Land Lease was assumed and assigned to the Debtor herein. On

7

January 29, 2019, the Bankruptcy Court entered an Order authorizing the transaction contemplated in the January 26, 2018 Asset Purchase Agreement.

29. Through the within Motion, the Debtor requests that the Order approving the sale provide that the Debtor's interest in the Land Lease be assumed and assigned to JDK or an entity to be created by JDK pursuant to 11 U.S.C. § 365.

30. The Debtor is aware that Elmhurst has filed a Motion for Relief from the Automatic Stay through which it alleges that Elmhurst terminated the Land Lease prior to the within bankruptcy filing. *See Doc. No. 130.* Shortly after the filing of the within motion, the Debtor will file a response to Elmhurst's Motion for Relief from Stay and request that said Motion be heard simultaneous with the within contemplated sale as the Debtor will requires a ruling regarding whether or not there was a pre-petition termination of the Land Lease prior to being able to transfer it interests in the Land Lease to JDK or an entity to be created by JDK. As will be explained in the Response to Elmhurst's Motion for Relief from Stay, the Debtor does not believe that there was a pre-petition termination.

**THE PROPOSED SALE IS IN THE BEST INTEREST OF THE ESTATE**

31. The Debtor believes, and therefore avers, that the proposed sale of the Personalty and its interest in the Land Lease is fair and reasonable and acceptance and approval of the same is in the best interest of this Estate.

32. Furthermore, it's contemplated that the majority of the employees that currently work in the twelve (12) locations identified in paragraph 17 above,

8

will be re-hired by JDK if the sale is approved, and thus approval of the proposed sale is in the best interest of the public.

## CAUSE EXISTS TO APPROVE THE SALE ON AN EMERGENCY BASIS AND TO WAIVE COMPLIANCE WITH BANKRUPTCY RULES 6004(A), 6004(F) 6004(H), 2002(A)(2) AND LOCAL RULE 6004-1

33. The Debtor submits that cause exists for the Court to approve this sale on August 29, 2019 and to waive any advertising or publication requirements set forth in the Bankruptcy Code or the Bankruptcy Rules, including Local Bankruptcy Role 6004-1, with the exception of the requirement to upload the Notice of Sale to the EASI system.

34. The Debtor further submits that cause exists for shortening any notice period required by Bankruptcy rules 2002 and 6004.

35. As stated, the Debtor's temporary license under the Perkins Stipulation is set to expire on August 31, 2019.

36. Without a temporary license, the Debtor will be required to immediately suspend operations. Such a suspension will instantly diminish the value of the Debtor's assets. In fact, the proposed purchaser, JDK, has conditioned its purchase on the Debtor being able to continue its operations through a closing on the proposed sale.

37. Without the proposed sale and simultaneous settlement with the STORE Parties, the Debtor will not have sufficient funds to pay its last payroll, which under its normal operations, is fourteen (14) days in arrears. The Debtor

9

also anticipates that it will lack sufficient funds to pay other administration such as professional fees and post-petition taxes.

38. Additionally, without the proposed sale, the employees of the twelve (12) locations identified in paragraph 17 will be immediately terminated.

39. Further, without the proposed sale, the Debtor will most likely be forced to auction the Personalty, which will result in minimal value to the estate.

40. The Debtor submits that there are no other qualified bidders as JDK has already engaged in extensive negotiations with PMC and the STORE Parties.

41. Finally, Compass has actively attempted to identify potentially interested parties and has actively solicited offers from multiple parties.

**WHEREFORE**, the Movant respectfully requests that this Honorable Court enter an Order approving the sale of Personalty and the Debtor's Interest in the Land Lease free and clear of all liens, claims and encumbrances.

                                            Respectfully Submitted,

Date: August 23, 2019                */s/ Robert O Lampl*
                                            ROBERT O LAMPL
                                            PA I.D. #19809
                                            JOHN P. LACHER
                                            PA I.D. #62297
                                            DAVID L. FUCHS
                                            PA I.D. #205694
                                            RYAN J. COONEY
                                            PA I.D. #319213
                                            SY O. LAMPL
                                            PA I.D. #324741
                                            Counsel for the Debtor
                                            223 Fourth Avenue, 4th Fl.
                                            Pittsburgh, PA 15222
                                            (412) 392-0330 (phone)
                                            (412) 392-0335 (facsimile)
                                            Email: rlampl@lampllaw.com

FIN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | |
|---|---|
| **5171 CAMPBELLS, LAND CO., INC.,** | Bankruptcy No. 19-22715-CMB |
| Debtor, | Chapter 11 |
| **5171 CAMPBELLS LAND CO., INC.,** | Document No. |
| Movant, | |
| vs. | |
| **ELMHURST PROPERTIES, INC., ASCENTIUM CAPITAL, LLC, IEMFS, Ltd. d/b/a GSG FINANCIAL, HITACHI CAPITAL AMERICA CORP., TRI STATE EQUIPMENT CO., INC., WESBANCO BANK, INC., STORE CAPITAL ACQUISITIIONS, LLC, STORE MASTER FUNDING XIII, LLC, US FOOD, INC., VISION FINANCIAL GROUP, INC., LED SOLUTIONS, PENNSYLVANIA DEPARTMENT OF REVENUE, THE NEW YORK DEPARTMENT OF TAXATION AND FINANCE, THE OHIO DEPARTMENT OF TAXATION and THE INTERNAL REVENUE SERVICE,** | |
| Respondents. | |

### CERTIFICATE OF SERVICE

Robert O Lampl, hereby certifies that on the 23rd day of August, 2019, a true and correct copy of the foregoing **MOTION FOR SALE OF: (1) PERSONALTY; AND (2) DEBTOR'S INTEREST IN THAT CERTAIN LAND LEASE WITH ELMHURST PROPERITES, INC. FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES**, was served upon the following *(via electronic service, facsimile or First Class U.S. Mail)*:

Office of the United States Trustee
1001 Liberty Avenue, Suite 970
Pittsburgh, PA 15222

Date: <u>August 23, 2019</u>      /s/ Robert O Lampl
                                                                             ROBERT O LAMPL
                                                                             PA I.D. #19809
JOHN P. LACHER
PA I.D. #62297
DAVID L. FUCHS
PA I.D. #205694
RYAN J. COONEY
PA I.D. #319213
SY O. LAMPL
PA I.D. #324741
Counsel for the Debtor
223 Fourth Avenue, 4th Fl.
Pittsburgh, PA 15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)
Email: rlampl@lampllaw.com