# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | |
|---|---|
| **5171 CAMPBELLS LAND CO., INC.,** | Bankruptcy No. 19-22715-CMB |
| Debtor. | Chapter 11 |
| **ELHMURST PROPERTIES, INC.,** | Document No. |
| Movant, | Related to Doc. Nos. 130 & 132 |
| vs. | Hearing Date and Time:<br>September 20, 2019 at 1:30 p.m. |
| **5171 CAMPBELLS LAND CO., INC.,** | |
| Respondent. | |

## RESPONSE TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

AND NOW, comes 5171 Campbells Land Co., Inc., the Debtor in the above Bankruptcy case and the Respondent herein, by and through its Counsel, Robert O Lampl, John P. Lacher, David L. Fuchs, Ryan J. Cooney and Sy O. Lampl and files this **RESPONSE TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY**, as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted. The Amendment is a written document which speaks for itself.

8. Admitted. The Amendment is a written document which speaks for itself.

9. Admitted.

1

10. Admitted. The January 29, 2018 Order of Court is a written document which speaks for itself.

11. It is admitted that the Debtor paid rent for November and December 2018. The remainder of this paragraph is denied and strict proof thereof is demanded.

12. The averments of this paragraph are denied to the extent that Movant's characterization of the Notice of Default differs from its plains terms as the Notice of Default is a written document, which speaks for itself.

13. The averments of this paragraph are denied. By way of further response, following the Notice of Default dated February 21, 2019, the Debtor cured the alleged default by paying rent for January and February 2019. In light of the Debtor's cure of the issues raised in the February 21, 2019 Notice of Default, the Movant was required under both the Lease and Ohio law, to send a subsequent Notice of Default prior to attempting to terminate the Lease for the alleged non-payment of April, May and June 2019 rent. *See Movant's Exhibit A, P.8, Paragraph 13*. In fact, the invalid Termination Notice, which states that the Lease is being terminated for the failure to pay April, May and June 2019 rent, implicitly admits that the issues raised in the February 21, 2019 Notice of Default (the January and February 2019 rent) had been cured. *See Movant's Exhibit C*. As the Movant failed to send a subsequent notice of default after the cure of the issues raised in the February 21, 2019 Notice of Default and specifically failed to send any notice of default regarding the April, May and June 2019 rent, the attempted termination is invalid.

Additionally, the attempted termination is invalid for another reason: the Debtor tendered the April, May and June 2019 rent payments prior to the issuance of the invalid Termination Notice. Copies of the April, May and June checks provided to Movant are

collectively attached hereto as **Exhibit A**. Instead of cashing the April, May and June 2019 rent checks, the Movant, in violation of Ohio landlord/tenant law, attempted to improperly terminate the Lease and deprive the Debtor of its property. *See Cuyahoga River Assocs. P'ship v. MJK Corp., 1996 Ohio App. LEXIS 124; Showe Mgmt. Corp. v. Moore*, 2009 Ohio App. LEXIS 1951.

14. It is denied that the termination is valid. By way of further response, the Debtor incorporates its response to paragraph 13.

15. Admitted.

16. The averments of this paragraph are conclusions of law for which no answer is required.

17. The averments of this paragraph are conclusions of law for which no answer is required. By way of further response, the Debtor incorporates its response to paragraph 13.

18. The averments of this paragraph are conclusions of law for which no answer is required. By way of further response, the Debtor incorporates its response to paragraph 13.

19. The averments of this paragraph are conclusions of law for which no answer is required.

20. The averments of this paragraph are conclusions of law for which no answer is required. By way of further response, the Debtor incorporates its response to paragraph 13.

21. The averments of this paragraph are conclusions of law for which no answer is required.

22. The averments of this paragraph are conclusions of law for which no answer is required.

23. The averments of this paragraph are conclusions of law for which no answer is required. By way of further response, the Debtor incorporates its response to paragraph 13.

24. The averments of this paragraph are conclusions of law for which no answer is required. By way of further response, the Debtor incorporates its response to paragraph 13.

25. The averments of this paragraph are conclusions of law for which no answer is required.

26. The averments of this paragraph are conclusions of law for which no answer is required.

27. The averments of this paragraph are conclusions of law for which no answer is required. By way of further response, the Debtor incorporates its response to paragraph 13.

28. The averments of this paragraph are denied to the extent that Movant's characterization of the Motion for Appointment of Chapter 11 Trustee differs from its plain terms as the Motion for Appointment of Chapter 11 Trustee is a written document which speaks for itself. By way of further answer, the unverified allegation regarding William T. Kane in the Motion for Appointment of Chapter 11 Trustee has no bearing on the issue at hand. Additionally, the Debtor incorporates its response to paragraph 13.

29. Admitted. However, counsel for the Debtor will attempt to negotiate with Counsel for the movant prior to the hearing on this matter.

30. The averments of this paragraph are conclusions of law for which no answer is required. By way of further response, the Debtor incorporates its response to paragraph 13.

31. The averments of this paragraph are conclusions of law for which no answer is required. By way of further response, the Debtor incorporates its response to paragraph 13.

32. The averments of this paragraph are conclusions of law for which no answer is required. By way of further response, the Debtor incorporates its response to paragraph 13.

33. The averments of this paragraph are conclusions of law for which no answer is required.

34. The averments of this paragraph are conclusions of law for which no answer is required. By way of further response, the Debtor incorporates its response to paragraph 13.

35. The averments of this paragraph are conclusions of law for which no answer is required. By way of further response, the Debtor incorporates its response to paragraph 13.

36. The averments of this paragraph are conclusions of law for which no answer is required. By way of further response, the Debtor incorporates its response to paragraph 13.

37. The averments of this paragraph are conclusions of law for which no answer is required. By way of further response, the Debtor incorporates its response to paragraph 13.

WHEREFORE, it is respectfully requested that this Honorable Court deny the Movant's Motion.

Respectfully Submitted,

Date: <u>August 26, 2019</u>

*/s/ Robert O Lampl*
ROBERT O LAMPL
PA I.D. #19809
JOHN P. LACHER
PA I.D. #62297
DAVID L. FUCHS
PA I.D. #205694
RYAN J. COONEY
PA I.D. #319213
SY O. LAMPL
PA I.D. #324741
223 Fourth Avenue, 4th Fl.
Pittsburgh, PA  15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)
Email:  rlampl@lampllaw.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | |
|---|---|
| **5171 CAMPBELLS LAND CO., INC.,** | Bankruptcy No. 19-22715-CMB |
| Debtor. | Chapter 11 |
| **ELHMURST PROPERTIES, INC.,** | Document No. |
| Movant, | Related to Doc. Nos. 130 & 132 |
| vs. | Hearing Date and Time:<br>September 20, 2019 at 1:30 p.m. |
| **5171 CAMPBELLS LAND CO., INC.,** | |
| Respondent. | |

## CERTIFICATE OF SERVICE

Robert O Lampl hereby certifies that on the 26th day of August, 2019, a true and correct copy of the within **RESPONSE TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY**, was served upon the *following (via Electronic Service and/or First-Class U. S. Mail):*

Office of the U.S. Trustee
1001 Liberty Avenue
Suite 970
Pittsburgh, PA  15222

Aurelieus P Robleto
Renee Kuruce
Robleto Kuruce, PLLC
6101 Penn Avenue, Suite 201
Pittsburgh, PA 15222
apr@robletolaw.com
rmk@robletolaw.com

7

Date:  <u>August 26, 2019</u>                    <u>*/s/ Robert O Lampl*</u>
                                                                             ROBERT O LAMPL
                                                                             PA I.D. #19809
                                                                             JOHN P. LACHER
                                                                             PA I.D. #62297
                                                                             DAVID L. FUCHS
                                                                             PA I.D. #205694
                                                                             RYAN J. COONEY
                                                                             PA I.D. #319213
                                                                             SY O. LAMPL
                                                                             PA I.D. #324741
                                                                             223 Fourth Avenue, 4th Fl.
                                                                             Pittsburgh, PA  15222
                                                                             (412) 392-0330 (phone)
                                                                             (412) 392-0335 (facsimile)
                                                                             Email:  rlampl@lampllaw.com