# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: 5171 CAMPBELLS LAND CO., INC.<br><br>        Debtor | Case No. 19-22715-CMB<br><br>Chapter 11<br><br>Related to Doc. No. 149 |
| 5171 CAMPBELLS LAND CO., INC.,<br><br>Movant,<br><br>v.<br><br>ASCENTIUM CAPITAL, LLC, et al.,<br><br>Respondents. | Hearing: August 29, 2019 at 11:00 A.M.<br><br>Response Deadline: August 28, 2019<br><br>JUDGE BÖHM |

### REINHART FOODSERVICE, L.L.C.'S LIMITED OBJECTION TO DEBTOR'S MOTION TO SELL SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS AT ASHLAND, OH LOCATION FREE AND CLEAR OF LIENS AND RELATED RELIEF

Reinhart Foodservice, L.L.C. ("Reinhart"), by its undersigned attorneys, hereby files this limited objection to the Debtor's Emergency Motion for Sale of Personalty Free and Clear of All Liens, Claims and Encumbrances (Docket no. 149; the "Motion") relating to Debtor's restaurant in Ashland, OH (the "Sale Location"), and in support thereof states as follows:

### BACKGROUND

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is appropriate in this court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. On July 8, 2019 (the "Petition Date"), 5171 Campbells Land Co., Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et. seq.* (the "Bankruptcy Code").

3. The Debtor continues to manage its businesses and possess its properties.

4. Prior to the Petition Date, Reinhart supplied the Debtor with certain goods, in the form of food and food products, at 27 separate locations, including the Sale Location. Reinhart also leased to the Debtors dish washing machines and softeners (the "Leased Equipment") to the Debtor at most or all of its locations, again including at the Sale Location. Reinhart continues to supply food and goods to the Debtor and the Leased Equipment remains in place. The Leased Equipment is provided pursuant to certain documents and agreements, including an Equipment Lease Agreement dated March 18, 2018 that includes a master list of dish machines, and possibly also individual lease agreements for the equipment at each location.

5. In the 20 days prior to the Petition Date, Reinhart provided food and other goods to the Debtor, including at the Sale Location. Reinhart is continuing to reconcile its records, but as of the date of this objection, Reinhart believes it has an allowable administrative claim under § 503(b)(9) of the Bankruptcy Code against the Debtor totaling approximately $266,000, including approximately $9,200 related to the Sale Location.

6. In addition, Reinhart has continued to deliver food and products to the Sale Location after the Petition Date, and expects additional deliveries may be made this week up to and after the possible closing date of the proposed sale. While Reinhart's current terms call for payment on the day following delivery, Reinhart is continuing to reconcile its records with regard to all amounts owed, including both pre-petition and post-petition claims.

## **LIMITED OBJECTIONS AND ARGUMENT**

7. The Motion makes no mention of or provision for payment of most administrative claims relating to the ongoing operation of the Sale Location. The proposed order only provides for payment of payroll, taxes, trustee fees, and then substantial payments to Debtor's professionals to be held pending fee applications.

8. In addition, the Motion makes no mention of what is happening with the Debtor's other locations, not covered by one of the four sale motions filed by the Debtor on August 22. The Motion describes how the Debtor is operating 23 locations, but the four motions combined only address sixteen total properties, leaving seven (7) locations unaccounted for, with no explanation as to the Debtor's plan for them.

9. While Reinhart generally does not oppose the sale of the Sale Location, provisions must be implemented to ensure that Reinhart is paid for food and other deliveries prior to the closing date. Therefore, any order approving the Motion should specifically provide that Reinhart must be paid at closing for all outstanding amounts owed for food and other products delivered after the Petition Date and prior to the Closing Date at the Sale Location, and to the extent not paid, that the buyer is assuming and shall pay all such liabilities. The buyer must also agree to pay for all product deliveries on and after the closing at the Sale Location. Reinhart is ready and willing to work with the buyer and the Debtor on a smooth transition on the closing date, such that there is no interruption of deliveries for food or related products; but Reinhart should be assured of payment in full for post-petition deliveries at closing from the closing proceeds, and for all deliveries on and after the closing.

10. In addition, if the Debtor expects to be forced to cease operating at its remaining seven stores, then the orders approving the sale need to account for the costs and expenses being incurred at the other Debtor locations.

11. Provision also must be made for payment of the potential Reinhart 503(b)(9) claim. Therefore, any order approving the Motion should contain a specific provision segregating funds for the potential payment of these administrative claims. If the Debtor is or may be administratively insolvent, then procedures must be implemented so that all administrative creditors, including professionals, receive pro-rata treatment.

12. Finally, the Motion makes no mention of the potential for leased personal property at the Sale Location, and there is no provision seeking to assume and assign any existing equipment leases. Therefore, any order approving the sale must make clear that any transfer of possession of equipment provided to the Debtor by Reinhart under an equipment lease remains subject to, and is not free and clear of, Reinhart's ownership and other rights in the equipment provided thereunder. So long as the order approving the sale preserves Reinhart's rights and claims relating to its Leased Equipment, Reinhart will work with interested parties regarding possible assumption and assignment of such leases, including a reconciliation of an appropriate cure amount.

13. Alternatively, if the applicable equipment lease is not going to be assumed, then the applicable equipment should be promptly returned to Reinhart, and Reinhart's rights to compensation for any continuing use of the equipment, prior to, or after the Closing Date, must be preserved.

14. To be clear, Reinhart is willing to consent to the assumption and the assignment of the equipment leases so long as an appropriate cure amount applies, Reinhart's rights in its property

are preserved, and the Debtor and any buyer otherwise comply with the requirements of the Bankruptcy Code.

    WHEREFORE, Reinhart requests that the relief requested in the Motion be qualified and limited as set forth above, and that the court grant such other and further relief as appropriate.

Dated: August 28, 2019

/s/ Samuel C. Wisotzkey
Samuel C. Wisotzkey, Esq. (*pro hac vice*)
KOHNER, MANN & KAILAS, S.C.
Washington Building
4650 N. Port Washington Rd.
Milwaukee, WI 53212-1059
Telephone (414) 962-5110
swisotzkey@kmksc.com

Paul R. Yagelski, Esquire
ROTHMAN GORDON, P.C.
310 Grant Street
Grant Building - Third Floor
Pittsburgh, PA 15219
Phone: (412) 338-1124
Email: PRYage1ski@rothmangordon.com
PA. ID. NO. 29959
Attorneys for Reinhart Foodservice, L.L.C.

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that I served the within Limited Objection on all counsel of record via the Court's CM/ECF system, as listed below, on August 28, 2019.

Christopher J. Azzara on behalf of Creditor US Foods, Inc.
cazzara@smgglaw.com, ccallahan@smgglaw.com;kmaiorano@smgglaw.com

James Bauerle on behalf of Creditor Vision Financial Group, Inc.
jbauerle@kwblegal.com

Robert S. Bernstein on behalf of Creditor Committee Official Committee Of Unsecured Creditors
rbernstein@bernsteinlaw.com, pghecf@bernsteinlaw.com; cwirick@bernsteinlaw.com; rbernstein@ecf.courtdrive.com; cwirick@ecf.courtdrive.com

Kirk B. Burkley on behalf of Creditor Committee Official Committee Of Unsecured Creditors
kburkley@bernsteinlaw.com, pghecf@bernsteinlaw.com; cwirick@bernsteinlaw.com; kburkley@ecf.courtdrive.com; cwirick@ecf.courtdrive.com

Allison L. Carr on behalf of Creditor William T. Spaeder Co., Inc.
acarr@tuckerlaw.com, agilbert@tuckerlaw.com

Francis E. Corbett on behalf of Creditor Tri State Restaurant Equipment Company, Inc.
fcorbett@fcorbettlaw.com, fcorbett7@gmail.com

Donna M. Donaher on behalf of Creditor c/o Donna Donaher First National Bank of Pennsylvania
donaherd@fnb-corp.com

James F. Grenen on behalf of Creditor STORE Capital Acquisitions, LLC
jgrenen@grenenbirsic.com

James F. Grenen on behalf of Creditor STORE Master Funding XIII, LLC
jgrenen@grenenbirsic.com

David Andrew Haworth on behalf of Creditor STORE Capital Acquisitions, LLC
haworthd@ballardspahr.com, hartt@ballardspahr.com; ganzc@ballardspahr.com

David Andrew Haworth on behalf of Creditor STORE Master Funding XIII, LLC
haworthd@ballardspahr.com, hartt@ballardspahr.com;ganzc@ballardspahr.com

John Joseph Heurich, Jr. on behalf of Creditor L-Four, L.P.
jheurich@lynchlaw-group.com

John Joseph Heurich, Jr. on behalf of Creditor Ronald G Linaburg
jheurich@lynchlaw-group.com

Alan C. Hochheiser on behalf of Creditor AmTrust North America, Inc. on behalf of Technology Insurance Company, Inc.
ahochheiser@mauricewutscher.com

Joseph Edward Hudak on behalf of Interested Party MARC Group LLC
josephhudaklaw@gmail.com

Joseph Edward Hudak on behalf of Interested Party Peter Kaplan
josephhudaklaw@gmail.com

Ryan James on behalf of Creditor BurMac Commercial Roofing, Inc.
RXJ@galantertomosovich.com

Michael P. Kruszewski on behalf of Creditor Erie County Tax Claim Bureau
mkruszewski@quinnfirm.com, knottingham@quinnfirm.com; mboni@quinnfirm.com; quinnbankruptcy@gmail.com; mmbquinnbankruptcy@gmail.com; mtrayer@quinnfirm.com; gbebko@quinnfirm.com

Robert O Lampl on behalf of Debtor 5171 Campbells Land Co., Inc.
rol@lampllaw.com, jschemm@lampllaw.com;jlacher@lampllaw.com;dfuchs@lampllaw.com; eslagle@lampllaw.com;neish51@gmail.com;jcooney@lampllaw.com;rcooney@lampllaw.com; slampl@lampllaw.com;RossLampl@lampllaw.com;rkunkel@lampllaw.com

Michael C. Mazack on behalf of Creditor L-Four, L.P.
mmazack@lynchlaw-group.com

Michael C. Mazack on behalf of Creditor Ronald G Linaburg
mmazack@lynchlaw-group.com

John R. O'Keefe, Jr. on behalf of Creditor Dollar Bank, Federal Savings Bank
jokeefe@metzlewis.com

Office of the United States Trustee
ustpregion03.pi.ecf@usdoj.gov

Michael Paul Oliverio on behalf of Creditor L-Four, L.P.
moliverio@lynchlaw-group.com, syellin@lynchlaw-group.com;cleonard@lynchlaw-group.com

Michael Paul Oliverio on behalf of Creditor Ronald G Linaburg
moliverio@lynchlaw-group.com, syellin@lynchlaw-group.com;cleonard@lynchlaw-group.com

Donald L. Phillips on behalf of Attorney CLEVELAND BROTHERS EQUIPMENT CO INC
dphillips@donaldphillipslaw.com, ashapiro@donaldphillipslaw.com

Aurelius P. Robleto on behalf of Creditor Elmhurst Properties, Inc.
apr@robletolaw.com,
rmk@robletolaw.com,ecf_admin@robletolaw.com,apr@ecf.courtdrive.com

Melissa Lou Van Eck on behalf of Creditor Commonwealth of Pennsylvania Department of Revenue
mvaneck@attorneygeneral.gov

Paul R. Yagelski on behalf of Creditor Reinhart Foodservice, L.L.C.
pryagelski@rothmangordon.com, jdmyers@rothmangordon.com

Jennifer Zap on behalf of Attorney Ohio Department of Taxation
jennifer.zap@ohioattorneygeneral.gov

Norma Hildenbrand, on behalf of the United States Trustee by on behalf of U.S. Trustee Office of the United States Trustee
Norma.L.Hildenbrand@usdoj.gov

                                                  /s/ Samuel C. Wisotzkey
                                                  Samuel C. Wisotzkey, Esq.