IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Case No.: 19-22715-CMB |
| **5171 CAMPBELLS LAND CO., INC.,** | Chapter 11 |
| Debtor, | Related to Docs. 149, 151, 153, 158 |
| US Foods, Inc., | Hearing Date: |
| Movant, | August 29, 2019 at 11:00 AM |
| v. | |
| 5171 Campbells Land Co., Inc., | |
| Respondent. | |

## LIMITED OBJECTION OF US FOODS, INC.
## TO DEBTOR'S EMERGENCY MOTIONS FOR SALE OF PERSONALTY [DOCKET NOS. 149, 151, 153 & 158]

US Foods, Inc. ("US Foods"), by and through its undersigned attorneys, and its limited object to Debtor's Emergency Motions for Sale of Personalty [Docket Nos. 149, 151, 153 & 158] (the "Objection"), states as follows:

### INTRODUCTION

US Foods objects, on a limited basis, to the proposed sale by 5171 Campbells Land Co., Inc. ("Debtor") of real property and personal property (the "Sale Assets") as provided in the Debtor's various sale motions [Docket Nos. 149, 151, 153 & 158] (the "Sale Motions") only to the extent that the Sale Motions fail to properly identify and adequately protect US Foods' interests in the Sale Assets. Specifically, US Foods has claims against the Debtor pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq.* ("PACA"), and is also a senior secured creditor with valid liens on the Sale Assets. US Foods does not consent to the Sale Motions unless its interests in and liens on the Sale Assets are adequately protected by attaching to the sale proceeds with the same validity and priority.

## BACKGROUND

1. On July 8, 2019 (the "Petition Date"), Debtor filed a voluntary petition for bankruptcy relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

2. Prior to the Petition Date, US Foods supplied the Debtor with certain goods, in the form of food and food products.

3. Certain goods delivered to the Debtor by US Foods were perishable agricultural commodities within the meaning ascribed to such term under PACA in the aggregate amount of **$49,155.11** (the "PACA Claim").

4. Additionally, US Foods holds a security interest in and lien on all of the Debtor's personal property, including the proceeds and products thereof, granted in that certain Customer Account Application executed on behalf of the Debtor and dates as of January 25, 2018 (the "Agreement"). On March 15, 2018, US Foods perfected its security interest by filing that certain financing statement (the "Financing Statement"), file number 2018031500694. A true and correct copy of the Agreement and Financing Statement are attached hereto as **Group Exhibit A**.

5. On August 2, 2019, US Foods filed its Motion for Allowance and Immediate Payment of PACA Claim and 503(b)(9) Claim [Docket No. 109], which is set for hearing on September 20, 2019 (the "PACA and 503(b)(9) Motion").

6. On August 22 and 23, 2019, Debtor filed the Sale Motions seeking approval of the Court to sell the Sale Assets including, among other things, the personal property of sixteen (16) of its twenty-seven (27) restaurants.

7. Each of the Sale Motions identifies parties that may have interests in the Sale Assets. US Foods is incorrectly omitted from that list.

8. Additionally, one Sale Motion (Docket No. 158), incorrectly states that a party other than US Foods holds a first position lien "on the Debtor's business assets." To the contrary, a review of the financing statements recorded against the Debtor confirms that US Foods is the senior secured party regarding certain of the Debtor's personal property, including property proposed to be sold in the Sale Motion (Docket No. 158).

## LIMITED OBJECTION

9. US Foods objects to the Sale Motions unless its rights pursuant to PACA, and as a secured creditor of Debtor are adequately protected.

### *US Foods Seeks Preservation of Its PACA Rights*

10. US Foods' PACA Claim is fully presented in the PACA and 503(b)(9) Motion, which is incorporated herein by reference. PACA trust assets are not part of the debtor's estate. 11 U.S.C. § 541(d); 49 Fed. Reg. 45735, 45738; *In re United Fruit & Produce Co., Inc.*, 242 B.R. 295, 298 (Bankr. W.D. Pa. 1999). "The dissipation of PACA trust assets constitutes irreparable harm if it makes ultimate recovery unlikely." *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 140-41 (3rd Cir. 2000).

11. Accordingly, proceeds from the sale of the Sale Assets are PACA trust assets, and such proceeds should be immediately paid to US Foods in satisfaction of its PACA Claim, or set aside and segregated from other assets of the Debtor.

### *US Foods Seeks Preservation of Its Security Interests and Liens*

12. US Foods has a security interest in and lien on the Sale Assets. Pursuant to Section 363(e) of the Bankruptcy Code, "at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or

without hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest."

13. Further, pursuant to Section 363(f) of the Bankruptcy Code, a debtor may only sell property of the estate under section (b) free and clear of any interest in such property if –

> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) such interest is in bona fide dispute; or
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

14. Unless its secured creditors consent to such sale, Debtors have not established any of the factors required by Section 363(f) of the Bankruptcy Code.

15. Furthermore, pursuant to 11 U.S.C. § 363(e), holders of an interest in the property to be sold <u>must</u> receive "adequate protection" for such interest.

16. US Foods properly perfected its security interests in the Debtor's personal property, including the Sale Assets. Although US Foods is not requesting the Court determine lien priority prior to the sale, any order approving the Sale Motions must provide that US Foods' lien on and interests in the Sale Assets attach to the proceeds of the sale with the same validity and priority of US Foods' liens on and interests in the Sale Assets.

WHEREFORE, for the reasons stated herein, US Foods, Inc. requests the Court enter an order approving the Sale Motion only if such order: (i) provides that US Foods' PACA claim be paid by such proceeds, or that amounts be set aside to satisfy such claim upon further order of the Court; (ii) provides that US Foods' liens on and interests in Debtor's assets attach to the proceeds of the sale to the same extent, validity and priority of US Foods' liens on and interests in the Sale

Assets; and (iii) granting such other and further relief that the Court deems just and appropriate under the circumstances.

Date: August 28, 2019

Respectfully Submitted,

STRASSBURGER McKENNA GUTNICK & GEFSKY

By: /s/ Christopher J. Azzara
Christopher J. Azzara
PA I.D. No. 204114

Four Gateway Center, Suite 2200
444 Liberty Avenue
Pittsburgh, PA 15222
(412) 281-5423
(412) 281-8264 (Fax)

BRYAN CAVE LEIGHTON PAISNER LLP
Leslie Bayles, Esquire
Aaron Davis, Esquire
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
(312) 602-5000
(312) 602-5050
leslie.bayles@bclplaw.com
aaron.davis@bclplaw.com

*Counsel for US Foods, Inc.*