Exhibit Settlement Agreement    Page 1 of 13

# Exhibit 1

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "**Settlement Agreement**") is made as of August 28, 2019 by and between 5171 Campbells Land Co. Inc. ("**5171**") on the one hand and STORE Capital Acquisitions, LLC ("**STORE Capital**") and STORE Master Funding XIII, LLC ("**STORE Master**" and together with STORE Capital, "**STORE**") on the other. 5171 and STORE are referred to herein as the "**Parties**."

## RECITALS

**WHEREAS**, on or about April 3, 2018, STORE Capital and 5171 executed a Mortgage Loan Agreement (the "**Loan Agreement**") whereby STORE Capital agreed to loan to 5171 an aggregate amount of $1,750,000.00 (the "**Loan**");

**WHEREAS**, on or about April 3, 2018, in connection with the Loan Agreement, 5171 executed in favor of STORE Capital a Promissory Note (the "**Note**"), whereby 5171 pledged to pay to STORE Capital the principal sum of the Loan plus interest on the unpaid principal amount;

**WHEREAS**, on or about April 3, 2018, the aggregate amount of the Loan was advanced to 5171 in cash or otherwise immediately available funds;

**WHEREAS**, on or about April 3, 2018, in connection with the execution of the Loan Agreement and Note, William Kane, Frank Kane, and Ron Linaburg (the "**Guarantors**") executed an Unconditional Guaranty of Payment and Performance for the benefit of STORE Capital;

**WHEREAS**, on or about February 12, 2018, STORE Master, as Lessor, and 5171, as Lessee, entered into the Master Lease Agreement (the "**Master Lease**") for certain real properties located at:

- 7175 Engle Road, Middleburg Heights, Ohio 44130
- 4334 Buffalo Road, Erie, Pennsylvania 16510
- 1871 Oakland Avenue, Indiana, Pennsylvania 15701

- 2714 West Lake Road, Erie, Pennsylvania 16505

- 915 W. Main Street, Grove City, Pennsylvania 16127

- 78 Perkins Road, Clarion, Pennsylvania 16214

- 18276 Conneaut Lake Road, Meadville, Pennsylvania 16335

- 207 W. Plum Street, Edinboro, Pennsylvania 16412

- 1953 Niles-Cortland Road SE, Warren, Ohio 44484

- 4403 Peach Street, Erie, Pennsylvania 16509

- 31-35 Bolivar Drive, Bradford, Pennsylvania 16701

- 2728 West State Street, Olean, New York 14760

- 310 W. Columbus Avenue, Corry, Pennsylvania 16407

- 5550 Interstate Blvd., Austintown, Ohio 44515

- 804 Boardman-Poland Road, Youngstown, Ohio 44512

- 219 E. Central Avenue, Titusville, Pennsylvania 16354

- 658 US Route 250 E, Ashland, Ohio, 44805

Collectively, the foregoing properties are referred to as the "**Master Lease Properties**;"

**WHEREAS** in connection with the execution of the Master Lease, 5171 delivered to STORE Master a letter of credit in an amount equal to $2,500,000.00 (the "**Non-Debtor Letter of Credit**") as security for the full and faithful performance by 5171 of the payment of the Base Monthly Rental (as defined in the Master Lease);

**WHEREAS** in connection with the execution of the Master Lease, on or about February 12, 2018, the Guarantors executed an Unconditional Guaranty of Payment and Performance for the benefit of STORE Capital;

**WHEREAS** in connection with the execution of the Master Lease, 5171 delivered to STORE Master a security deposit in the sum of $2,500,000.00 (the "**Security Deposit**") as security

2

for the full and faithful performance by 5171 of the payment of each and every term of the Master Lease;

**WHEREAS**, in addition to the Master Lease, on or about February 12, 2018, 5171 and STORE Capital entered into separate lease agreements (the "**Individual Leases**") for certain real properties located at:

- 587 E. Main Street, Canfield, Ohio 44406
- 1601 W. Prospect Road, Ashtabula, Ohio 44004
- 4896 Everhard Road NW, Canton, Ohio 44718
- 2945 East State Street, Hermitage, Pennsylvania 16148
- 115 Ludlow Street, Warren, Pennsylvania 16365

Collectively, the foregoing properties are referred to as the "**Individual Lease Properties**," and, together with the Master Lease Properties, the Individual Lease Properties are referred to as the "**Properties**;"

**WHEREAS** in connection with the execution of each Individual Lease, on or about February 12, 2018, the Guarantors executed an Unconditional Guaranty of Payment and Performance for the benefit of STORE Capital;

**WHEREAS** in connection with the execution of the Master Lease and the Individual Leases, 5171 granted STORE a security interest in all furniture, fixtures, and equipment (the "**FF&E**") located in the Properties;

**WHEREAS** STORE perfected its security interest in the FF&E by filing UCC-1 financing statements with the Secretary of State for the State of Pennsylvania (the "**STORE UCCs**");

**WHEREAS** 5171 defaulted under the Loan Agreement, Note, and the Leases;

3

**WHEREAS**, on or about June 12, 2019, STORE filed a complaint (the "**Complaint**") against 5171 in the United States District Court for the Western District of Pennsylvania initiating Case No. 19-cv-00685-PJP (the "**Pennsylvania Action**");

**WHEREAS**, in the Complaint, STORE asserted claims for breach of contract under the Loan Agreement, Note, and the Leases;

**WHEREAS**, on or about July 2, 2019, STORE filed its Motion for Expedited Appointment of Receiver (the "**Receiver Motion**") in the Pennsylvania Action;

**WHEREAS**, on or about July 8, 2019, 5171 filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Western District of Pennsylvania (the "**Court**") initiating bankruptcy Case No. 19-22715 (the "**Bankruptcy Case**");

**WHEREAS** after filing its bankruptcy petition, 5171 entered into negotiations with JDK Management Co., Inc. ("**JDK**") regarding the purchase of certain assets of 5171's located at the following properties: 2728 West State Street, Olean, New York 14760; 4334 Buffalo Road, Erie, Pennsylvania 16510; 7175 Engle Road, Middleburg Heights, Ohio 44130; 4403 Peach Street, Erie, Pennsylvania 16509; 804 Boardman-Poland Road, Youngstown, Ohio 44512; 18276 Conneaut Lake Road, Meadville, Pennsylvania 16335; 1953 Niles-Cortland Road SE, Warren, Ohio 44484; 1871 Oakland Avenue, Indiana, Pennsylvania 15701; 78 Perkins Road, Clarion, Pennsylvania 16214; 5550 Interstate Blvd., Austintown, Ohio 44515; 207 W. Plum Street, Edinboro, Pennsylvania 16412; and 3870 Elm Road NE, Warren, OH 44483 (the "**12 JDK Stores**").

**WHEREAS** JDK has offered to purchase certain assets at the 12 JDK Stores (the "**JDK Sale**");

**WHEREAS** STORE, pursuant to its UCCs, has a first position lien on the assets at the 12 JDK Stores with the exception of the assets located at 3870 Elm Road NE, Warren, OH 44483;

4

**WHEREAS** after filing its bankruptcy petition, 5171 entered into negotiations with Rebecca Rogers ("**Rogers**") regarding the purchase of certain assets of 5171's located at 1601 W. Prospect Road, Ashtabula, Ohio 44004 (the "**Rogers Store**");

**WHEREAS** Rogers has offered to purchase certain assets at the Rogers Store (the "**Rogers Sale**");

**WHEREAS** STORE, pursuant to its UCCs has a first position lien on the assets at the Rogers Store;

**WHEREAS** after filing its bankruptcy petition, 5171 entered into negotiations with Amanda Bittinger ("**Bittinger**") regarding the purchase of certain assets of 5171's located at 658 US Route 250 E, Ashland, Ohio, 44805 (the "**Bittinger Store**");

**WHEREAS** Bittinger has offered to purchase certain assets at the Bittinger Store (the "**Bittinger Sale**");

**WHEREAS** STORE, pursuant to its UCCs has a first position lien on the assets at the Bittinger Store;

**WHEREAS** the Parties enter into this Settlement Agreement to reach a full and final settlement relating to the disputes among them related to the Pennsylvania Action, the Receiver Motion, and STORE's treatment by 5171 as a creditor in the Bankruptcy case;

**NOW, THEREFORE**, in consideration of and reliance upon the promises, representations and material covenants set forth hereinabove and hereinafter, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties, intending to be legally bound hereby, agree as follows:

## AGREEMENT

1. <u>Release of Security Interest</u>.  As of the Effective Date of this Settlement Agreement, and in order to effectuate certain sales, STORE shall release the security interest it holds over the

5

FF&E identified in the JDK Sale, the Rogers Sale, and the Bittinger Sale (the "**STORE Release**"). Specifically, STORE's agreement to release its security interest in the FF&E is limited to and applies *only* to the assets sold pursuant to the JDK Sale, the Rogers Sale, and the Bittinger Sale. This STORE Release only applies to the extent the JDK Sale, the Rogers Sale, and the Bittinger Sale are fully consummated and approved by the Court. To the extent the JDK Sale, Rogers Sale, and/or Bittinger Sale are approved before this Settlement Agreement, Debtor agrees not to apply the proceeds of such sales to any claims until the Effective Date. Any remaining FF&E that is not sold as part of the JDK Sale, the Rogers Sale, or the Bittinger Sale shall be abandoned in place to STORE, which abandonment shall be effective on September 17, 2019 (the "**Remaining FF&E**"). STORE further agrees to release any interest it may acquire in the proceeds resulting from the JDK Sale, the Rogers Sale, or the Bittinger Sale to the extent necessary to pay Post-Petition Payroll, Post-Petition Payroll Taxes, Professional Fees, Cure Costs, PACA claims, PMSI lien holders and closing costs related to the JDK Sale, the Rogers Sale and the Bittinger Sale. Additionally, STORE agrees not to seek any recovery from the sales proceeds for any of its claims.

2. <u>Lease Rejection</u>. The Parties agree that 5171 shall reject the Leases for the 12 JDK Stores effective as of the closing date of the JDK Sale, the Lease for the Rogers Store effective as of the closing date of the Rogers Sale, and the Lease for the Bittinger Store effective as of the closing date of the Bittinger Sale.

3. <u>STORE Contribution to Estate</u>. STORE shall return $250,000.00 of the Security Deposit to 5171's bankruptcy estate. This payment shall be made pursuant to a wire transfer as of the Effective Date.

4. <u>Security Deposit</u>. The Security Deposit in the remaining amount of $2,250,000.00 shall be released to STORE as of the Effective Date (the "**Deposit Turnover**"). 5171, on behalf of itself, its members, the Guarantors, and its bankruptcy estate disclaims any further interest in

6

the Security Deposit as of the Effective Date. STORE agrees to recoup any administrative expense claim STORE may hold against 5171 from the Deposit Turnover, and/or other non-estate funds. Nothing contained in this section shall constitute a waiver or release of any other monetary claim STORE may hold against 5171, including but not limited to, any rejection damages claim pursuant to 11 USC § 502(b)(6).

5. <u>Release by 5171</u>. Except as set forth in this Agreement, 5171, its agents, professionals, or assignees, hereby forever releases, waives and discharges any and all claims (including, without limitation, as defined in section 101(5) of the Bankruptcy Code), obligations, suits, judgments, damages, demands, debts, rights, causes of action and liabilities (including, without limitation, any related attorney's fees), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, arising in law, equity or otherwise, that are based in whole or in part on any act, event, injury, omission, transaction or agreement that they have, had or may have (including, without limitation, as representative of 5171's bankruptcy estate), from the beginning of time until the Effective Date against the STORE and Ballard Spahr LLP (solely in its capacity as STORE's counsel) arising from or relating to the facts or circumstances referenced, discussed, or addressed in, or related to, (i) the Properties, (ii) the Leases, (iii) the Security Deposit (iv) the Loan; (v) the Note, (vi) or any aspect of 5171's bankruptcy case relating to the Leases or Properties. For the avoidance of doubt, the release set forth in this paragraph shall include any preference or avoidance actions held by 5171, and such claims shall be deemed extinguished as of the Effective Date.

6. <u>Release by STORE</u>. Except as set forth in this Agreement and except as it relates to the Remaining FF&E and any rejection damage claims it holds, STORE hereby forever releases, waives and discharges any and all claims (including, without limitation, as defined in section 101(5) of the Bankruptcy Code), obligations, suits, judgments, damages, demands, debts, rights,

7

causes of action and liabilities (including, without limitation, any related attorney's fees), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, arising in law, equity or otherwise, that are based in whole or in part on any act, event, injury, omission, transaction or agreement that they have, had or may have, from the beginning of time until the Effective Date against 5171 and any of 5171's successors, predecessors, officers, directors, partners, limited partners, general partners, shareholders, managers, management companies, investment managers, affiliates, employees, agents, attorneys, advisors, investment bankers, financial advisors, accountants, other professionals and insurers, in each case, solely in their capacity as such (5171 and all of such foregoing parties, the "**Debtor Parties**"), arising from or relating to the facts or circumstances referenced, discussed, or addressed in, or related to, (i) the Properties, (ii) the Leases, or (iii) any aspect of 5171's bankruptcy case relating to the Leases or Properties.

7. <u>No Release of Guarantors</u>. For the avoidance of doubt, under this Settlement Agreement, STORE does not release any claims it holds against the Guarantors under the Note, the Loan Agreement, and/or the Leases, regardless of whether such Guarantors are members of 5171.

8. <u>The Letter of Credit</u>. For the avoidance of doubt, this Settlement Agreement shall not be construed as preventing STORE from drawing against the Non-Debtor Letter of Credit for any unpaid amounts due and owing to STORE from either 5171, 5171's members, and/or 5171's Guarantors.

9. <u>Effective Date</u>. This Agreement will be binding on the Parties from the date of its execution, but is expressly subject to and contingent upon entry of an order by the Court approving the Agreement. The **Effective Date** of this Agreement shall be the date that the applicable Court

8

approval is not subject to a stay or injunction. If the Bankruptcy Court does not enter an order approving this Agreement, this Agreement will be null and void, and will be of no force and effect.

10. <u>No Reliance on Other Party</u>. The Parties each declare that their respective decisions in executing this Agreement are not predicated on or influenced by any declaration or representation of the other Party, except as otherwise expressly provided herein. The Parties agree that they or their counsel have carefully read this Agreement, and that they understand all of its terms and conditions, know its contents, and have signed below as their respective free and voluntary acts.

11. <u>Entire Agreement</u>. This Agreement constitutes the complete, final, and exclusive embodiment of the Parties' entire agreement. All prior and/or contemporaneous agreements, representations, promises, or discussions are superseded and shall have no further force and effect.

12. <u>Modification in Writing</u>. This Agreement may not be modified, amended or supplemented except by a written agreement executed by all Parties hereto.

13. <u>Counterparts</u>. This Agreement may be executed in counterparts, by either an original signature transmitted by facsimile transmission, portable document format (.pdf), or other similar process and each copy so executed shall be deemed to be an original and all copies so executed shall constitute one and the same agreement.

14. <u>Governing Law; Jurisdiction; Venue; Jury Waiver</u>. This Agreement will be governed and construed in accordance with the laws of Pennsylvania (without reference to any conflict of laws provisions). The Parties agree that, during the period from the date hereof until the date on which the Bankruptcy Case closes, the Court shall have exclusive jurisdiction to resolve any controversy, claim or dispute arising out of or relating to this Agreement. The Parties agree that following the closing of the Bankruptcy Case, or if the Court declines to hear the matter, any such controversy shall be heard in the state or federal courts located in the State of Pennsylvania,

9

County of Allegheny. The Parties consent to the personal jurisdiction in such courts and waive any objection to venue on the grounds of forum non conveniens or otherwise with respect thereto with respect to any controversy, claim or dispute arising out of or relating to this Agreement. **Each of the Parties hereby waives the right to a jury trial for any controversy, claim or dispute arising out of or relating to this Agreement. Each of the Parties hereby expressly consents to the Bankruptcy Court or state or federal court located in the State of Pennsylvania, County of Allegheny entering a final order and determining any such controversy, claim or dispute.**

15. <u>Representations and Warranties</u>. All representations, warranties, inducements, and/or statements of intention made by the Parties are embodied in this Agreement, and no Party relied upon, will be bound by, or will be liable for any alleged representation, warranty, inducement, or statement of intention that is not expressly set forth in this Agreement.

16. <u>Attorneys' Fees</u>. Each Party will bear its own costs, expenses and attorneys' fees in connection with the negotiation of this Agreement.

17. <u>Authorization</u>. The undersigned each represent and warrant that the undersigned is duly authorized and empowered to enter into this Agreement on behalf of, and to bind, each Party as applicable (in the case of 5171, subject to any approval required by the Plan or otherwise), and that each such Party has full knowledge and has consented to this Agreement.

18. <u>No Admission</u>. Except with respect to the enforcement of the terms of this Agreement, nothing herein and no action taken by any of the Parties hereto shall be construed as an admission or concession with respect to the merits of any claims or causes of action.

19. <u>Severability</u>. If any part of this Agreement is held to be unenforceable any court of competent jurisdiction, the unenforceable provision will be deemed amended to the least extent

possible to render it enforceable and the remainder of this Agreement will remain in full force and effect.

20. <u>Reservation of Rights</u>. In the event the Effective Date does not occur or this Agreement becomes null and void, STORE reserves the right to prosecute any and claims, and 5171 reserves the right to object to STORE's claims.

21. <u>Interpretation</u>. This Agreement is the product of negotiations between the Parties and any rule of construction that ambiguities are to be resolved against the drafting party will not apply in the interpretation of this Agreement.

22. <u>Headings</u>. The headings of this Agreement are for convenience only and are not a part of this Agreement and do not in any way limit or amplify the terms and provisions of this Agreement and shall have no effect on its interpretation.

[Remainder of page intentionally blank]

IN WITNESS WHEREOF, the Parties, each by persons duly authorized, have caused this Settlement Agreement to be executed as of the day and year first written above.

5171 CAMPBELLS LAND CO., INC.

By: _____*Ryan J. Cooney*_____

Name: Ryan J. Cooney

Title: Attorney

STORE MASTER FUNDING XIII, LLC

By: _____*Lyena Hale*_____

Name: Lyena Hale

Title: VP – Portfolio Management

STORE CAPITAL ACQUISITIONS, LLC

By: _____*Lyena Hale*_____

Name: Lyena Hale

Title: VP – Portfolio Management

12