# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No. 19-22715 |
| | : | |
| 5171 Campbells Land Co., Inc. | : | Chapter 11 |
| | : | |
| Debtor | : | Document No. |
| | : | |
| 5171 Campbells Land Co., Inc., | : | Related to Document No. 149 |
| | : | |
| Movant | : | |
| v. | : | |
| | : | |
| L-Four, L.P. and Ronald G. Linaburg, | : | |
| | : | |
| Respondents. | : | |

## OBJECTION TO DEBTOR'S MOTION TO SELL COLLATERAL FREE AND CLEAR OF ALL LIENS

AND NOW comes the Respondents, L-Four, L.P. and Ronald G. Linaburg ("Respondents"), by and through its counsel the Lynch Law Group, LLC, and submits the within Objection to Debtor's Motion to Sell Collateral, and in support thereof avers as follows:

### BACKGROUND AND PARTIES

1. Respondent L-Four, L.P. ("L-Four") is a creditor of the Debtor holding various promissory notes and other claims in excess of $2 million.

2. Respondent L-Four is a guarantor on certain debts owed by Debtor. Specifically, L-Four provided the letter of credit (issued by Dollar Bank) in favor of Store Capital in the amount of $2.5 million which forms half of the security deposit currently held by Store Capital relating to Debtor.

3. Respondent L-Four is also an equity owner of the Debtor. Debtor has admitted that L-Four is a six percent (6%) shareholder of Debtor.

4. L-Four disputes the distribution of equity ownership interests claimed by Debtor and asserts that based on actual contributions of paid in capital, L-Four is entitled to a majority ownership stake in Debtor. L-Four asserts that it has been wrongfully deprived of its rightful majority ownership stake in Debtor (as well as the resulting practical control of Debtor's operations) through the continuing fraud and other tortious actions of William T. "Billy" Kane, the acting President, sole officer, and sole director of Debtor.

5. L-Four further asserts that investigations into the tortious acts of Billy Kane to deprive L-Four of its rightful ownership stake in the Debtor are ongoing, but that L-Four has not yet been afforded the opportunity to fully assert those claims due to the instant bankruptcy filing.

6. Respondent Ronald G. Linaburg ("Dr. Linaburg") is the managing partner of L-Four, as well as the source of all legitimate paid in capital contributions to the Debtor since January 2018.

7. Dr. Linaburg was, prior to December 2018, involved in the management and operations of the Debtor in a limited fashion, pursuant to his position with L-Four.

8. In his individual capacity, Dr. Linaburg is also a creditor of Debtor. Dr. Linaburg has made numerous advances of credit and provided access to credit lines of his own for the benefit of Debtor's business operations, which were accepted by Debtor with the understanding that those amounts constituted loans from Dr. Linaburg and would be repaid as such. These amounts including but are not limited to $500,000 owed to PNC Bank, which is reflected on the financial statements of the Debtor as a debt.

9. Dr. Linaburg is a guarantor on virtually all of the secured debt owed by the Debtor, including but not limited to guarantees to U.S. Foods, Store Capital, and Vision Financial Group.

10. Between amounts paid by Dr. Linaburg individually over numerous years, as well as amounts paid through L-Four (together Dr. Linaburg and L-Four are referred to as the "Linaburg Parties"), the Linaburg Parties have contributed over $4 million to Debtor since 2013.

11. During that same time frame, based upon the investigation completed by the Linaburg Parties to-date, the total unencumbered capital contributions from all other purported owners of Debtor come to less than $200,000.

## OBJECTION TO THE SALE

12. The Linaburg Parties are in the process of gathering information to support potential adversary actions against the Debtor and Debtor's officers that are directly related to the ownership and operation of the Debtor's assets, including the personalty and lease agreements (the "Collateral") that the Debtor proposes to sell to Amanda Bittinger

13. The Debtor filed this Motion on an emergency basis and to date has not provided Respondents with a copy of the proposed agreement of sale to Amanda Bittinger.

14. Without reviewing the agreement of sale, Respondents have no information regarding the proposed terms of sale, including whether the sale will include any waivers or similar language that could potentially limit Respondents' ability to pursue their claims against the Debtor.

15. Based upon the limited information provided to-date by the Debtor, the sale to Amanda Bittinger reflects a massive decrease in the value of Debtor's assets in a period of roughly 18 months (given that Debtor acquired the Collateral and other assets through the purchase of assets from the bankruptcy estate of Unique Ventures Group in February 2018).

16. Based upon the limited information provided to-date by the Debtor, the sale to Amanda Bittinger is administratively insolvent, insofar as the proceeds of the sale will not cover the total claims against the bankruptcy estate having administrative priority.

17. Despite the fact that the sale is administratively insolvent, the Motion provides for Debtor's advisors to receive in excess of $200,000 in fees and expenses.

18. The financial reality of this proposed sale is that Debtor is negotiating with other peoples' money.

19. Specifically, due to their guarantee positions, this sale will create massive exposure to the Linaburg Parties, who will be left to satisfy the administrative expenses not covered by the sale, not to mention the remaining debts secured by those guarantees, none of which will ever be paid by Debtor as a result of this sale.

20. The result, in summary, is that Debtor will manage to sell the lion's share of its assets on an expedited basis, without creditors having a full and fair opportunity to assert and investigate claims against Debtor, free and clear of all liens, leave the bankruptcy estate administratively insolvent, create massive additional liability for the Linaburg Parties, and Debtor's advisors will be paid handsomely while all creditors are wiped out.

21. The Linaburg Parties recognize that the proposed sale may be the sole avenue to preserve the jobs of employees of Debtor. However, it is inequitable and unjust for Debtor to be allowed to consummate the proposed sale at such expense and prejudice to the Linaburg Parties.

22. Accordingly, in the event that the Court is inclined to approve the proposed sale, the Linaburg Parties respectfully request that the Court impose conditions on the sale as necessary to protect the interests of creditors, and to protect the interests of the Linaburg Parties.

## REQUESTS FOR CONDITIONS ON ANY APPROVAL OF THE SALE

23. The Linaburg Parties believe, and therefore aver, that the Collateral being transferred to Amanda Bittinger is integral to their claims against the Debtor and request that this Honorable Court enter an Order directing Amanda Bittinger to preserve all records, communications and documents associated with the ownership and operation of the Collateral by the Debtor.

24. The Linaburg Parties further believe, and therefore aver, that Amanda Bittinger may have some liability to the Linaburg Parties associated with the ownership and operation of the Collateral by the Debtor and hereby request that this Honorable Court enter an Order finding that any sale of the Collateral to Amanda Bittinger does not prevent the Linaburg Parties from pursing their potential claims against either the Debtor or Amanda Bittinger.

25. The Linaburg Parties further believe, and therefore aver, that employees of Debtor to be rehired by Amanda Bittinger have information and evidence integral to their claims against the Debtor, and request that this Honorable Court enter an Order directing that Amanda Bittinger shall take no action to prevent or interfere with the Linaburg Parties efforts to obtain evidence and information from former employees of the Debtor, including but not limited to through the use of appropriate subpoenas to produce documents or to appear and testify at depositions and hearings.

26. The Linaburg Parties further believe, and therefore aver, that other creditors, including but not limited to Perkins and Store Capital, may have some liability to the Linaburg Parties associated with the ownership and operation of the Collateral by the Debtor, and hereby request that this Honorable Court enter an Order finding that any sale of the Collateral to

Amanda Bittinger does not prevent the Linaburg Parties from pursuing their potential claims against any such creditors, including but not limited to Perkins and Store Capital.

27. The Linaburg Parties further believe, and therefore aver, that as part of the sale, Debtor intends to enter into a settlement agreement with Store Capital by which Store Capital will provide de minimis funds to Debtor in exchange for a global release by Debtor of any claims it may have against Store Capital.

28. As there is an ongoing dispute between the Linaburg Parties and Debtor as to the proper ownership and control of Debtor, this raises questions as to the authority of Debtor to provide such a global release to Store Capital.

29. The provision of a global release by Debtor to Store Capital further prejudices the Linaburg Parties insofar as that release will result in liability by the Linaburg Parties to Store Capital pursuant to the various guarantees executed by the Linaburg Parties, all of which were procured by the Debtor through fraud and other tortious activity against the Linaburg Parties.

30. Therefore, the Linaburg Parties hereby request that this Honorable Court enter an Order finding that any sale of the Collateral to Amanda Bittinger and any ensuing settlement entered by and between Store Capital and Debtor does not prevent the Linaburg Parties from pursing their potential claims against Store Capital, nor shall act to preclude the Linaburg Parties from the presentation of any defense at law or equity to any later actions by Store Capital pursuant to guarantees provided by the Linaburg Parties.

31. The Linaburg Parties hereby request that, because the sale of the Collateral to Amanda Bittinger threatens to place the security provided by L-Four at risk insofar as Store Capital will have recourse to draw on the letter of credit provided by L-Four to satisfy Store Capital's administrative claims, that this Honorable Court enter an Order finding that given the

claims remaining to be litigated between the Linaburg Parties, Debtor, and other creditors, that Store Capital shall be enjoined from taking any action with regard to the security deposit held by Store Capital absent further Order of this Honorable Court approving same.

32. WHEREFORE, Respondents, L-Four, L.P. and Ronald G. Linaburg, respectfully request that this Honorable Court deny Debtor's Motion to Sell Collateral, and for such other relief as the Court deems proper.

Respectfully Submitted,

THE LYNCH LAW GROUP, LLC

*/s/ Michael C. Mazack*
Michael P. Oliverio, Esq.
Pa. I.D. No. 209399
Michael C. Mazack, Esq.
Pa.I.D. No. 205742
501 Smith Dr., Suite 3
Cranberry Township, PA 16066
mmazack@lynchlaw-group.com
(724) 776-8000
Counsel for Respondents Ronald G. Linaburg and L-Four, L.P.