IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | |
|---|---|
| 5171 CAMPBELLS LAND CO., INC., | Bankruptcy No. 19-22715-CMB |
| Debtor, | Chapter 11 |
| 5171 CAMPBELLS LAND CO., INC., | Document No. |
| Movant, | Related to Doc. No. 151 |
| vs. | |
| ASCENTIUM CAPITAL, LLC, IEMFS, Ltd. d/b/a GSG FINANCIAL, HITACHI CAPITAL AMERICA CORP., TRI STATE EQUIPMENT CO., INC., WESBANCO BANK, INC., STORE CAPITAL ACQUISITIIONS, LLC, STORE MASTER FUNDING XIII, LLC, US FOODS, INC., VISION FINANCIAL GROUP, INC., PENNSYLVANIA DEPARTMENT OF REVENUE, THE NEW YORK DEPARTMENT OF TAXATION. THE OHIO DEPARTMENT OF TAXATION and THE INTERNAL REVENUE SERVICE, | |
| Respondents. | |

### ORDER OF COURT APPROVING SALE OF PERSONALTY FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES

Upon consideration of the foregoing Emergency Motion for Sale of Personalty Free and Clear of all Liens, Claims and Encumbrances (the "Sale Motion"), which contemplates a sale of the Debtor's furniture, fixtures and equipment related to its operation of the Ashtabula, OH Perkins Restaurant to Rebecca Rogers or her assigns ("Rogers"), the Court finds as follows:

1. Pursuant to 11 U.S.C. Section 363(b) and (f), the Debtor has effectuated service of the Sale Motion and the related Notice of Sale setting the hearing and response deadline upon the Respondents, all creditors and all other parties in interest as required by the applicable Bankruptcy Rules.

2. Cause exists for shortening any notice period required by Bankruptcy Rules 2002 and 6004 and the notice provided by the Debtor was reasonable in light of the circumstances.

3. Cause further exists to waive compliance with any advertising or publication requirements under the Bankruptcy code or the Bankruptcy Rules, including Local Bankruptcy Rule 6004-1, with the exception of the requirement to upload the Notice of Sale to the EASI system, which requirement the Debtor has complied with.

4. The Debtor has demonstrated compelling circumstances and a sufficient and sound business purpose and justification for the proposed sale to be approved on an emergency basis.

5. The sale is in good faith in accordance with **In re Abbotts Dairies of Pennsylvania, Inc.**, 788 F.2d 143 (3d Cir 1986).

6. This Court has resolved all responses and/or objections that were filed in regard to the Sale Motion, if any, in favor of the Sale and that at the sale hearing the highest/best offer was received.

7. The matters considered by the Court at the hearing were "core" proceedings pursuant to 28 U.S.C. Section 157(b)(2) over which the Court has jurisdiction to enter a final Order.

8. The terms of the sale are fair and reasonable and in the best interests of this Estate. Accordingly, it is hereby **ORDERED, ADJUDGED** and **DECREED** that pursuant to 11 U.S.C. Section 363(b) and (f), the Sale Motion is Granted and the sale of the personalty under the terms and conditions set forth in the August 20, 2019 letter (attached the Motion as Exhibit A) as modified herein by and between 5171 Campbells Land Co., Inc. ("Seller") to Rogers ("Buyer") be, and hereby is **APPROVED**. The sale is free and clear of any and all liens, claims and encumbrances, specifically those liens, charges, claims and/or encumbrances of the Respondents herein. William T. Kane in his capacity as the President of the Debtor has the power and authority to execute all closing documents and otherwise consummate and implement the Sale Transaction and irrevocably and forever bind the Debtor thereto.

9. The Buyer is authorized to pay the $50,000 purchase price in two (2) equal installments. The first installment of $25,000.00 shall be due at closing. The second installment of $25,000.00 shall be due within fourteen (14) days of closing. All payments shall be made to Robert O Lampl as Escrow Agent. Upon closing, the Debtor shall be granted a first position security interest in the assets being sold which security interest shall be evidenced by a UCC-1 to be filed by the Debtor. Upon the Buyer's final payment, the Debtor's security interest shall be released and the Debtor shall promptly satisfy its UCC-1 filing.

10. The liens, claims and encumbrances, if any, are hereby transferred to the proceeds of the sale, if and to the extent that they may be determined to

be valid liens against the property sold in accordance with their validity and priority.

11. This sale is "as is", "where is".

12. This Sale Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), the Court expressly finds that there is no reason for delay in the implementation of this Sale Order. This Sale Order shall be effective immediately upon its entry and the parties may consummate the transaction pursuant to the terms and conditions set forth herein and in the August 20, 2019 letter.

13. The Sale Order survives any dismissal or conversion of the within case.

14. Upon closing, all leases that the Debtor has with Vision Financial Group, Inc. related to the assets being sold shall be deemed rejected.

15. Notwithstanding anything contained herein or in Exhibit A to the Motion, Buyer is not acquiring any goodwill related to Perkins & Marie Callender's LLC ("PMC") or the fact that Debtor previously operated Perkins restaurants at the location which is the subject of the sale to Buyer (the "Restaurant").

16. Buyer shall not operate the Restaurant as a Perkins restaurant and shall not directly or indirectly identify the Restaurant as a current or former Perkins restaurant, including but not limited to use of menus, advertisements, employee related material, website or email address. Buyer is prohibited from

taking any action which utilizes or displays any trademark owned by PMC or that otherwise identifies or relates to a Perkins restaurant.

17. Buyer shall not commence operation of the Restaurant until all indicia of affiliation with PMC's Perkins restaurant system has been removed from the Premises.

18. As a condition of approval of this sale, Buyer shall reasonably cooperate with the Official Committee of Unsecured Creditors (the "Committee") and any future Plan Administrator or Trustee in providing reasonable access to the purchased restaurant for inspection at times that will not unreasonably interfere with the Buyer's business operations. While such access will be subject to reasonableness and, where appropriate, subpoena and normal Court procedures and Rules, the Buyer shall nevertheless cooperate in such access and not act to prevent reasonable inspection. In the event the Committee, Plan Administrator or Trustee seeks to subpoena any of the Debtor's former employees who become employed by the Buyer, Buyer will not unreasonably interfere with the Committee's, Plan Administrator's or Trustee's subpoena efforts. Buyer shall (at no cost to Buyer) provide the Debtor, Committee or any future Plan Administrator or Trustee reasonable access to business records of the Debtor (including daily receipts, sales report, etc.) acquired by the Buyer as part of the sale and that are in the Buyer's possession or control, provided Buyer shall not be obligated to maintain any such business records of the Debtor for more than one (1) year from the Closing Date (after which Buyer may destroy such business records).

19. The terms and provisions of this Sale Order, shall be binding in all respects upon the Debtor, its estate, creditors and officers, and Buyer and its affiliates, successors and assigns, including any trustee or Plan Administrator that may be appointed in this Case (including if this Case is converted to chapter 7 of the Bankruptcy Code) and any affected third parties, including, but not limited to, entities asserting claims against, or interests in, the Debtor's estate or the assets being purchased.

20. The Debtor and the Committee have agreed that a Liquidating Plan shall be filed and supported for confirmation, which Plan isolates any extant Avoidance Actions (rights under Chapter 5 of the Bankruptcy Code) and other causes of action of the Estate to be administered for the benefit of creditors by a Plan Administrator selected by the Committee. In order to provide certainty with respect to the Plan process, the Debtor and the Committee have agreed that the Debtor shall file such Liquidating Plan within 21 days, that the Debtor's exclusive right to file a Plan shall terminate as to the Committee upon the entry of this Order, and that the Debtor shall not be entitled to convert to Chapter 7 after the entry of this Order, without the consent of the Committee. Nothing contained in any chapter 11 plan confirmed in this Case, or in any related confirmation order, disclosure statement, or order approving disclosure statement shall conflict with or derogate from the provisions of this Sale Order, and the transactions being in contemplation of, in furtherance of and in connection with such chapter 11 plan.

21. Notwithstanding anything to the contrary elsewhere in this Order or the terms set forth in Exhibit A to the Motion, Reinhart Foodservice, L.L.C.

("Reinhart") owns the dish machines, water softeners and related equipment, (collectively, the "Reinhart Property") provided to the Debtor pursuant to the March 18, 2018 Equipment Lease Agreement and related documents (collectively the "Reinhart Lease Agreement") and the Reinhart Property shall not be included within the assets being sold to the Buyer. Possession of the Reinhart Property at each location shall not be transferred to the Buyer except upon the assumption and assignment of the applicable Lease Agreement, or as otherwise agreed between Buyer and Reinhart in writing.

22.  In the event that the applicable Reinhart Lease Agreement is not assumed and assigned to the Buyer, the applicable Reinhart Property shall be promptly returned to Reinhart, unless Reinhart agrees otherwise in writing.

23.  In the event that the Reinhart Lease Agreement is assumed and assigned to the Buyer, the pre-petition and post-petition cure amount shall be determined based upon future agreement of the parties or order of the court.

24.  Moreover, notwithstanding anything to the contrary elsewhere in this Order or in the Purchase Agreement, pending assumption or rejection of the applicable Reinhart Lease Agreement, Debtor shall remain liable for all post-petition charges for use of the Reinhart Property from the Petition Date through the date of Closing of the sale as an administrative expense. After Closing, even if the applicable Reinhart Lease Agreement is not assumed and assigned, to the extent that Buyer uses the Reinhart Property, Buyer shall remain liable for and shall pay Reinhart for such amounts.

25. Reinhart shall be entitled to cash-in-advance payment for food and other products to be delivered to the Debtor between the date hereof and the Closing of the sale.

26. As a condition of approval of this sale, The Debtor and US Foods, Inc. ("US Foods") have agreed that upon closing: (1) all security interests that US Foods has in assets being sold and the proceeds of the sale shall be released; (2) that U.S. Foods shall not seek any recovery from the sales proceeds for any of its claims; (3) that U.S. Foods shall be granted a release from all claims under Chapter 5 of the Bankruptcy Code that could be brought by the Debtor or any other party with standing to bring claims under Chapter 5 of the Bankruptcy Code, including without limitation, the Debtor, any statutory committee appointed in this bankruptcy case, any Chapter 11 trustee, and any chapter 7 trustee.

27. The Debtor and ("PMC") have agreed that PMC's collective administrative claims shall not exceed $160,000.00 and that payment of any administrative claims shall be deferred consistent with paragraph 28 herein.

28. Closing of the sale must occur on or before September 6, 2019 with the proceeds of the sale to be distributed to Robert O Lampl as Escrow Agent to be held in escrow. There shall be no disbursements of the sale proceeds until the Court has entered an Order approving a Settlement Agreement between the Debtor on the one hand and STORE Capital Acquisitions, LLC ("STORE Capital) and STORE Master Funding XIII, LLC ("STORE Master" and together with STORE Capital, "STORE") on the other as STORE holds a first position lien on a significant portion of the Purchased Assets. Upon the entry of an Order

approving a Settlement Agreement between the Debtor and STORE, Robert O Lampl as Escrow Agent shall be authorized to disburse funds for the following without further Order of Court:

    (a)    Post-Petition Payroll;

    (b)    Post-Petition Payroll Taxes;

    (c)    Post-Petition Sales Taxes;

    (d)    U.S. Trustee Fees;

    (e)    $20,000.00 to be held in escrow pending an approved fee application:

        (i)    $7,500.00 to Compass Advisory Partners, LLC;

        (ii)    $7,500.00 to Robert O Lampl; and

        (iii)    $5,000.00 to Bernstein-Burkley, P.C.

All other administrative claims not specifically provided for herein shall be deferred until after the payments set forth in subparagraphs (a) through (g) are made in full.

Date: 9/5/19

Carlota M. Böhm
Chief United States Bankruptcy Court Judge

FILED
9/5/19 11:18 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA