**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:

| | |
|---|---|
| **5171 CAMPBELLS, LAND CO., INC.** | Bankruptcy No. 19-22715-CMB |
| Debtor, | Chapter 11 |
| **5171 CAMPBELLS, LAND CO., INC.,** | Doc. No. |
| Movant, | Related to Doc. No. |
| vs. | Hearing Date & Time: |
| **STORE CAPITAL ACQUISITIONS, LLC, & STORE MASTER FUNDING XIII, LLC,** | |
| Respondents. | |

**EMERGENCY CONSENT MOTION TO REJECT NON-RESIDENTIAL REAL PROPERTY LEASES**

**AND NOW**, comes 5171 Campbells Land Co., Inc., by and through its undersigned Counsel, and files this **EMERGENCY CONSENT MOTION TO REJECT NON-RESIDENTIAL REAL PROPERTY LEASES** as follows:

**BACKGROUND**

1. 5171 Campbells, Land Co., Inc. is the Debtor in the above Chapter 11 Case.

2. The Debtor commenced this Chapter 11 Case on July 8, 2019.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 57 and 11 U.S.C. § 363.

4. The Respondents are Store Capital Acquisitions, LLC and Store Master Funding XIII, LLC (collectively "the STORE Parties").

1

5. The Debtor (as tenant) and the STORE Parties (as landlord) are parties to certain unexpired leases of nonresidential real property (the "Leases") related to the following Premises:

2714 West Lake Road, Erie, Pennsylvania 16505

915 W. Main Street, Grove City, Pennsylvania 16127

4403 Peach Street, Erie, Pennsylvania 16509

310 W. Columbus Avenue, Corry, Pennsylvania 16407

219 E. Central Avenue, Titusville, Pennsylvania 16354

658 US Route 250 E, Ashland, Ohio, 44805

1601 W. Prospect Road, Ashtabula, OH 44004

587 E. Main Street, Canfield, OH 44406

115 Ludlow Street, Warren, PA 16365

4896 Everhard Road NW, Canton, OH 44718

2945 East State Street, Hermitage, PA 16148

6. The Debtor formerly operated Perkins franchises out of the Premises. As of September 6, 2019, the Debtor ceased all of its operations, including all operations associated with Premises.

7. Accordingly, the Debtor, in its business judgment, has determined that rejecting the Leases is in the best interest of its creditors and the bankruptcy estate.

8. The STORE Parties do not object to the rejection of the Leases and the surrender of the Premises.

**LEGAL STANDARD**

9. Section 365(a) of the Bankruptcy Code provides that a trustee or a debtor in possession "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed. *Nostas Assocs. v. Costich (In re Klein Sleep Products, Inc.)*, 78 F.3d 18, 25 (2d. Cir. 1996); *Stewart Title Guaranty Co. v. Old Republic Nat'l Title Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Murexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)).

10. In reviewing a debtor in possession's decision to assume or reject an executory contract, a bankruptcy court should apply the "business judgment test" to determine whether it would be beneficial to the estate to assume or reject it. *In re Continental Country Club, Inc.*, 114 B.R. 763, 767 (Bankr. M.D.Fla. 1990); *NLRB v. Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test.").

11. The business judgment standard requires that the court follow the business judgment of the debtor in possession unless that judgment is the product of bad faith, whim, or caprice. *In re Prime Motors Inns*, 124 B.R. 378, 381 (Bankr. S.D.Fla. 1991), *citing Lubrizol Enterprises v. Richmond Metal Finishers*, 756 F.2d 1043, 1047 (4th Cir. 1985), cert. denied, 475 U.S. 1057, 106 S.Ct. 1285, 89 L.Ed.2d 592 (1986); *see also In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001).

12. If a debtor in possession or appointed trustee does not assume or reject an unexpired lease of nonresidential real property within 120 days after the order for relief, the lease is deemed rejected and the trustee must surrender the leased premises. 11 U.S.C. § 365(d)(4).

**RELIEF REQUESTED**

13. As stated, the Debtor has ceased all operations associated with the Premises and there is no possibility that the operations could re-commence. Additionally, the Debtor does not have any ability to pay the rent required by the Leases.

14. Thus, the Debtor has determined in its business judgment that rejecting the Leases and surrendering the Premises to the Landlord is in the best interest of Debtor's creditors.

**BASIS FOR EMERGENCY RELIEF**

15. The STORE Parties are in the process of selling their interest in the Premises located 587 E. Main Street, Canfield, OH 44406. As a condition of that closing, the Lease between the Debtor and the STORE Parties must be rejected. Said closing is imminent.

16. Additionally, the Debtor does not want to incur additional administrative expenses.

**WHEREFORE**, it is respectfully requested that this Honorable Court enter an Order declaring as follows:

  a. The Lease for the Premises located at 587 E. Main Street, Canfield, OH 44406 is rejected effective as of noon prevailing eastern time September 30,

2019 (the "Canfield Rejection Date"), and any right to possession of that Premises by the Debtor, the estate, and/or anyone claiming any interest in that Premises on behalf of or through them, is also terminated and forfeited under applicable non-bankruptcy law effective as of the Canfield Rejection Date.

 b. The Leases for all other Premises leased by Debtors from the STORE Parties (the "Remaining Leases") are rejected effective as of noon prevailing eastern time October 3, 2019 (the "Remaining Leases Rejection Date"), and any right to possession of the Remaining Leases by the Debtor, the estate, and/or anyone claiming any interest in the Remaining Leases on behalf of or through them, is also terminated and forfeited under applicable non-bankruptcy law effective as of the Remaining Leases Rejection Date.

 c. To the extent any lease between the STORE Parties and Debtor has not been identified in the within Motion, such lease is deemed rejected as of the Remaining Leases Rejection Date.

 d. To the extent it has not already done so, Debtor, and any person or entity claiming a right to possession under or through the Debtor, the estate, or otherwise, shall immediately quit and deliver possession of the Premises to Landlord.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Date: <u>September 26, 2019</u> | <u>*/s/ Robert O Lampl*</u><br>ROBERT O LAMPL<br>PA I.D. #19809<br>JOHN P. LACHER<br>PA I.D. #62297<br>DAVID L. FUCHS<br>PA I.D. #205694<br>RYAN J. COONEY<br>PA I.D. #319213<br>SY O. LAMPL<br>PA I.D. #324741<br>Counsel for the Debtor<br>223 Fourth Avenue, 4th Fl.<br>Pittsburgh, PA 15222<br>(412) 392-0330 (phone)<br>(412) 392-0335 (facsimile)<br>Email: rlampl@lampllaw.com |

6

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | |
|---|---|
| 5171 CAMPBELLS, LAND CO., INC. | Bankruptcy No. 19-22715-CMB |
| Debtor, | Chapter 11 |
| 5171 CAMPBELLS, LAND CO., INC., | Doc. No. |
| Movant, | Related to Doc. No. |
| vs. | Hearing Date & Time: |
| STORE CAPITAL ACQUISITIONS, LLC, & STORE MASTER FUNDING XIII, LLC, | |
| Respondents. | |

## CERTIFICATE OF SERVICE

Robert O Lampl, hereby certifies that on the 26th day of September, 2019, a true and correct copy of the foregoing **EMERGENCY CONSENT MOTION TO REJECT NON-RESIDENTIAL REAL PROPERTY LEASES** was served upon the following *(via electronic service)*:

Office of the United States Trustee
1001 Liberty Avenue, Suite 970
Pittsburgh, PA 15222

Kirk B. Burkley
707 Grant Street, Suite 2200
Pittsburgh, PA 15219
kburkley@bernsteinlaw.com

7

Case 19-22715-CMB    Doc 284    Filed 09/26/19    Entered 09/26/19 11:38:24    Desc Main
Document      Page 8 of 8

Date: <u>September 26, 2019</u>    <u>*/s/ Robert O Lampl*</u>
ROBERT O LAMPL
PA I.D. #19809
JOHN P. LACHER
PA I.D. #62297
DAVID L. FUCHS
PA I.D. #205694
RYAN J. COONEY
PA I.D. #319213
SY O. LAMPL
PA I.D. #324741
Counsel for the Debtor
223 Fourth Avenue, 4th Fl.
Pittsburgh, PA 15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)
Email: rlampl@lampllaw.com