IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>5171 CAMPBELLS LAND CO., INC.,<br><br>Debtor.<br><br>Reinhart Food Service, LLC,<br><br>Movant,<br><br>v.<br><br>5171 Campbells Land Co., Inc.,<br><br>Respondent. | Bankruptcy No. 19-22715-CMB<br><br>Chapter 11<br><br>Related Doc No. 295<br>Hearing Date: November 21, 2019<br>at 2:00 p.m.<br><br>Response Deadline: November 12, 2019 |

**OBJECTION TO REINHART FOODSERVICE, L.L.C.'S
MOTION FOR ALLOWANCE OF 503(b)(9) CLAIM**

AND NOW COMES, the Official Committee of Unsecured Creditors (the "Committee"), by and through its undersigned counsel, files this *Objection to Reinhart FoodService, L.L.C.'s Motion for Allowance of 503(b)(9) Claim* ("Response"), and in support therefor states as follows:

1. On or about June 08, 2019 (the "Petition Date"), 5171 Campbells Land Co., Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101, et seq. (as amended, the "Bankruptcy Code").

2. The Committee was appointed by the Office of the United States Trustee's Office by notice dated August 01, 2019.

3. On August 09, 2019, the Debtor filed its statement of financial affairs (the "SOFA").

4. Pursuant to the SOFA, Reinhart FoodService, L.L.C. ("Reinhart") received the total of $754,134.96 within ninety (90) days prior to the Petition (the "Preference Period"). The details of such payments are attached hereto as Exhibit A.

5. On October 15, 2019, Reinhart filed a Motion for Allowance of 503(b)(9) Claim ("Motion") at Document No. 295.

6. Reinhart asserts a priority administrative claim in the total amount of $266,349.89 pursuant to section 503(b)(9) of the Bankruptcy Code, to be paid upon confirmation of any plan ("503(b)(9) Claim").

7. The Committee objects to the Motion pursuant to section 502(d) of the Bankruptcy Code and Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**OBJECTION**

8. Section 502(d) provides that "the court shall disallow any claim of any entity from which property is recoverable under section 542, 534, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title."

9. At the time of the filing of this Objection, the Debtor has not initiated any avoidance adversary proceedings, pursuant to section 547 of the Bankruptcy Code.

10. The Debtor and the Committee have closely worked together on the drafting of a chapter 11 plan that provides for a plan administrator to pursue avoidance actions and claim objections. The Debtor and the Committee expects for the proposed chapter 11 plan to be filed with the Court shortly hereafter.

11. Reinhart has not paid to the Debtor any sums pertaining to alleged preferential payment listed in Exhibit A.

12. Pursuant to the language of section 502(d), the court does not have to discretion to allow the disputed claims as long as the claimant remain liable for recovery of property owed to the estate. In re Ampace Corp., 279 B.R. 145, 162 (Bankr. D. Del. 2004) ("…§ 502(d) states that the Court shall disallow a claim if the claimant is found to have received a preferential transfer under § 547.").

13. Section 502(d) is designed to foster the restoration of assets to a debtor's estate thereby assuring equality of distribution of the estate's assets by precluding anyone who has received a voidable transfer from sharing in any distribution or burdening an estate with continuing litigation unless he first pays back any preference that he has received. In re Chase & Sanborn Corp., 124 B.R. 368, 371 (Bankr. S.D. Fla. 1991). See also, In re Allegheny Education and Research Foundation, 292 B.R. 68 (Bankr. W.D. Pa. 2003) (proof of claim filed by a creditor that was determined to be recipient of preferential transfers would be disallowed, subject to later allowance if and when it disgorged amount of preferential transfers to trustee.); In re PRS Ins. Group, Inc. 331 B.R. 580, 587 (Bankr. D. Del. 2005) ("an objection under 502(d) is not an attack on the merits of the claim. Rather the purpose of 502(d) is to ensure compliance with judicial orders by totally disallowing any claim filed by a creditor that is liable for a preference or fraudulent transfer – unless the creditor first pays the amount due to the estate.").

14. The purpose of the Bankruptcy Code is a fair distribution and pro rata sharing of assets to creditors. Allowing a creditor to retain preferential payment in addition to receiving a distribution on a claim defeats the clear intent of the Bankruptcy Code. In re AmeriServe Food Distribution, 315 B.R. 24, 37 f.n.2. (Bankr. D. Del. 2004).

15. Should any of the 503(b)(9) Claim be later resolved and settled, the amounts of the initial claim will be taken into consideration in negotiating the settlement of any alleged preference action against Reinhart.

16. Further, there has not yet been a bar date for similar claims and, while at the present time in the administration of the chapter 11 case, it does not appear there are sufficient funds readily available to cover all expenses of administration, it is impossible to tell if all claims of similar priority will be paid in full. Therefore, allowing and ordering payment of the administrative expense priority claim as requested is premature.

17. The Committee believes and therefore avers that adjudication of the Motion should await the confirmation of a chapter 11 plan, allowing sufficient time for a plan administrator to fully analyze the estate's potential claims against Reinhart for alleged preference transfers and for potential amicable resolution of the 503(b)(9) Claim, as well as to analyze the availability of funds for payment of such claim.

18. Consequently, the Committee does not believe that the 503(b)(9) Claim should be allowed as requested by Movant.

19. Granting the Motion would result in Reinhart receiving an inequitable and disproportionate recovery against the Debtor's estate to the detriment of other creditors in this bankruptcy case.

20. Accordingly, the Committee objects to the 503(b)(9) Claim and request entry of an order denying the request at this time.

**RESERVATION OF RIGHTS**

21. The Committee expressly reserves the right to amend, modify or supplement this Objection and to file additional objection if appropriate. Should one or more of the grounds of this

Objection be dismissed or overruled, the Committee reserves the right to objection the 503(b)(9) Claim on any other ground.

WHEREFORE, the Official Committee of Unsecured Creditors respectfully request that the enters an order denying *Reinhart FoodService, L.L.C.'s Motion for Allowance of 503(b)(9) Claim* and disallowing the 503(b)(9) Claim and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: November 12, 2019 | Respectfully submitted, |
| | BERNSTEIN-BURKLEY, P.C. |
| | By:/s/ *Kirk B. Burkley* |
| | Kirk B. Burkley, Esq. (PA ID #89511) |
| | kburkley@bernsteinlaw.com |
| | Keila Estevez, Esq. (PA ID #324601) |
| | kestevez@bernsteinlaw.com |
| | Suite 2200 Gulf Tower |
| | Pittsburgh, PA 15219 |
| | (412) 456-8100 - Phone |
| | (412) 456-8135 – Fax |
| | |
| | *Counsel for Official Committee of Unsecured Creditors* |