## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy Case No. 19-22715-CMB |
| **5171 CAMPBELLS LAND CO., INC.,** | Chapter 11 |
| Debtor. | |

## DEBTOR'S DISCLOSURE STATEMENT
## TO ACCOMPANY PLAN DATED NOVEMBER 12, 2019

☐  Chapter 11 Small Business (Check box only if debtor has elected to be considered a small business under 11 U.S.C. §1121(e))

Debtor furnishes this disclosure statement to creditors in the above-captioned matter pursuant to Bankruptcy Code §1125 to assist them in evaluating Debtor's proposed Chapter 11 plan, a copy of which is attached hereto as **EXHIBIT A**. Creditors may vote for or against the plan of reorganization.  Creditors who wish to vote must complete their ballots and return them to the following address before the deadline noted in the order approving the disclosure statement and fixing time.  The Court will schedule a hearing on the plan pursuant to 11 U.S.C. §1129.

ANY CAPITALIZED TERMS NOT DEFINED HEREIN SHALL HAVE THE MEANING SET FORTH IN THE ACCOMPANYING CHAPTER 11 PLAN.

Address for return of ballots:

5171 CAMPBELLS LAND CO., INC., BALLOT RETURN
Attn: Ryan J. Cooney, Esq.
223 Fourth Avenue, 4th Floor
Pittsburgh, Pa  15222

I.      BACKGROUND

1.      Name of Debtor: 5171 Campbells Land Co., Inc.

2.      Type of Debtor: Corporation

3.      Debtor's Business or Employment: Prior to the bankruptcy filing, the Debtor operated twenty-seven (27) Perkins Restaurants pursuant to License Agreements

by and between the Debtor and Perkins & Marie Callender's, LLC ("PMC").

4.      Date of Chapter 11 Petition: July 8, 2019

5.      Events that Caused the Filing:

Prior to the bankruptcy filing, PMC terminated the Debtor's license agreements. Additionally, Store Capital Acquisitions, LLC and Store Master Funding XIII, LLC (collectively "Store"), a primary creditor and landlord for the majority of the Debtor's restaurant locations, was seeking the appointment of a receiver for the Debtor's business. As such, this chapter 11 case was initiated to preserve the assets of the estate.

6.      Anticipated Future of the Company & Source of this Information and Opinion:

All of the Debtor's remaining assets will be liquidated by the Plan Administrator. Equity interests and all certificates, documents and other instruments underlying Equity interests shall be canceled. The source of the information for the Plan and Disclosure Statement is based on the records of the Debtor, as well as input from William T. Kane as President of the Debtor.

7.      Summarize all Significant Features of the Plan Including When and How Each Class of Creditor Will Be Paid and What, If Any, Liens Will Be Retained By Secured Creditors or Granted to Any Creditor Under the Plan.

A. _Background_

On July 08, 2019, the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Prior to the bankruptcy filing, the Debtor operated twenty-seven (27) Perkins Restaurants pursuant to license agreements by and between the Debtor and PMC. PMC terminated the Debtor's license agreements prior to the bankruptcy filing. Additionally, Store, a primary creditor and landlord for the majority of the Debtor's restaurant locations, was seeking the appointment of a receiver for the Debtor's business. As such, this chapter 11 case was initiated to preserve the assets of the estate.

Throughout the course of the instant chapter 11 case, the Debtor has sold the contents (namely, furniture, fixtures and equipment) of seventeen (17) of its twenty-seven (27) restaurants. The remaining ten (10) restaurants have been closed and the contents have been abandoned to Store, pursuant to a settlement agreement approved by the Court on September 5, 2019. Store had a first position lien on the abandoned contents.

B. *Distribution Structure*

All remaining assets of the Debtor, including but not limited to the Real Property, the remainder of the Settlement Proceeds as of the Effective Date, and Estate Litigation will be transferred to a Creditors Trust. The Creditors Trust shall be overseen by a Plan Administrator to be selected by the Official Committee of Unsecured Creditors and shall be liquidated for the benefit of Creditors.

Pursuant to the terms of the Plan, the Plan Administrator will conduct an orderly liquidation of the Debtor's assets. The Plan Administrator shall assist in the liquidation of various assets, including the Debtor's Real Property and the prosecution of Estate Litigation and objections to Claims.

After payment of Allowed Secured Claims and Plan Administrator expenses and fees from the monetization of the Debtor's assets subject to those Allowed Secured Claims, and after payment of expenses of the Plan Administrator incurred (and reasonably expected to be incurred) for Plan Administration, the Plan Administrator shall make Ratable Proportion Distribution to holders of an Allowed Claim pursuant to payment priority set forth by the Bankruptcy Code.

C. *Class Treatment*

   i.    Class 1, Secured Claim of First National Bank:  First National Bank holds a first lien on the Real Property. In the liquidation process, the Plan Administrator will liquidate the Real Property. The Plan Administrator may engage a broker to sell the Real Property. The Class 1 Secured Claim shall be paid in full upon the sale of the Real Property at closing, after full payment of the Plan Administrator's expenses incurred in sale process of the Real Property. The Plan Administrator reserves the right to abandon the Real Property in the event the amount of the Secured Claim exceeds the value of the Real Property.

   ii.   Class 2, Secured Claim of L-Four, L.P. L-Four, L.P. holds judgment liens against the Real Property. The Debtor disputes the validity of L-Four, L.P.'s Secured Claim. The Class 2 Secured Claim shall be paid upon the sale of the Real Property, after full payment of the Plan Administrator's expenses incurred in sale process of the Real Property and payment in full of all Allowed Class 1 Claims, to the extent allowed, if any, following the adjudication of a claim objection to be filed by the Plan Administrator. In the event that the Bankruptcy Court determines that L-Four, L.P.'s Claim is wholly or partially unsecured, such portion of the Claim shall be treated under Class 6 as set forth herein.

   iii.  Class 3, Other Secured Claim: Ascentium Capital, LLC ("Ascentium"), GSG Financial ("GSG"), Tri State Equipment ("Tri State"), US Foodservice Rec. Corp. ("US Foods") held security interests in the

Debtor's furniture, fixtures, and equipment, which has either been sold as approved by the Bankruptcy Court or abandoned to Store. Pursuant to the sale orders (See Doc. Nos. 234,235, 244, 278) certain distributions were approved to be made from the Sales Proceeds. It is not anticipated that there will be any excess Sale Proceeds following said approved distributions. However, in the event that excess Sale Proceeds exist after the approved distribution, the Plan Administrator shall make a distribution to holders to Class 3 Claims pursuant to the holders' respective priority in the Sale Proceeds. To the extent that Class 3 Claims are not satisfied from excess Sale Proceeds, such Claims shall be treated as general unsecured claims and shall receive payment as set forth under Class 6 herein.

iv.   <u>Class 4, Administrative Claims</u>: Funds to pay the Administrative Claims of Debtor's Attorneys and Attorneys for the Committee have been carved-out from the Sale Proceeds and are being held in Escrow. To the extent that the respective escrow amounts are insufficient to pay Allowed Chapter 11 Administrative Expense Claims, the remainder of said claims shall be included in Class 4. Additionally, each holder of an Allowed Administrative Claim, in full and complete satisfaction of such claim, shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process.

v.    <u>Class 5, Priority Claims</u>: Priority Claims shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims have been paid in full.

vi.   <u>Class 6, General Unsecured Claims</u>: Allowed Unsecured Claim, in full and complete satisfaction of such claim, shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims and Class 5 Claims have been paid in full.

vii.  <u>Class 7, Equity Interests</u>: The Equity Interest owners of the Debtor shall not receive any distribution nor retain any property on account of their Equity Interests under the Plan unless and until all of the Allowed Claims in Class 1, 2, 3, 4, 5 and 6 have been paid in full. As of the Effective Date, all Equity Interests and all certificates, documents and other instruments underlying Equity Interests shall be canceled.

8.    Are All Monthly Operating Statements Current and on File with The Clerk of Court?

Yes ___X_____    No _____

If Not, Explain:

N/A

9.    Does the plan provided for releases of nondebtor parties?  Specify which parties and terms of release.

The Debtor's court-approved professionals and the Committee's members and court-approved professionals as well as Compass Advisory Partners, LLC shall have no liability to any person for any act or omission in connection with, or arising out of, (i) the Disclosure Statement, (ii) the Plan, (ii) the solicitation of votes for, and pursuit of confirmation of, the Plan, (iv) the formulation, preparation, implementation or consummation of the Plan, or (v) the administration of the Plan or any contract, instrument, release or other agreement or document created or entered into in connection with the Plan, except for willful misconduct or gross negligence as determined by a Final Order after exhaustion of all rights of appeal, reconsideration or rehearing and, in all respects, shall be entitled to rely upon the advice of counsel with respect to its duties and responsibilities under the Plan and the Bankruptcy Case.

10.    Identify all executory contracts that are to be assumed or assumed and assigned.

NONE

11.    Has a bar date been set?        Yes __X__    No _____
(If not, a motion to set the bar date has been filed simultaneously with the filing of this disclosure statement.)

12.    Has an election under 11 U.S.C. §1121(e) has been filed with the Court to be treated as a small business?
                Yes _____   No __X__

13.    Specify property that will be transferred subject to 11 U.S.C. §1146(c).

NONE

II.    <u>CREDITORS</u>

A.    Secured Claims

SECURED CLAIMS

| Creditor | Total Amount Owed | Arrearages | Type of Collateral Priority of Lien (1, 2, 3) | Disputed (D) Liquidated (L) Unliquidated (U) | Will Liens Be Retained Under the Plan? (Y) or (N) |
|---|---|---|---|---|---|
| First National Bank | $629,252.53 | Unknown | 1st Mortgage on Vacant Land Located at 5171 Campbells Run Road, Pittsburgh, PA 15205 | D, U | N |
| L-FOUR L.P. | $713,874.39 | Unknown | Judgment Liens which attach to Vacant Land located at 5171 Campbells Run Road, Pittsburgh, PA 15205 | D | N |
| **TOTAL** | **$1,343,126.92** | | | | |

**Notes regarding Secured Claims**:

i.    The Debtor's Schedules identified the following additional Secured Claimants:
1. Ascentium Capital, LLC ("<u>Ascentium</u>")
2. GSG Financial ("<u>GSG</u>")
3. Tri State Equipment ("<u>Tri State</u>")
4. LED Solutions ("<u>LED</u>")
5. US Foodservice Rec. Corp. ("<u>US Foods</u>")
6. Vision Financial Group ("<u>Vision</u>")
7. Store

ii.   Ascentium, GSG and Tri State were identified as having purchase money security interests in unidentified restaurant equipment. The unidentified equipment was either sold pursuant to a court approved sale or was abandoned to Store pursuant to a court approved settlement. In the event the unidentified equipment was sold, Ascentium, Tri State, and GSG would have a lien on the Sales Proceeds. However, pursuant to the sale orders (See doc. nos. 234,235, 244, 278) certain distributions were approved to be made from the Sale Proceeds. It is not anticipated that there will be any excess Sales Proceeds following said approved distributions.

iii. Upon further investigation, it was determined that LED and Vision did not have secured claims but rather had executory contracts with the Debtor.

iv. US Foods had a pre-petition UCC in the Debtor's furniture, fixtures, and equipment. Said property has either been sold as set forth above or abandoned to Store.

v. Store released all secured claims pursuant to the court approved settlement filed at Doc. No. 198 and approved at Doc. No.239.

B.    Priority Claims

## PRIORITY CLAIMS

| Creditor | Total Amount Owed | Type of Collateral | (D) (L) (U) * |
|---|---|---|---|
| Ashland County | $781.80 | | U |
| Berkheimer | $5,006.87 | | U |
| City Of Canfield | $134.12 | | U |
| City Of Corry | $6,075.11 | | U |
| City Of Erie | $16,470.17 | | U |
| City Of Olean | $23,726.86 | | U |
| Clarion County Tax Claim Bureau | $13,633.89 | | U |
| Conneaut Income Tax Department | $197.76 | | U |
| Crawford County Tax Claim Bureau | $31,643.71 | | U |
| Erie County Tax Claim Bureau | $41,636.60 | | U |
| Harborcreek Twp. Tax Collector | $14,176.04 | | U |

| | | | |
|---|---|---|---|
| Hermitage Treasurer | $4,114.68 | | U |
| Indiana County Tax Treasurer | $21,025.41 | | U |
| Internal Revenue Service | $350,000.00 | | U |
| Keystone | $275.57 | | U |
| LST Collector Vernon Twp. | $66.00 | | U |
| Mahoning County Treasurer | $82,188.41 | | U |
| Mercer County Tax Claim Bureau | $9,607.37 | | U |
| Neshannock Tax Collector | $17,728.52 | | U |
| New York Department Of Labor-Unemployment | $46.64 | | U |
| NY Department Of Taxation And Finance | $93,025.89 | | U |
| Ohio Bureau Of Employment Dept. Of Job And Family Services | $454.22 | | U |
| Ohio Department Of Taxation | $838,786.00 | | U |
| Olean City School District | $20,022.70 | | U |
| PA Department Of Revenue | $1,344,727.00 | | U |
| Pennsylvania Unemployment Fund | $6,120.01 | | U |
| R.I.T.A. | $611.00 | | U |
| Stark County Treasurer | $21,808.08 | | U |

| | | | |
|---|---|---|---|
| Titusville Treasurer Tax Claim Bureau | $9,203.91 | | U |
| Treasurer Of Lawrence County | $6,685.98 | | U |
| Treasurer Of State Of Ohio | $7,742.32 | | U |
| Vernon Twp. Tax Collector | $8,823.03 | | U |
| Warren City Tax Office | $24,788.39 | | U |
| Warren City Tax Office-Earned Income | $60.00 | | U |
| **TOTAL** | **$3,021,394.06** | | |

* Disputed (D), Liquidated (L), or Unliquidated (U)

C.      Unsecured Claims

|   |   |   |
|---|---|---|
| 1. | Amount Debtor Scheduled (Disputed and Undisputed) | $  4,559,154.39 |
| 2. | Amount of Unscheduled Unsecured Claims[1] | $     287,777.89 |
| 3. | Total Claims Scheduled or Filed | $  4,846,932.28 |
| 4. | Amount Debtor Disputes | $  2,050,000.00 |
| 5. | Estimated Allowable Unsecured Claims | $  2,796,932.28 |

III.    ASSETS

ASSETS

| Assets | Value | Basis for Value | Name of Lien Holder (if any) (Fair Market Value/ Book Value) | Amount of Debtor's Equity (Value Minus Liens) |
|---|---|---|---|---|
| PNC Depository Account | $0.00 | Bank Account Statement | NONE | $0.00 |
| PNC Payroll Account | $0.00 | Bank Account Statement | NONE | $0.00 |
| PNC Operating Account | $0.00 | Bank Account Statement | NONE | $0.00 |
| PNC Corporate Account | $1,221.38 | Bank Account Statement | NONE | $1,221.38 |
| Huntington Checking -1 | $100.00 | Bank Account Statement | NONE | $100.00 |
| Huntington Checking -2 | $655.73 | Bank Account Statement | NONE | $655.73 |

---

[1] Includes (a.) unsecured claims filed by unscheduled creditors; (b.) that portion of any unsecured claim filed by a scheduled creditor that exceeds the amount debtor scheduled; and (c.) any unsecured portion of any secured debt not previously scheduled.

| Community Bank | $613.74 | Bank Account Statement | NONE | $613.74 |
|---|---|---|---|---|
| Remainder of Settlement Proceeds | $210,000.00 | Estimate | NONE | $210,000.00 |
| Office Furniture And Equipment | $1,000.00 | Estimate | NONE | $1,000.00 |
| Vacant Land – 5171 Campbells Run Road, Pittsburgh, Pa 15205 | $1,394,040.00 | Appraisal | FNB First Mortgage – $650,000<br><br>L-FOUR L.P. Judgment Liens - $713,874 (DISPUTED) | UNKNOWN |
| Causes Of Action Against Third Parties Including Chapter 5 Claims | UNKNOWN | NONE | NONE | UNKNOWN |
|  |  |  |  |  |
| **TOTAL** | **$1,607,630.85** |  |  |  |

1.      Are any assets which appear on Schedule A or B of the bankruptcy petition not listed above?

Yes.

If so, identify asset and explain why asset is not in estate:

Deposit With Store Master Funding: The Deposit was released to Store to be applied to any claims or damages Store may have against the Estate pursuant to a court approved settlement.

Utility Deposits: Any utility deposits have been applied to past due balances to reduce claims held by utility companies.

Accounts Receivable: The accounts receivable identified on the Debtor's schedules reflected funds that the Debtor alleged to be owed from Store for improvements and repairs that the Debtor made to Store's real estate. This claim was released pursuant to the Court approved settlement with Store.

Inventory: All inventory, to the extent not perished, was sold pursuant to court approved sales or abandoned to Store pursuant to a court

approved settlement.

<u>Restaurant Equipment</u>: All restaurant equipment was sold pursuant to court approved sales or abandoned to Store pursuant to a court approved settlement.

<u>Smallwares</u>: All smallwares were sold pursuant to court approved sales or abandoned to Store pursuant to a court approved settlement.

<u>POS Systems</u>: The POS Systems were misidentified on the Debtor's bankruptcy petition as an asset. Upon further investigation, the POS Systems were determined to be leased. Said lease has been rejected.

<u>Leasehold Improvements</u>: The Leasehold Improvements identified on the Debtor's bankruptcy petition represented the total amount of leasehold improvements made by the Debtor to properties leased from Store less the amounts the Debtor classified as Accounts Receivable.

2.      Are any assets listed above claimed as exempt?  If so attach a copy of Schedule C and any amendments.

No.

IV.     <u>SUMMARY OF PLAN</u>

1.      Effective Date of Plan: Upon Final Order of Confirmation and occurrence of conditions precedent identified in Section 12.2 of the Plan.

2.      Will cramdown be sought?  Debtor reserves the right to seek cramdown in the event any Class rejects the plan.

If yes, state bar date: <u>December 24, 2019.</u>

3.      Treatment of Secured **Non-Tax** Claims

### SECURED NON-TAX CLAIMS

| Claim No. | Name of Creditor | Class | Amount Owed | Summary of Proposed Treatment |
|---|---|---|---|---|
| 30 | First National Bank | 1 | $629,252.53 | This Claim will be paid in full upon the sale of the Debtor's Real Property. |
|  | L-FOUR L.P. | 2 | $713,874.39 | The Debtor disputes the validity of L-FOUR, L.P.'s Secured Claim. The Class 2 Secured Claim shall be paid upon the sale of the Real Property, after full payment of the Plan Administrator's expenses incurred in sale process of the Real Property and payment in full of all Allowed Class 1 Claims, to the extent allowed, if any, following the adjudication of a claim objection to be filed by the Plan Administrator. In the event that the Bankruptcy Court determines that L-FOUR, L.P.'s Claim is wholly or partially unsecured, such portion of the Claim shall be treated under Class 6 as set forth herein. |
|  | **TOTAL** |  | **$1,343,126.92** |  |

4.      Treatment of Secured Tax Claims

### SECURED TAX CLAIMS

| Claim No. | Name of Creditor | Class | Amount Owed | Summary of Proposed Treatment |
|---|---|---|---|---|
| 30 | Clarion County Tax Claim Bureau |  | $204.88 |  |
|  | **TOTAL** |  | **$204.88** |  |

5.        Treatment of Administrative **Non-Tax** Claims[2]

ADMINISTRATIVE NON-TAX CLAIMS

| Name of Creditor* | Class | Amount Owed | Type of Debt** | Summary of Proposed Treatment and Date of First Payment |
|---|---|---|---|---|
| Robert O Lampl (Counsel for the Debtor) | 4 | $175,000.00 | P | Funds to pay the Administrative Claims of the Robert O Lampl Law Office, and Attorneys for the Committee have been carved-out from the Sale Proceeds and are being held in Escrow. To the extent that the respective escrow amounts are insufficient to pay Allowed Chapter 11 Administrative Expense Claims, the remainder of said claims shall be included in Class 4. |
| Compass Advisory Partners | 4 | $50,000.00 | ADVISORY FEES | In full and complete satisfaction of such claim, shall receive Ratable Proportion distribution from the designated pool of funds, as funds become available through the orderly liquidation process. |
| BERNSTEIN-BURKLEY, P.C. (Counsel for Committee of Unsecured Creditors) | 4 | $90,000.00 | P | Funds to pay the Administrative Claims of the Robert O Lampl Law Office, and Attorneys for the Committee have been carved-out from the Sale Proceeds and are being held in Escrow. To the extent that the respective escrow amounts are insufficient to pay Allowed Chapter 11 Administrative Expense Claims, the remainder of said claims shall be included in Class 4. |
| U.S. TRUSTEE | 4 | $0.00 | TRUSTEE FEES | To be paid in full on or before the Plan Effective Date. |
| Perkins And Marie Callender's, LLC | 4 | $160,000.00 | TRADE (FRANCHISE FEES) | In full and complete satisfaction of such claim, shall receive Ratable Proportion distribution, as funds become available through the orderly liquidation process. |
| 3d Acquisitions LP | 4 | $56,000.00 | TRADE (POST-PETITION RENT) | In full and complete satisfaction of such claim, shall receive Ratable Proportion distribution, as funds become available through the orderly liquidation process. |
| Bainbridge LP | 4 | $10,000.00 | TRADE (POST-PETITION | In full and complete satisfaction of such claim, shall receive Ratable Proportion distribution, as funds become available |

[2]Include all §503(b) administrative claims.

| | | | RENT) | through the orderly liquidation process. |
|---|---|---|---|---|
| Perkins Holdings LLC | 4 | $24,000.00 | TRADE (POST-PETITION RENT) | In full and complete satisfaction of such claim, shall receive Ratable Proportion distribution, as funds become available through the orderly liquidation process. |
| Vision Financial Group | 4 | $40,000.00 | TRADE (POST-PETITION RENT) | In full and complete satisfaction of such claim, shall receive Ratable Proportion distribution, as funds become available through the orderly liquidation process. |
| LED Solutions | 4 | $32,000.00 | TRADE (POST-PETITION RENT) | In full and complete satisfaction of such claim, shall receive Ratable Proportion distribution, as funds become available through the orderly liquidation process. |
| US Foods | 4 | $303,653.56 | TRADE (503(b)(9)) | In full and complete satisfaction of such claim, shall receive Ratable Proportion distribution, as funds become available through the orderly liquidation process. |
| Reinhart Food Service | 4 | $267,000.00 | TRADE (503(b)(9)) | In full and complete satisfaction of such claim, shall receive Ratable Proportion distribution, as funds become available through the orderly liquidation process. |
| Post-Petition Utilities | 4 | $180,000.00 | TRADE (POST-PEITION UTILITIES) | In full and complete satisfaction of such claim, shall receive Ratable Proportion distribution, as funds become available through the orderly liquidation process. |
| **TOTAL** | | **$1,230,653.56** | | |

6.      Treatment of Administrative Tax Claims

ADMINISTRATIVE TAX CLAIMS

| Name of Creditor* | Amount Owed | Type of Debt** | Summary of Proposed Treatment and Date of First Payment |
|---|---|---|---|
| N/A | | | |
| | | | |

\*  Identify and Use Separate Line for Each Professional and Estimated Amount of Payment
\*\* Type of Debt (P=Professional, TD=Trade, TX=Taxes)

7.      Treatment of Priority **Non-Tax** Claims

PRIORITY NON-TAX CLAIMS

| Name of Creditor | Class | Amount Owed | Date of Assessment | Summary of Proposed Treatment |
|---|---|---|---|---|
| N/A | | | | |
| | | | | |
| | | | | |

8.      Treatment of Priority Tax Claims[3]

PRIORITY TAX CLAIMS

| Name of Creditor | Class | Amount Owed | Date of Assessment | Summary of Proposed Treatment |
|---|---|---|---|---|
| Ashland County | 5 | $781.80 | | Class 5 Claims shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims have been paid in full. |
| Berkheimer | 5 | $5006.87 | | Class 5 Claims shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims have been paid in full. |
| City Of Canfield | 5 | $134.12 | | Class 5 Claims shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims have been paid in full. |
| City Of Corry | 5 | $6,075.11 | | Class 5 Claims shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims have been paid in full. |
| City Of Erie | 5 | $16,470.17 | | Class 5 Claims shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims have been paid in full. |

[3]Include dates when any §507(a)(7) taxes were assessed.

| City Of Olean | 5 | $23,726.86 | | Class 5 Claims shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims have been paid in full. |
|---|---|---|---|---|
| Clarion County Tax Claim Bureau | 5 | $13,633.89 | | Class 5 Claims shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims have been paid in full. |
| Conneaut Income Tax Department | 5 | $197.76 | | Class 5 Claims shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims have been paid in full. |
| Crawford County Tax Claim Bureau | 5 | $31,643.71 | | Class 5 Claims shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims have been paid in full. |
| Erie County Tax Claim Bureau | 5 | $41,636.60 | | Class 5 Claims shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims have been paid in full. |
| Harborcreek Twp. Tax Collector | 5 | $14,176.04 | | Class 5 Claims shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims have been paid in full. |
| Hermitage Treasurer | 5 | $4,114.68 | | Class 5 Claims shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims have been paid in full. |

| | | | | |
|---|---|---|---|---|
| Indiana County Tax Treasurer | 5 | $21,025.41 | | Class 5 Claims shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims have been paid in full. |
| Internal Revenue Service | 5 | $350,000.00 | | Class 5 Claims shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims have been paid in full. |
| Keystone | 5 | $275.57 | | Class 5 Claims shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims have been paid in full. |
| LST Collector Vernon Twp. | 5 | $66.00 | | Class 5 Claims shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims have been paid in full. |
| Mahoning County Treasurer | 5 | $82,188.41 | | Class 5 Claims shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims have been paid in full. |
| Mercer County Tax Claim Bureau | 5 | $9,607.37 | | Class 5 Claims shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims have been paid in full. |
| Neshannock Tax Collector | 5 | $17,728.52 | | Class 5 Claims shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims have been paid in full. |

| New York Department Of Labor-Unemployment | 5 | $46.64 | | Class 5 Claims shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims have been paid in full. |
|---|---|---|---|---|
| Ny Department Of Taxation And Finance | 5 | $93,025.89 | | Class 5 Claims shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims have been paid in full. |
| Ohio Bureau Of Employment Dept. Of Job And Family Services | 5 | $454.22 | | Class 5 Claims shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims have been paid in full. |
| Ohio Department Of Taxation | 5 | $838,786.00 | | Class 5 Claims shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims have been paid in full. |
| Olean City School District | 5 | $20,022.70 | | Class 5 Claims shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims have been paid in full. |
| Pa Department Of Revenue | 5 | $1,344,727.00 | | Class 5 Claims shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims have been paid in full. |
| Pennsylvania Unemployment Fund | 5 | $6,120.01 | | Class 5 Claims shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims have been paid in full. |

| R.I.T.A. | 5 | $611.00 | | Class 5 Claims shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims have been paid in full. |
|---|---|---|---|---|
| Stark County Treasurer | 5 | $21,808.08 | | Class 5 Claims shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims have been paid in full. |
| Titusville Treasurer Tax Claim Bureau | 5 | $9,203.91 | | Class 5 Claims shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims have been paid in full. |
| Treasurer Of Lawrence County | 5 | $6,685.98 | | Class 5 Claims shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims have been paid in full. |
| Treasurer Of State Of Ohio | 5 | $7,742.32 | | Class 5 Claims shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims have been paid in full. |
| Vernon Twp. Tax Collector | 5 | $8,823.03 | | Class 5 Claims shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims have been paid in full. |
| Warren City Tax Office | 5 | $24,788.39 | | Class 5 Claims shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims have been paid in full. |

| Warren City Tax Office-Earned Income | 5 | $60.00 | | Class 5 Claims shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims have been paid in full. |
|---|---|---|---|---|

9.      Treatment of General Unsecured Non-Tax Claims

Each holder of an Allowed Unsecured Claim, in full and complete satisfaction of such claim, shall receive Ratable Proportion distribution as funds become available through the orderly liquidation process once all Allowed Class 4 Claims and Class 5 Claims have been paid in full.

| Creditor | Proof of Claim No. (if any) | Class | Total Amount Owed |
|---|---|---|---|
| BurMac Commercial Roofing | 2 | 6 | $ 46,442.16 |
| West Penn Power | 5 | 6 | $ 489.79 |
| The Illuminating Company | 6 | 6 | $ 797.05 |
| Ohio Edison | 7 | 6 | $ 3,653.02 |
| Watkins General Contracting | 10 | 6 | $ 4,667.36 |
| Sunbelt Rentals | 11 | 6 | $ 2,669.87 |
| PNC Bank, National Association | 12 | 6 | $ 6,149.82 |
| New Carbon Company, LLC | 13 | 6 | $ 15,588.00 |
| Rooter-Man | 14 | 6 | $ 52,500.00 |
| NuCO2, LLC | 15 | 6 | $ 49,352.49 |

| | | | |
|---|---|---|---|
| AmTrust North America, Inc.<br>On behalf of Technology Insurance Company,<br>Inc. | 16 | 6 | $ 158,944.00 |
| Plyler Entry System | 17 | 6 | $     5,179.07 |
| Pennsylvania American Water | 18 | 6 | $     5,776.91 |
| Staples Business Advantage | 19 | 6 | $     7,083.58 |
| Neshannock Township Sewer Department | 20 | 6 | $        698.45 |
| Penelec | 21 | 6 | $        688.21 |
| Yardmaster of Pennsylvania | 22 | 6 | $     2,661.84 |
| Tin Man Heating and Cooling<br>fka AL Farnam Maintenance, LLC | 24 | 6 | $        963.35 |
| Ehrlich (Rentokil North America) | 26 | 6 | $   16,518.90 |
| Stark County Sanitary Engineers | 27 | 6 | $     1,224.12 |
| Trabon Printing Company, Inc. | 28 | 6 | $   10,224.97 |
| OUTFRONT Media LLC | 29 | 6 | $   10,390.65 |
| Affiliated Grounds Maintenance Group Inc. | 33 | 6 | $     7,319.80 |
| National Grid | 34 | 6 | $     1,191.12 |
| Wm. T. Spaeder Co., Inc. | 35 | 6 | $ 150,871.74 |
| Peoples Natural Gas Company LLC | 36 | 6 | $     1,947.61 |
| M and B Redi Mix, Inc. | 37 | 6 | $   23,895.93 |
| Cleveland Brothers Equipment Co., Inc. | 38 | 6 | $   57,951.45 |
| Verizon Business Global, LLC | 39 | 6 | $     6,314.41 |

| | | | |
|---|---|---|---|
| Verizon by American InfoSource as agent | 41 | 6 | $    4,166.57 |
| 3D Acquisitions LP | | 6 | $  28,500.20 |
| 5171 Campbells Land Co. | | 6 | $    5,778.68 |
| A.J. Demor & Sons | | 6 | $  23,280.00 |
| Access Point | | 6 | $  39,400.21 |
| Ace Contractor Center | | 6 | $    1,250.95 |
| AIS Comm Parts | | 6 | $    1,223.97 |
| All Pro Landscaping | | 6 | $    2,127.60 |
| Allen Flag & Flagpole | | 6 | $    5,310.79 |
| Amanda Bittinger | | 6 | $    3,418.80 |
| American Choice Apparel | | 6 | $        87.14 |
| American Electric Power | | 6 | $    3,603.49 |
| Aqua Ohio | | 6 | $      663.77 |
| Armstrong | | 6 | $      855.53 |
| Ashland Area C of C | | 6 | $      175.00 |
| Ashland Comfort Control Inc. | | 6 | $    6,050.00 |
| Ashtabula Co Treasurer | | 6 | $  33,235.04 |
| AT&T | | 6 | $    1,789.35 |
| B. E. Stahlman - Tax Collector | | 6 | $  12,009.55 |

| | | | | |
|---|---|---|---|---|
| B.Y. Lawncare | | 6 | $ | 9,050.00 |
| Bainbridge LP | | 6 | $ | 6,938.07 |
| Barone Murth Shonber | | 6 | $ | 2,500.00 |
| Basically Blinds | | 6 | $ | 4,073.50 |
| Borough of Grove City | | 6 | $ | 3,573.63 |
| Borough of Indiana Util. | | 6 | $ | 1,284.14 |
| Burrier Service Co. | | 6 | $ | 644.39 |
| Careworkscomp | | 6 | $ | 8,000.00 |
| Case Sabatini | | 6 | $ | 10,147.92 |
| Casella Waste Service 60 | | 6 | $ | 2,438.87 |
| Century Link | | 6 | $ | 735.38 |
| Cintas | | 6 | $ | 41,016.41 |
| City Treasurer-Meadville | | 6 | $ | 135.00 |
| City of Ashtabula Waste Water | | 6 | $ | 75.17 |
| City of Bradford Treasurer | | 6 | $ | 299.95 |
| City of Canfield Utility Dept. | | 6 | $ | 2,164.80 |
| City of Cleveland Div. of Water | | 6 | $ | 1,861.24 |
| City of Corry Water | | 6 | $ | 814.64 |
| City of Hermitage | | 6 | $ | 200.00 |

| | | | | |
|---|---|---|---|---|
| City of Hermitage Sewer | | 6 | $ | 2,374.16 |
| City of Olean Water/Sewer | | 6 | $ | 4,855.92 |
| City of Titusville Treasurer | | 6 | $ | 1,126.57 |
| City of Warren, Util. Serv. | | 6 | $ | 291.41 |
| Clark Electric Inc. | | 6 | $ | 29,896.52 |
| Clearpoint IT Management | | 6 | $ | 75.00 |
| Coast to Coast Computer Products | | 6 | $ | 269.97 |
| Coca Cola N. Amer. | | 6 | $ | 1,840.87 |
| Columbia Gas | | 6 | $ | 6,981.17 |
| Commonwealth of PA Dept. of Agriculture | | 6 | $ | 300.00 |
| Conneaut Water & Sewer Dept. | | 6 | $ | 758.10 |
| Consolidated Communications | | 6 | $ | 705.75 |
| Cozzini Bros. Inc. | | 6 | $ | 4,055.72 |
| Cranberry Township | | 6 | $ | 3,263.25 |
| Crawford County Treasurer | | 6 | $ | 3,146.33 |
| Curt Hall | | 6 | $ | 1,406.61 |
| Dalton's San-Ser | | 6 | $ | 1,025.00 |
| Dan Buxton Roofing | | 6 | $ | 1,200.00 |
| Daniel Sayers | | 6 | $ | 2,641.44 |

| | | | | |
|---|---|---|---|---|
| Darling Int Inc. | | 6 | $ | 1,295.15 |
| Datatek Services Inc. | | 6 | $ | 159.00 |
| Dawn Pavlik | | 6 | $ | 297.80 |
| Daymark | | 6 | $ | 1,428.72 |
| Doctor Dead-Bug Inc. | | 6 | $ | 4,176.07 |
| Dollar Bank | | 6 | $ | 35.00 |
| Dominion Energy Ohio | | 6 | $ | 5,290.81 |
| Edison Landscape & Deck Lighting LLC | | 6 | $ | 3,841.70 |
| Edward Peters | | 6 | $ | 50,000.00*<br>**\*Disputed** |
| Elmhurst Prop Inc. | | 6 | $ | 12,000.00 |
| Enviro Master of Pittsburgh | | 6 | $ | 996.48 |
| Erie Water Works | | 6 | $ | 8,237.04 |
| Field Club Commons | | 6 | $ | 29,892.48 |
| Fine Print | | 6 | $ | 473.72 |
| Foster Twp. Sewer Fund | | 6 | $ | 2,985.00 |
| Foulk's Flooring America | | 6 | $ | 2,274.24 |
| Foundation Building Materials | | 6 | $ | 42,925.30 |
| Franklin Machine Products LLC | | 6 | $ | 1,720.36 |
| Frantz & Russell Inc. | | 6 | $ | 185.00 |

| | | | | |
|---|---|---|---|---|
| Gerald R. Fry Co., Inc. | | 6 | $ | 5,933.34 |
| Give Kids the World | | 6 | $ | 3,700.30 |
| Grainger | | 6 | $ | 4,032.44 |
| Great American Financial Svcs. | | 6 | $ | 888.85 |
| Greater Olean Area C of C | | 6 | $ | 245.00 |
| Greenville Water Authority | | 6 | $ | 2,184.40 |
| Greg Greco Heating and Cooling | | 6 | $ | 62,983.00 |
| Guardian Alarm Co. | | 6 | $ | 349.07 |
| Hagan Business Machines-Meadville | | 6 | $ | 1,088.24 |
| Hempfield Twp. Authority | | 6 | $ | 1,609.34 |
| Heppner-Pritt & Assoc. Inc. | | 6 | $ | 1,401.46 |
| Huberty Electric | | 6 | $ | 6,092.00 |
| Imperial Glazing Concepts, Inc. | | 6 | $ | 626.23 |
| Inglewood Associates LLC | | 6 | $ | 2,227.44 |
| Integra Realty Resources | | 6 | $ | 1,350.00 |
| IRR Supplies Center | | 6 | $ | 38,614.29 |
| J&S Landscaping Co. | | 6 | $ | 540.33 |
| JC Erlich | | 6 | $ | 12,338.97 |
| JDK Real Estate, LLC | | 6 | $ | 3,367.00 |

| | | | | |
|---|---|---|---|---|
| Josh's Lawncare & Landscaping | | 6 | $ | 1,629.46 |
| JV Surface Water Services | | 6 | $ | 2,030.33 |
| Kaza Fire Equipment LLC | | 6 | $ | 4,305.84 |
| Kens Custom Upholstering | | 6 | $ | 135.00 |
| Kens Lawn Maintenance | | 6 | $ | 65.00 |
| Koldrock | | 6 | $ | 61.28 |
| L&W Supply | | 6 | $ | 4,559.40 |
| L-Four L.P. | | 6 | $ | 500,000.00*<br>**\*Disputed** |
| Landmiller Landscape | | 6 | $ | 2,311.20 |
| Lilac Investments LLC | | 6 | $ | 13,800.00 |
| Mark A. Villers | | 6 | $ | 1,931.92 |
| Mark Maynard | | 6 | $ | 1,305.67 |
| McAdoo Motorsports Inc. | | 6 | $ | 1,245.00 |
| McGann Plumbing/Heating | | 6 | $ | 178.50 |
| McGill, Power, Bell & Assoc. | | 6 | $ | 10,500.00 |
| Meadville Ace Cont. | | 6 | $ | 337.99 |
| Meadville Plate Glass Co., Inc. | | 6 | $ | 86,829.50 |
| Meadville-W. Crawford County C of C | | 6 | $ | 250.00 |
| Merchant Link Lockbox | | 6 | $ | 360.00 |

| | | | | |
|---|---|---|---|---|
| MGI Risk Management | | 6 | $ | 43,440.00 |
| Midwest Systems & Services Inc. | | 6 | $ | 119.84 |
| Miller Sewer & Drain Cleaning | | 6 | $ | 1,248.00 |
| Mills Enterprises LLC | | 6 | $ | 467.10 |
| Mood Media | | 6 | $ | 15,692.92 |
| National Fuel | | 6 | $ | 5,781.85 |
| Niles Electric | | 6 | $ | 24,029.88 |
| Northeast OH Reg Sewer Dst | | 6 | $ | 3,402.26 |
| NYSEG | | 6 | $ | 236.56 |
| Ohio Logos Inc. | | 6 | $ | 9,550.00 |
| One Call Rentals | | 6 | $ | 47,552.67 |
| Oracle America Inc. | | 6 | $ | 15,674.02 |
| Orkin Pest Control #928 | | 6 | $ | 142.85 |
| P. J. Lynd T.C. | | 6 | $ | 4,515.79 |
| PA Municipal Service Co. | | 6 | $ | 2,228.65 |
| PA One Call System, Inc. | | 6 | $ | 125.00 |
| Park Centre Development Inc. | | 6 | $ | 2,000.00 |
| Paul Becker | | 6 | $ | 3,432.96 |
| Penn Power | | 6 | $ | 8,937.20 |

| | | 6 | $ 1,500,000.00* |
|---|---|---|---|
| Perkins | | | **\*Disputed** |
| Perkins Holdings LLC | | 6 | $ 55,097.72 |
| | | 6 | $ 0.00* |
| Peter D. Kaplan | | | **Disputed** |
| Phillip Crawford | | 6 | $ 573.01 |
| PMF Rentals | | 6 | $ 383.86 |
| Precision Copy Products Inc | | 6 | $ 4.50 |
| Red Book Solutions | | 6 | $ 649.94 |
| Reilly Sweeping Inc. | | 6 | $ 1,631.23 |
| Reinhart Food Service | | 6 | $ 435,361.59 |
| Renovator Rich Thiel | | 6 | $ 5,000.00 |
| Republic Waste Service | | 6 | $ 1,275.62 |
| Robert Foulkrod | | 6 | $ 2,585.60 |
| Robert Roell | | 6 | $ 1,860.00 |
| Ron Miller Plumbing | | 6 | $ 600.00 |
| Ronald Linaburg | | 6 | $ 500,000.00 |
| Rumpke Consolidated | | 6 | $ 600.41 |
| Sage Checks & Forms | | 6 | $ 941.13 |
| Sage Net | | 6 | $ 24,382.22 |

| | | | | |
|---|---|---|---|---|
| Shamrock Building Services, Inc. | | 6 | $ | 6,174.41 |
| SiegelJennings | | 6 | $ | 5,690.68 |
| Snyder Brothers, Inc. | | 6 | $ | 10,757.26 |
| Staybridge Suites-Pittsburgh/Cranberry | | 6 | $ | 443.64 |
| Stephen Maglin | | 6 | $ | 0.00 |
| Stitt's Nursery & Landscaping | | 6 | $ | 1,445.00 |
| Strong Lawns/Kem-R Lawns | | 6 | $ | 1,943.86 |
| Taylor Steamer Cleaning | | 6 | $ | 1,123.50 |
| Technic | | 6 | $ | 680.00 |
| Time Warner Cable NE | | 6 | $ | 92.82 |
| Trace Lawn & Landscaping Inc. | | 6 | $ | 324.00 |
| Treasurer of State of Ohio | | 6 | $ | 8,841.55 |
| Triton Imaging Systems | | 6 | $ | 132.67 |
| Trum Co. Water Sewer | | 6 | $ | 2,456.71 |
| United Concordia | | 6 | $ | 1,109.56 |
| United Healthcare | | 6 | $ | 79,627.48 |
| Unum Life Ins. | | 6 | $ | 331.83 |
| Valley Communications LLC | | 6 | $ | 2,568.78 |
| Vernon Twp. Water & Sewage | | 6 | $ | 1,156.89 |

| | | | |
|---|---|---|---|
| Vision Financial Group | | 6 | $    30,770.68 |
| Vogels Disp Service, Inc. | | 6 | $         427.90 |
| W. E. Unger & Associates | | 6 | $      9,728.04 |
| Waste Management | | 6 | $      5,428.83 |
| White Twp. Light Fund | | 6 | $           62.82 |
| White Twp. Sewer Service | | 6 | $         658.66 |
| William Blatt-Hemp TX Coll | | 6 | $    11,522.02 |
| Windstream | | 6 | $      2,085.43 |
| Youngstown Water Department | | 6 | $      4,952.01 |
| **TOTAL** | | | **$ 4,846,932.28** |

10.    Treatment of General Unsecured Tax Claims

GENERAL UNSECURED TAX CLAIMS

| Creditor | Class | Total Amount Owed | Percent of Dividend |
|---|---|---|---|
| NONE | | | |
| | | | |

11.     Will periodic payments be made to unsecured creditors?

Yes __X____     No _____

Each holder of an Allowed Unsecured Claim, in full and complete satisfaction of such claim, shall receive Ratable Proportion distribution, as funds become available through the orderly liquidation process.

V.     Comparison of Plan with Chapter 7 Liquidation

If debtor's proposed plan is not confirmed, the potential alternatives would include proposal of a different plan, dismissal of the case or conversion of the case to Chapter 7.  If this case is converted to Chapter 7, a trustee will be appointed to liquidate the debtor's non-exempt assets. In this event, after payment of all secured claims and Chapter 7 expenses of administration, only then will Chapter 11 expenses of administration receive remaining fund, followed by priority claims, then unsecured claimants.

| | | |
|---|---|---|
| Total value of Chapter 7 estate (See Section III) | $ | **1,607,630.85*** |
| 1.  Less secured claims (See Section IV-2) | $ | 1,343,126.92 |
| 2.  Less administrative expenses (See Section IV-5 and include approximate Chapter 7 expenses) | $ | 1,250,653.56 |
| 3.  Less other priority claims (See Section IV-4) | $ | 3,021,394.06 |
| Total Amount Available for Distribution to Unsecured Creditors | $ | 0.00 |
| Divided by total allowable unsecured claims of (See Section II C) | $ | 0.00 |
| Percentage of Dividend to Unsecured Creditors: | | 0% |

* Not included the potential recovery from Causes of Action, which amount remains unknown at the time of the filing of the Disclosure Statement and Chapter 11 Plan of Liquidation.

Will the creditors fare better under the plan than they would in a Chapter 7 liquidation?

Yes ____X____     No _____

Explain: Under the Plan, the Plan Administrator will pursue Recovery Actions which are anticipated to yield additional Net Recoveries for the benefit of all Creditors.

VI.     Feasibility

Estimated amount to be paid on effective date of plan, including administrative expenses.

$ 0.00

What assumptions are made to justify the increase in cash available for the funding of the plan?

None. The Plan is funded by the amount held in Escrow by the Debtor's Counsel, the Sale of the Real Property, Settlement Proceeds, plus Net Recoveries on Recovery Actions pursued by the Plan Administrator.

Will funds be available in the full amount for administrative expenses on the effective date of the plan?  From what source?  If not available, why not and when will payments be made?

Uncertain.  From the cash on hand at the Effective Date, the Plan Administrator will determine if a partial distribution should be made to administrative expense claims after reserving sufficient funds for plan administration.

VII.    Identify the Effect on Plan Payments and Specify Each of the Following:

1.    What, if any, litigation is pending?

None.

2.    What, if any, litigation is proposed or contemplated?

The Debtor reserves all rights to object to any Claims and pursue  any Recovery Actions, including but not limited to preference Claims or Causes of Action, fraudulent conveyance Claims or Causes of Action, rights of setoff and other Claims and Causes  of Action under sections 510, 542, 544, 545, 547, 548, 549, 550, and 553 of the Bankruptcy Code  and other applicable bankruptcy and non-bankruptcy law.

VIII.    Additional Information and Comments

NONE

IX.    Certification

The undersigned hereby certifies that the information herein is true and correct to the best of my knowledge and belief formed after reasonable inquiry.

| | |
|---|---|
| */s/ William T. Kane*_____ | November 12, 2019 |
| Signature of Debtor | Date |
| or Authorized Representative | |
| | |
| */s/ Robert O Lampl*_____ | November 12, 2019 |
| Debtor's Counsel | Date |