IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>**5171 CAMPBELLS LAND CO., INC.,**<br><br>Debtor. | Bankruptcy Case No. 19-22715-CMB<br><br>Chapter 11<br><br>Related Doc Nos. 308, 309, 405, and 407 |

**DEFAULT**
**ORDER CONFIRMING DEBTOR'S CHAPTER 11 PLAN**
**OF LIQUIDATION DATED NOVEMBER 12, 2019**

AND NOW, this  18th  day of  March , 2020, upon consideration of the *Chapter 11 Plan of Liquidation Dated November 12, 2019* (the "**Plan**") filed by 5171 Campbells Land Co., Inc. (the "**Debtor**") (Doc. No. 308), the accompanying *Disclosure Statement* (the "**Disclosure Statement**")(Doc. No. 309), and the *Ballot Summary in Regard to Plan of Reorganization dated November 12, 2019* ( the "**Voting Summary**")(Doc. No. 400) and, after notice and hearing held before this Court on February 20, 2020 (the "**Confirmation Hearing**"), together with any opposition thereto, and the Debtor having filed a Certification of No Objection in response to the Order of Court dated February 20, 2020 (Doc. No. 407), scheduling a "cramdown" hearing in this matter for April 14, 2020, and it being apparent that no objections to the request for "cramdown" pursuant to 11 U.S.C. §1129(b) exist, the Court hereby finds that:

1. Notice of the Confirmation Hearing and the opportunity of any party in interest to object to confirmation were adequate and appropriate as to all parties in interest to be affected by the Plan and the transactions contemplated therein.

2. The Voting Summary validly and correctly sets forth the tabulation of votes, as required by the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

3. The Plan was voted on by at least one Class of impaired Claims that was entitled to vote pursuant to the Bankruptcy Code and the Bankruptcy Rules.

4. The Plan complies with all requirements for confirmation as set forth in Section 1129 of the Bankruptcy Code, in that:

a. The Plan complies with the applicable provisions of the Bankruptcy Code;

b. The Debtor and the Official Committee of Unsecured Creditors (collectively, the "**Plan Proponents**") have complied with the applicable provisions of the Bankruptcy Code;

c. The Plan Proponents have proposed the Plan in good faith and not by any means forbidden by law;

d. Any payments made or to be made for services, costs, and/or expenses incurred during the administration of the Debtor's bankruptcy have been approved, or are subject to approval, by the Court;

e. The Plan Proponents have disclosed the identity and affiliation of any individual proposed to serve as a director, officer or voting trustee of the debtor, and the same is consistent with the interest of creditors, equity security holders, and public policy;

f. The Plan complies with 11 U.S.C. § 1129 in that at least one class of claims impaired under the Plan has accepted the Plan;

g. The Plan complies with 11 U.S.C. §1129(b) in that the Plan does not discriminate unfairly, and is fair and equitable with respect to each class of claims or interests that is impaired and has not accepted the Plan.

h. All fees payable under Section 1930 of Title 28, United States Code, have been paid, and to the extent any of the aforementioned fees are unpaid, the Plan provides for the payment of all such fees.

**IT IS NOW THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

5. The foregoing findings of fact are incorporated by reference.

6. The Debtor's request for cramdown of the Plan pursuant to 11 U.S.C. §1129(b) is **GRANTED** by default, and the Plan is hereby **APPROVED** and **CONFIRMED** on a final basis

and in all respects pursuant to Section 1129 of the Bankruptcy Code. The provisions of the Plan are in full force and effect as of the date of this Order, except as expressly modified herein.

7. This Confirmation Order contains modifications to the Plan that were made to address objections from parties-in-interest. Modifications to the Plan since the solicitation thereof are consistent with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable rules, laws, and regulations. The disclosure of any Plan modifications prior to or on the record at the Confirmation Hearing constitutes due and sufficient notice of any and all Plan modifications. The Plan as modified shall constitute the Plan submitted for Confirmation.

8. Robert S. Bernstein, Esq. shall be, and hereby is, appointed as the Plan Administrator (the "**Plan Administrator**") pursuant to Article VIII of the Plan and shall have such powers and duties to implement the Plan, including authorization to issue, execute, deliver, file and record all documents or court papers or pleadings and to take any and all actions that are necessary or desirable to implement, effectuate, and consummate the Plan and the transactions contemplated by the Plan, and receive such compensation as provided for in the Plan.

9. Upon agreement between the Plan Proponents and First National Bank of Pennsylvania ("**FNB**"), treatment of class 1 shall be amended to require the Plan Administrator to engage a real estate broker within five (5) business days from the Effective Date to assist with the sale of the Real Property. If the Plan Administrator fails to file a motion for approval of the sale of the Real Property by November 30, 2020, FNB shall have relief from stay as to its interest in the Real Property. In the event the Plan Administrator receives an offer for an amount equal to or greater than $1.3 million dollars, the Plan Administrator shall bring a sale motion based on such

offer, unless it is prudent to delay such motion and the Plan Administrator obtains the approval of FNB to such delay.

10. Upon agreement between the Plan Proponents and United States of America, on behalf of the Internal Revenue Services, Article XIV of the Plan shall be amended by removing paragraph 14.2 of the Plan in its entirety.

11. Counsel for the Plan Proponents shall mail a copy of this Order Confirming the Plan as notice thereof to all creditors, equity security holders, all other parties in interest, the trustee, if any, counsel for all committees, if any, all professionals who may have administrative claims against the estate of the debtor, and the United States Trustee, and file a Certificate of Service within fourteen (14) days of the Court's issuance of a Post-Confirmation Order.

12. Upon satisfying all conditions precedent to the Effective Date of the Plan, the Plan Administrator will provide notice to all creditors and parties-in-interest that the Plan Proponents have satisfied the conditions precedent, thus triggering the Effective Date.

13. The Plan Administrator, by and through its authorized representatives and counsel, shall take all actions necessary or appropriate to implement and consummate the Plan.

14. All creditors and parties in interest are specifically enjoined from taking any action contrary to the provisions of the Plan and/or this Order.

15. The Committee shall be dissolved and the employment of its professionals shall be deemed terminated on the Effective Date.

16. Any objections to confirmation not withdrawn or otherwise addressed in this Order are expressly **OVERRULED.**

It is further **ORDERED, ADJUDGED** and **DECREED** that this Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

The hearing scheduled for April 14, 2020, is **CANCELLED.**

FILED
3/18/20 9:00 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

Hon. Carlota M. Böhm    dmr
Chief United States Bankruptcy Judge