**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>5171 CAMPBELLS LAND CO., INC.,<br><br>Debtor. | Bankruptcy Case No. 19-22715-CMB<br><br>Chapter 11 |
| ROBERT S. BERNSTEIN, ESQ., Plan Administrator,<br><br>Movant,<br><br>v.<br><br>No Respondents. | |

**MOTION FOR ENTRY OF AN ORDER (I) APPROVING SALE OF THE DEBTOR'S
REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES
AND (II) GRANTING RELATED RELIEF**

Robert S. Bernstein, Esquire, Plan Administrator in the above-captioned Chapter 11 case (the "Plan Administrator") by and through his undersigned counsel, Bernstein-Burkley, P.C., files this *Motion for Entry of an Order (I) Approving Sale of the Debtor's Real Property Free and Clear of Liens, Claims and Encumbrances and (II) Granting Related Relief* (the "Motion"), and respectfully represents as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the Western District of Pennsylvania (this "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This matter is a "core" proceeding in accord with 28 U.S.C. § 157(b)(2).

3. Sections 105 and 363 of title 11, United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended, "Bankruptcy Code") and Rules 6004, and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") serve as the statutory bases for the relief requested in this Motion.

**BACKGROUND**

4. On July 8, 2019, 5171 Campbells Land Co., Inc. (the "Debtor") filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Court") at case no. 19-22715-CMB (the "Case").

5. On November 12, 2019, the Debtor filed its *Chapter 11 Plan of Liquidation Dated November 12, 2019* (the "Plan") [Doc 308] and accompanying disclosure statement (the "Disclosure Statement") [Doc 309].

6. On March 18, 2020, the Court entered the *Default Order Confirming Debtor's Chapter 11 Plan of Liquidation Dated November 12, 2020* (the "Confirmation Order") [Doc 435] and the *Post-Confirmation Order and Notice* (the "Post-Confirmation Order") [Doc 436].

7. Pursuant to paragraph 8 of the Confirmation Order, Robert S. Bernstein, Esq. was appointed as the Plan Administrator.

8. The Debtor owns a parcel of vacant property located at 5171 Campbells Run Road, Pittsburgh, PA 15205 located in Robinson Township, Allegheny County, containing approximately 1.0583 acres of land at Block and Lot 0334-G-00015 (the "Property").

9. As set forth in the Confirmation Order and pursuant to the Plan, the Plan Administrator has authority to file a motion for approval of the sale of the Property.

10. The Plan Administrator is proposing to sell the Property (the "Sale"). The Property is encumbered by a security interest held by First National Bank of Pennsylvania ("the "Bank") and the Bank has consented to the Sale. The property is also subject to a disputed lien in favor of L-Four L.P. ("L-Four"). L-Four has consented to the Sale.

11. The Plan Administrator has previously engaged Hanna Langholz Wilson Ellis ("Broker") as a broker to assist Plan Administrator in the Sale of the Property and has obtained a stalking horse bid (the "Stalking Horse Bid") for the sale of the Property.

12. Contemporaneously with the filing of this Motion, the Plan Administrator is filing *Motion for an Order (i) Approving Bid Procedures for Sale of the Debtor's Real Property; (ii) Authorizing and Scheduling an Auction; (iii) Scheduling a Hearing for the Approval of the Sale of Real Property Free and Clear of Liens; (iv) Approving Certain Deadlines and the Form, Manner, and Sufficiently of Notices; and (v) Granting Related Relief* (the "Bid Procedures Motion"), which, if approved by this Court, will govern the sale process as set forth herein.

## RELIEF REQUESTED

13. By this Motion, the Plan Administrator seeks approval of the Sale of the Property at the highest price offered by potential buyers at an Auction (hereinafter defined).

14. Pursuant to the Sale terms, the Buyer is to pay upon the closing of the Property. The Sale of the Property is "as is, where is" without any representations or warranties from the Debtor or the Plan Administrator as to the quality or fitness of such real property for either its intended use or any other purpose.

15. The sale proceeds are to be held in escrow by the Plan Administrator to be held in trust until the Court Order confirming the Sale becomes a final order. Once the Order has become a final order and the Closing has occurred, the Bank will immediately be paid the total amount of its claim secured by the Property.

## BASIS FOR RELIEF

### A. The Sale of the Debtor's Real Property is warranted under Section 363(b) of the Bankruptcy Code

16. Section 363(b) of the Bankruptcy Code provides, in relevant part, that a trustee, after a notice and a hearing, may use, sell, or lease property of the estate other than in the ordinary course of business. A court can authorize a debtor to use property of the estate pursuant to §363(b) when such use is an exercise of the debtor's sound business judgment and when the use of the property is proposed in good-faith for value. *See In re Delaware & Hudson RR. Co.*, 124 B.R. 169, 176 (D. Del 1991) (explaining that the Third Circuit has adopted the "sound business purpose test to evaluate motions brought pursuant to §363(b)); *See also In re Abbots Dairies of Pennsylvania*, 788 F. 2d 143 (3d Cir. 1986).

17. In addition, §105(a) of the Bankruptcy Code further authorizes "[t]he court to issue any orders, process, or judgment that is necessary or appropriate to carry out the provisions of the [the Bankruptcy Code]."

18. In this case, the Plan Administrator submits that it has employed reasonable and sound business judgment to justify approval the Sale, as set forth herein.

19. In determining whether a sale satisfies the business judgment standard, courts in the Third Circuit require: (a) that there be sound business judgment reasons for the sale; (b) accurate and reasonable notice of the sale; (c) that the sale yield a fair and reasonable price; and (d) that the parties have acted in good-faith. *In re Titusville Country Club*, 128 B.R. 396, 399 (Bankr. W.D. Pa 1991). This Court may additionally grant the relief requested herein under § 105(a) of the Bankruptcy Code under equitable common law doctrines, providing, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

20. Sound business reasons exist to justify a sale of the Property. The proceeds to be generated by the Sale of the Property will provide satisfaction of the secured claim of the Bank. Additionally, any additional

proceeds from the Sale will contribute to the funds generated to pay ongoing administrative expense and creditors through the Plan.

### B. The Sale of the Assets Free and Clear of All Liens and Encumbrances is Appropriate Pursuant to Section 363(f) of the Bankruptcy

21. In accordance with § 363(f) of the Bankruptcy Code, a debtor may sell property under § 363(c) "free and clear of any interest in such property of an entity other than the estate" provided that at least one of the following conditions is satisfied:

1) Applicable nonbankruptcy law permits sale of such property fee and clear of such interests;

2) Such entity consents;

3) Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

4) Such interest is a bona fide dispute; or

5) Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interests.

*See In re General Bearing Corp.*, 136 B.R. 361, 366 (Bankr. S.D.N.Y. 1992); *In re Collins*, 180 B.R. 447, 449-50 (Bankr. E.D.Va. 1995) ("Section 363(f) is phrased in the disjunctive, such that only one of the enumerated conditions must be met in order for the Court to approve the proposed sale."); *In re P.K.R. Convalescent Centers, Inc.,* 189 B.R. 90, 93-94 (Bankr. E.D. Va. 1995) ("[Section] 363 covers more situations than just sales involving liens…Section 363(f) addresses sales free and clear of any interest…"). Furthermore, pursuant to § 105, the Court may authorize the sale of a debtor's assets free and clear of any claims. *Volvo White Truck Corp. v. Chambersburg Beverage, Inc. (In re White Motor Credit Corp.)*, 75 B.R. 944, 948 (Bankr. N.D. Ohio 1987).

22. The Plan Administrator submits that the Debtor owns the Property, subject only to the lien of Bank and disputed lien of L-Four and L-Four and Bank have consented to the Sale.

23. As such, one or more subsections of § 363(f) applies to the holders of claims against or interests in the Inventory and the transaction should be approved free and clear of claims and interests under § 363(f) of the Bankruptcy Code.

24. Based upon the foregoing, the Plan Administrator requests that the Court authorize him to sell the Property free and clear of liens, claims, charges or encumbrances, with any enforceable liens, claims or encumbrances to attach to the proceeds of the Sale of the Property, subject to the Plan Administrator's rights and defenses with respect thereto, if any.

### C. The Bidding Procedures Ensure a Good Faith Process and the Ultimate Purchaser of the Property is Entitled to the Protections of Section 363(m) of the Bankruptcy Code

25. Section 363(m) of the Bankruptcy Code provides for the protection to a good faith purchaser of the Property pursuant to section 363(m):

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

26. While the Bankruptcy Code does not define "good faith," the Third Circuit has held that:

> [t]he requirement that a Buyer act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings. Typically, the misconduct that would destroy a Buyer's good faith status at a judicial sale involves fraud, collusion between the Buyer and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.

*In re Abbotts Dairies of Pa. Inc.,* 788 F.2d 143, 147 (3d Cir. 1986).

27. Consistent with the bidding procedures and as set forth in the Bid Procedures Motion (the "Bidding Procedures"), the Plan Administrator seeks a finding with respect to the "good faith" of any proposed buyer in furtherance of Section 363(m) of the Bankruptcy Code, which provides an enforceable safe harbor provision for purchasers of property when the purchase is found to be in "good faith."

28. The Bidding Procedures provide for an open and fair auction of the Real Property which will further ensure the arms' length and good faith nature of this Sale by encouraging competitive bidding by qualified bidders. As such, the Plan Administrator requests that the ultimate purchaser of the Real Property be entitled to the protection of section 363(m) of the Bankruptcy Code.

29. The Plan Administrator believes that the proposed sale process is fair and reasonable, and acceptance and approval of the same is in the best interests of the Debtor's estate and its creditors.

30. Accordingly, the Plan Administrator requests that the Court find that the successful bidder has purchased the Real Property in good faith within the meaning of section 363(m) of the Bankruptcy Code, and are entitled to the protections of sections 363(m) of the Bankruptcy Code.

WHEREFORE, the Plan Administrator respectfully requests that this Court enter an Order authorizing and approving the Motion Entry of an Order (I) Approving Sale of the Debtor's Real Property Free and Clear of Liens, Claims and Encumbrances and (II) Granting Related Relief.

Respectfully submitted,

BERNSTEIN-BURKLEY, P.C.

Dated: January 12, 2021

By:*/s/ Sarah E. Wenrich*
Sarah E. Wenrich, Esq.
PA I.D. No. 325834
707 Grant Street, Suite 2200
Pittsburgh, PA 15219
Telephone: (412) 456-8100
Facsimile: (412) 456-8135
swenrich@bernsteinlaw.com

*Counsel to the Plan Administrator, Robert S. Bernstein, Esq.*