**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>5171 CAMPBELLS LAND CO., INC.,<br><br>　　　　　　　　　Debtor.<br><br>ROBERT S. BERNSTEIN, ESQ., Plan Administrator,<br><br>　　　　　　　　　Movant,<br><br>　　v.<br><br>No Respondents. | Bankruptcy Case No. 19-22715-CMB<br><br>Chapter 11 |

**ORDER OF COURT**

AND NOW, to wit, this _____ day of _____, 2020, after notice and opportunity for hearing, the Court having considered the *Motion for Entry of an Order (I) Approving Sale of the Debtor's Real Property Free and Clear of Liens, Claims and Encumbrances and (II) Granting Related Relief* (the "Sale Motion"), filed by Robert S. Bernstein, Esq. (the "Plan Administrator"), and any responses thereto and hearings thereon; and the Court having found and determined that the relief requested in the Sale Motion is in the best interests of the Debtor, its estate, its creditors, and all other parties in interest; and the Court having determined that the legal and factual basis set forth in the Sale Motion establishes just cause for the relief granted herein; and after due deliberation thereon, it is hereby it is hereby **FOUND AND DETERMINED THAT**:

1. This Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) over which the Court has jurisdiction to enter a final order. Venue is proper in this district and this Court under 28 U.S.C. §§ 1408 and 1409.

2. The Debtor is the sole and lawful owner of the Debtor's real property located at located at 5171 Campbells Run Road, Pittsburgh, PA 15205 located in Robinson Township, Allegheny County, containing approximately 1.0583 acres of land at Block and Lot 0334-G-00015 (the "Property") and that the sale price is sufficient to satisfy the Bank's lien on the Property.

3. The Plan Administrator has demonstrated good, sufficient, and sound business reasons and compelling circumstances for the sale of the Real Property under section 363 of the Bankruptcy Code through an auction.

4. Sufficient notice of said Sale Motion, Auction, and Sale Hearing was given to the creditors and parties in interest by the Plan Administrator as shown by the certificate of service duly filed.

5. That best and highest qualified bid received at the Auction for the purchase of the Real Property was in the amount of _____ ("Successful Bid") from _____ (the "Successful Bidder" or the "Purchaser").

6. The Successful Bid is embodied in the sale agreement (the "Purchase Sale Agreement"). The Purchase Sale Agreement is attached hereto as **Exhibit A**.

7. That the Purchaser has acted in good faith with respect of the sale in accordance of *In re Abbotts Dairies of Pa. Inc.,* 788 F.2d 143 (3d Cir. 1986).

8. That the Purchaser would not have agreed to the purchase of the Real Property if the sale of the Real Property to the Purchaser was not free and clear of liens as set forth in the Sale Motion.

9. Entry of this Order is in the best interest of the Debtor's estate, its creditors, and all other interest parties.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

a. The Sale Motion is GRANTED in its entirety.

b. All objections and responses to the Sale Motion that have not been overruled, withdrawn, waived, settled or resolved, and all reservations of rights included therein, are hereby overruled and denied.

c. Pursuant to sections 105 and 363 of the Bankruptcy Code, the sale of the Property to the Purchaser is APPROVED, the Plan Administrator is hereby authorized to sell, transfer, and convey the Real Property to the Purchaser on the following terms (together with executing and delivering all additional instruments and documents that may be reasonably necessary or desirable to implement the Sale or as may be necessary to effectuate the terms of this Order) free and clear of all liens, claims, encumbrances, and any other interests.

d. The provisions of this Order authorizing the sale of the Debtor's assets free and clear of liens shall be self-executing, and neither the Plan Administrator nor the Purchaser shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the foregoing provisions of this Order, provided, however, that this paragraph shall not excuse such parties from performing any and all of their respective obligations under this Order or Purchase Sale Agreement.

e. The Property is to be sold to the Purchaser "as is-where is, with all faults" without any representations or warranties from the Debtor as to the quality or fitness of such real property for either its intended use or any other purpose.

f. The transfer of the Real Property to the Purchasers constitutes a legal, valid, and effective transfer of the Real Property, and shall vest the Purchasers with all right, title, and interest of the Debtor in and to the Real Property.

  g. The transactions are undertaken by Purchaser without collusion and in good-faith, in accordance with Bankruptcy Code sections 363(m) and 363(n).

  h. The Purchaser shall not assume, nor deemed to assume or in any way be responsible for any liability or obligation of the Debtor or its bankruptcy estate.

  i. With five (5) days following the consummation of the sale, the Plan Administrator shall file a report of the sale.

  j. Formal closing on the sale shall occur within ten (10) days after entry of the Sale Order confirming the sale to the Successful Bidder. As to the proposed distribution of any funds authorized herein, (i) the Plan Administrator shall disburse all normal closing costs and expenses to the appropriate parties, (ii) the Plan Administrator shall pay the allowed claim of the Bank upon closing of the sale of the Real Property, and (iii) all remaining funds shall be used by the Plan Administrator in accordance with the Plan.

  k. Nothing in this Order shall modify or waive any closing conditions or termination rights in the Purchase Sale Agreement, and all such conditions and rights shall remain in full force and effect in accordance with their terms.

  l. All liens on the Property will attach to the sale proceeds in the same order and priority as such liens were attached to the Property prior to the Sale.

  m. First National Bank of Pennsylvania's claim secured by the Property shall be paid within two (2) business days upon the occurrence of both (i) Order becoming final and (ii) the closing on the sale of the Property having occurred.

  n. Nothing in this Order shall modify or waive any closing conditions or termination rights in the Purchase Sale Agreement, and all such conditions and rights shall remain in full force and effect in accordance with their terms.

    o. The automatic stay provisions of section 362 of the Bankruptcy Code are vacated and modified to the extent necessary to implement the provisions of this Order and the terms and conditions of the Purchase Sale Agreement.

    p. The automatic stay provisions of section 362 of the Bankruptcy Code are vacated and modified to the extent necessary to implement the provisions of this Order and the terms and conditions of the Purchase Sale Agreement.

    q. The Court shall retain jurisdiction to hear any disputes arising under the Purchase Sale Agreements or interpretation of this Order.

**IT IS SO ORDERED**.

Dated: _____        BY THE COURT:

                          _____

                          Chief Judge Carlota M. Böhm
                          United States Bankruptcy Court