## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>5171 CAMPBELLS LAND CO., INC.,<br><br>         Debtor. | Bankr. Case No. 19-22715-CMB<br><br>Chapter 11 |
| ROBERT S. BERNSTEIN, ESQ., Plan<br>Administrator,<br><br>         Plaintiff,<br><br>   v.<br><br>MAHONING COUNTY TREASURER,<br><br>         Defendant<br>   v.<br><br>STORE MASTER FUNDING XIII, LLC<br>(a Delaware Limited Liability Company)<br><br>         Defendants | Adv. Pro. No. 20-ap-02179 |

## ANSWER AND THIRD PARTY COMPLAINT OF DEFENDANT, MAHONING COUNTY TREASURER

Now comes the Defendant, Mahoning County Treasurer (hereinafter sometimes "Mahoning") by and through legal counsel, and for its Answer to Plaintiff's Complaint states as follows:

1.   Defendant admits the general allegations in paragraph one [*and infra.]* which set forth the alleged legal basis and general theory for the Plaintiff's case, but to the contrary, deny the specific applicability of the same to the Defendant, Mahoning, *see infra.* Strict proof of the same is demanded at the trial of this matter.

2.   Denied. Strict proof of the same is demanded.

3.   Denied. Strict proof of the same is demanded.

4.   Denied. Strict proof of the same is demanded.

5.  Admitted.

6.  Admitted.

7.  Admitted.

8.  Admitted.

9.  Admitted.

10. Admitted.

11. Admitted.

12. Denied. To the contrary, the Mahoning County Treasurer is an office of the entity known as Mahoning County, Ohio and acts as said county's treasurer, collecting and distributing as required by statute, *inter alia*, real estate taxes.

13. Denied.

14. Admitted.

15. Denied. Further answering, real estate taxes are in rem and the owner of the subject real property is Store Master Funding XIII, LLC (a Delaware Limited Liability Company), the real party in interest.

16. Denied. Further answering, the real estate taxes were paid for 804 Boardman Poland Road and 5550 Patriot Boulevard, both located in Mahoning County, Ohio. (hereinbefore or hereinafter referred to sometimes as "real property").

17. Admitted.

18. Defendant Mahoning incorporates all its previous answers to paragraphs one through seventeen, as if fully set forth herein.

19. Admitted only to the accuracy of the statue as referenced. Further answering, it is denied that said statute gives the Plaintiff/Administrator the right to commence or continue a frivolous adversary proceeding against Defendant, Mahoning County Treasurer.

20. Denied. Further answering, the real property is owned by Store Master Funding XIII, LLC, the real party in interest. The real estate taxes are in rem and the only beneficiary of their payment is the real estate owner.

21. Denied.  Further answering, the Plaintiff/Administrator was provided with strict proof concerning the owner of the subject real property, Store Master Funding XIII and real party in interest, yet failed to name them in this lawsuit.

22. Denied. Further answering, the real estate owner is the beneficiary of the payment of the real estate taxes.

23. Denied. Further answering, real estate taxes are in rem and the Defendant Mahoning County Treasurer is not a creditor of the debtor.

24. Denied. Further answering, it is denied that Debtor directly owed Defendant Mahoning the amount paid or that they had an ongoing business relationship; rather, Debtor paid Defendant Mahoning for the benefit of the real property owner Store Master Funding XIII, LLC all as a result of the debtor's contractual obligation under a triple net lease to the same. Defendant Mahoning, upon receipt and prior to the filing of the Debtor's petition, distributed the property taxes paid to the requisite local municipalities as required by statute.

25. Defendant Mahoning is without knowledge sufficient to form a belief as to the truth of the averments made in paragraph twenty-five and thus denies the same.

26. Defendants Mahoning admits that Exhibit A depicts a schedule showing the two payments it received during the alleged preferential period as cited by Plaintiff in paragraph 19, but to the contrary, Defendant Mahoning denies that the same entitles Plaintiff to the relief it seeks in this instant action for it is not a creditor of the Debtor under the spirit and intent of section 547, nor is Defendant Mahoning the owner of the property nor the real party in interest. Further answering, Defendants Mahoning incorporates herein by reference its answers to paragraphs one through 25 as if fully set forth herein below.

27. Plaintiff's averments in paragraph 27 constitute a conclusion of law to which no response is needed. To the extent an answer is deemed necessary, Defendant Mahoning specifically denies the same, and sets forth that its position as Mahoning County's Treasurer collecting real estate taxes under the instant facts of this case does not have it receiving more than it would have under a normal distribution of the assets of the Debtor's bankrupt estate. Strict proof of the same is demanded at the trial of this matter.

28. Plaintiff's averments in paragraph 28 constitute a conclusion of law to which no response is needed. To the extent an answer is deemed necessary, Defendant Mahoning specifically denies the same, and sets forth that its position as Mahoning County's Treasurer collecting real estate taxes under the instant facts of this case does not have it receiving more than it would have under a normal distribution of the assets of the Debtor's bankrupt estate. Strict proof of the same is demanded at the trial of this matter.

29. Plaintiff's averments in paragraph 29 constitute a conclusion of law to which no response is needed. To the extent an answer is deemed necessary, Defendant Mahoning specifically denies the same, and sets forth that its position as Mahoning County's Treasurer collecting real estate taxes under the instant facts of this case does not have it receiving more than it would have under a normal distribution of the assets of the Debtor's bankrupt estate. Strict proof of the same is demanded at the trial of this matter.

30. Defendant Mahoning denies each and every allegation not specifically admitted in Plaintiff's Complaint.

## FIRST DEFENSE

1. Plaintiff's Complaint fails to state a claim or cause of action against Defendant Mahoning upon which relief can be granted.

## SECOND DEFENSE

2. Defendant Mahoning asserts the affirmative defenses of waiver and estoppel.

## THIRD DEFENSE

3.  Defendant Mahoning asserts the affirmative defense of laches.

## FOURTH DEFENSE

4.  Plaintiff has failed to join all necessary parties.

## FIFTH DEFENSE

5.  Defendant Mahoning asserts the affirmative defense of payment of a county real

estate tax obligation.

## SIXTH DEFENSE

6.  Defendant Mahoning asserts that as Mahoning County's Treasurer, it distributed the

real property taxes it received to the requisite political subdivisions owed the funds as required

by statute and prior to receiving notice from the Plaintiff.

## SEVENTH DEFENSE

7.  Defendant Mahoning asserts that its statutory obligation(s) arising after the instant

transactions (See Plaintiff's Exhibit A) and as described in Plaintiff's Complaint between the

Debtor and Defendants render the relief sought by Plaintiff in its Complaint to be impossible

and/or impracticable.

## EIGHTH DEFENSE

8.  The Debtor was under a contractual obligation to pay said real estate taxes under a

valid triple net lease at the time of payment, a necessity for it continuing business

operations at the respective real estate locations.

## NINTH DEFENSE

9.  Defendant Mahoning, upon payment of said real estate taxes, cannot reverse said

transactions, and thus repayment of the same to the Plaintiff, without reimbursement

from the owner of the real estate, would constitute an unjust enrichment to the real

owner of the real property, Store Master Funding XIII LLC (a Delaware Limited Liability

Company).

## TENTH DEFENSE

10. Defendant Mahoning, as Mahoning County's Treasurer, accepted said real estate tax payments from the Debtor, in the ordinary course of business.

## ELEVENTH DEFENSE

11. Defendant Mahoning, collecting real estate taxes that were paid and distributed to other third parties upon receipt by statue as alleged and/or set forth herein, is immune from claims of preferential transfer pursuant to sections 547 and 550 of the Bankruptcy Code.

## TWELVE DEFENSE

12. Defendant Mahoning is not the creditor in this instant matter.

## THIRTEENTH DEFENSE

13. Defendant Mahoning is not the real party in interest in this matter.

## FOURTEENTH DEFENSE

14. Store Master Funding XIII, LLC (a Delaware Limited Liability Company) is the owner of the subject real property parcels, true creditor, and real party in interest in this matter.

## FIFTEETH DEFENSE

15. Real estate taxes in the State of Ohio are in rem.

## SIXTEETH DEFENSE

16. The Plaintiff/Administrator's conduct is frivolous for Defendant Mahoning County Treasurer is not the owner of the subject real property, nor a creditor of the debtor.

## SEVENTEETH DEFENSE

17. Defendant Mahoning reserve the right to raise additional defenses as discovery in this matter proceeds.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendant Mahoning respectfully demands that the same be dismissed with judgment in its favor, or, in the alternative,

that it be permitted to go forth on their Third-Party Complaint against the owner of the real

property, true creditor, and real party in interest, Store Master Funding XIII, LLC (a Delaware

Limited Liability Company) as hereinafter set forth.

Respectfully submitted,

/s/ Christopher P. Lacich, Esquire

---

Christopher P. Lacich, Esq.
Pa. ID. No. 65267
Roth, Blair
100 Federal Plaza East, Suite #600
Youngstown, OH 4450-1893

## THIRD-PARTY COMPLAINT

Defendants and Third-Party Plaintiff, Mahoning County Treasurer (herein sometimes

"Mahoning") as and for their Third-Party Complaint against the Third-Party Defendant, Store

Master Funding XIII, LLC (a Delaware Limited Liability Company) (herein sometimes "Store

Master") state as follows:

### COUNT ONE

1. Third-Party Plaintiff Mahoning County Treasurer is Mahoning Country's treasurer,

located in Mahoning County, Ohio, with a principal place of business located at 120 Market Street,

Youngstown, Ohio 44503.

2. Third-Party Plaintiff Mahoning is entrusted with collecting taxes assessed on real

property in Mahoning County, Ohio per statute.

3. Upon information and belief, Third-Party Defendant Store Master Funding XIII, LLC (a

Delaware Limited Liability Company) located at 8377 E. Hartford Dr., Suite 100, Scottsdale,

Arizona 85255 is the titled and record owner of the real estate and improvements located at 804

Boardman Poland Road and 5550 Patriot Boulevard, both located in Mahoning County, Ohio

(hereinafter sometimes "real property").

7

4.  Upon information and belief, the Debtor in this action, Defendant 5171 Campbell's Land Co., entered into a triple net lease and/or triple net leases with Store Master Funding XIII, LCC as it would concern the subject real estate for the purposes of operating restaurants under the tradename "Perkins" or "Perkins Restaurants".

5.  Upon information and belief, under the terms of the aforesaid triple net lease, the Debtor was required to pay the real estate taxes to Mahoning as a contractual obligation required to be able to continue to do business at the respective locations of the real property.

6.  Upon information and belief, under the terms of the aforesaid triple net lease, the Debtor was required to pay the real estate taxes to Mahoning as a necessity required to be able to continue to do business at the respective locations of the real property.

7.  On or about May 8, 2019, Debtor paid the real estate taxes for the real estate parcels in question in two payments in the amount of $33,938.36. See Plaintiff's Exhibit "A."

8.  Mahoning accepted since payments, applied the same and marked the same as paid to its internal and external accounts and records, and then as required by statute, distributed said real estate taxes promptly to the respective political subdivisions owed said funds.

9.  Third-Party Plaintiff Mahoning, as Mahoning County's treasurer is entrusted by statute to collect said real estate taxes for said political subdivisions and thus cannot reverse transactions related to the same once the funds tendered have cleared and been distributed to the relevant political subdivisions.

10. Third-Party Plaintiff Mahoning sets forth that the irreversible nature of said real estate taxes payments is designed to shield it statutorily from claims such as the instant one brought by Plaintiff against it.

11. Third-Party Defendant Store Master is the owner of the subject real property.

12. Upon information and belief, Third Party Defendant Store Master contractually transferred its obligation to pay said real estate taxes directly to Third Party Plaintiff Mahoning via a triple net lease entered by it and Debtor.

13. Third-Party Plaintiff Mahoning, at the time said real estate taxes were paid to it, was accepting said funds in the ordinary course of business.

14. Third-Party Plaintiff Mahoning has no obligation to investigate or otherwise do due diligence prior to accepting payments for real estate taxes from any said person or entity in connection with any particular real property parcel in Mahoning County, Ohio.

15. Under these instant facts and circumstances, the Third-Party Defendant Store Master is the true creditor and real party in interest.

16. In the event that Plaintiff is granted a judgment in favor of Plaintiff and against Third-Party Plaintiff Mahoning in any amount up to $33,938.36, then Third-Party Defendant Store Master will be unjustly enriched, its real estate tax obligation as owner having been paid by Mahoning.

17. As a direct and proximate result of Third-Party Defendant Store Master's failure to directly pay the real estate taxes it owed as owner of the subject real estate, Third-Party Plaintiff Mahoning is entitled to full contribution and/or to be fully indemnified by Third-Party Store Master for any and all damages that Mahoning may be obligated to pay to Plaintiff.

18. Additionally, as a direct and proximate result of the foregoing, Third-Party Plaintiff Mahoning has been, *arguendo*, damaged, with said damages currently unliquidated and to be proven and/or established at the trial of this matter, and Third-Party Defendant Store Master is liable to them as a result thereof.

**WHEREFORE**, Defendant and Third-Party Plaintiff, Mahoning County Treasurer demand judgment against Third-Party Defendant, Store Master Funding XIII, LLC (a Delaware Limited Liability Company) for all sums that may be adjudged against Defendant and Third-Party Plaintiff, Mahoning, in favor of Plaintiff, and any other relief available to it, whether in law or equity, and consistent with their position herein this action.

Respectfully submitted,

/s/ Christopher P. Lacich, Esquire

_____

Christopher P. Lacich, Esq.
Pa. ID. No. 65267
Roth, Blair
100 Federal Plaza East, Suite #600
Youngstown, OH 4450-1893
Telephone:      (330) 744-5211
Facsimile:      (330) 744-3184
e-mail:         sstrasfeld@roth-blair.com

Attorney for Defendant,
Mahoning County Treasurer

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2021, a copy of the foregoing Answer and Third-Party Complaint was filed with the Clerk of Court through ECF.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Third-Party Defendant, Store Master Funding XIII, LLC will be served as required to perfect service by law, namely to-wit: by certified mail, return receipt requested and pre-paid, U.S. Mail at the following addresses: via its registered agent in the State of Ohio, CT CORPORATION SYSTEM, 4400 Eaton CMNS Way, Suite 125, Columbus, Ohio 43219, and Store Master Funding XIII, LLC, 8377 Hartford Drive, Scottsdale, Arizona 85255. Parties may access this filing through the Court's system.

/s/ Christopher P. Lacich, Esquire

_____

Christopher P. Lacich, Esq.
Attorney for Defendant,
Mahoning County Treasurer